UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SEATTLE,<br><br>　　　　　　Defendant. | 12-CV-1282<br><br>JOINT MOTION AND [PROPOSED] ORDER FOR APPROVAL OF SETTLEMENT AGREEMENT AND STIPULATED ORDER OF RESOLUTION AND ENTRY OF JUDGMENT<br><br>Noted on Motion Calendar:  July 27, 2012 |

The City of Seattle ("the City") and the United States of America (collectively "the Parties"), hereby jointly and respectfully move this Court for approval of the Settlement Agreement and Stipulated Order of Resolution (the "Settlement Agreement") attached hereto as Exhibit A and for entry of Judgment in the form proposed below.  Through the Settlement Agreement, the Parties seek to resolve litigation filed by the United States pursuant to the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141 ("Section 14141"). The United States' Complaint alleges that the Seattle Police Department ("SPD") engages in a pattern or practice of subjecting individuals to excessive force in violation of the Fourth Amendment.  Although the City denies the existence of any pattern or practice of unconstitutional conduct by SPD and its officers, it enters into the Settlement Agreement with the goal of addressing the policies, procedures, training, and oversight that the United States

JOINT MOTION AND [PROPOSED] ORDER - 1
12-CV-1282

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA  98101-1271
(206) 553-7970

alleges contributed to a pattern or practice of constitutional violations. The Parties intend to ensure that police services are delivered to the Seattle community in a manner that complies with the Constitution and laws of the United States.

## I.   DISCUSSION

Entry of the Settlement Agreement is appropriate because the Agreement is fundamentally fair, adequate, and reasonable, resulted from arms-length negotiations by sophisticated parties, is consistent with the purpose of Section 14141, and is the most effective way to address the allegations of unconstitutional policing made by the United States. Moreover, public policy favors settlement, particularly in complex litigation such as the pattern or practice claim brought by the United States here. *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983) ("[I]t must not be overlooked that voluntary conciliation and settlement are the preferred means of dispute resolution."); *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999) ("In considering whether to enter a proposed consent decree, a district court should be guided by the general principle that settlements are encouraged."); *Arthur, et al. v. Sallie Mae, Inc., et al.*, No. CV10-198-JLR, 2012 U.S. Dist. LEXIS 3313, at *17-18 (W.D. Wash. Jan. 10, 2012) ("As a matter of express public policy, federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters.").

**A.   The Settlement Agreement Is Fundamentally Fair, Adequate, and Reasonable.**

To assess whether to approve a proposed settlement, courts consider whether the settlement is "fundamentally fair, adequate, and reasonable." *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990); *see also Cemex Inc. v. L.A. County*, 166 Fed. Appx. 306, 307 (9th Cir. 2006) ("Review of a consent decree is limited to ensuring that the agreement is not the

JOINT MOTION AND [PROPOSED] ORDER - 2
12-CV-1282

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA  98101-1271
(206) 553-7970

product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."). This analysis does not require "the achievement of the optimal outcome for all parties," but rather "[t]he court need only be satisfied that the decree represents a reasonable factual and legal determination." *Oregon,* at 580-81. Indeed, the court's approval "is nothing more than an amalgam of delicate balancing, gross approximations and rough justice." *Officers for Justice v. Civil Service Com.*, 688 F.2d at 625. In addition to considering the overall scope of the agreement, courts make this "gross approximation" by considering whether the agreement is consistent with the law, whether it was forged by arms-length bargaining, and whether there is an evidentiary basis supporting its provisions. *North Carolina*, 180 F.3d at 581.

Consistent with these requirements, the Settlement Agreement agreed upon by the Parties is fundamentally fair, adequate, and reasonable; is fully consistent with the public objectives of Section 14141; was negotiated at arms-length; supported by an evidentiary record; and offers the best path forward for SPD.

      1.     <u>The Settlement Agreement Furthers the Objectives of Section 14141</u>.

Congress enacted Section 14141 to forbid law enforcement officers from engaging in a pattern or practice "that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 42 U.S.C. § 14141. It contains no limitation on the nature of the constitutional or federal rights that it protects. Where a pattern or practice of constitutional or statutory violations exists, Congress granted the Justice Department the authority to sue police departments to correct the underlying policies that led to the misconduct. H.R. Rep. No. 102-242, pt. 1, at 137.

JOINT MOTION AND [PROPOSED] ORDER - 3
12-CV-1282

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

Here, the Settlement Agreement's substantive provisions relate directly to the policies, procedures, training, and oversight that the United States alleges contribute to a pattern or practice of SPD officers using excessive force in violation of the Fourth Amendment and Section 14141.  In the United States' Complaint, the United States alleges that this pattern or practice is evidenced by the number and nature of recent incidents in which SPD officers have used excessive force.  In the Settlement Agreement, the Parties negotiated and agreed upon revisions to SPD's policies, procedures, and practices to address the allegations in the United States' Complaint.  The nexus between these reforms and the alleged pattern or practice of constitutional violations in the United States' Complaint provides strong evidence that the Settlement Agreement furthers the purpose of Section 14141.

    2.    <u>The Settlement Agreement Derives From Arms Length Negotiations and Is Supported by the United States' Investigation of SPD's Enforcement Activities</u>.

The process of formulating the Settlement Agreement underscores its reasonableness.  The Settlement Agreement's substantive provisions derive from lengthy negotiations between sophisticated parties and are tailored to the findings of the United States' investigation of SPD's activities.

    a.    *Arms Length Negotiations*

The Parties agreed to the Settlement Agreement following extensive negotiations over policies and procedures that are capable of preventing SPD officers from engaging in a pattern or practice of constitutional violations as alleged by the United States.  These negotiations underscore the Settlement Agreement's reasonableness.  Indeed, negotiations over the Settlement Agreement began shortly after the United States announced, on December 16, 2011, that its nine-month investigation into SPD's policing activities had found reasonable cause, under § 14141, to

JOINT MOTION AND [PROPOSED] ORDER - 4
12-CV-1282

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA  98101-1271
(206) 553-7970

believe that SPD engages in a pattern or practice of excessive force.  The United States also identified concerns that certain practices could have a disparate impact on minority communities.

The Settlement Agreement reflects the Parties' efforts to ensure that these alleged violations do not recur.  The Parties are intimately familiar with SPD's practices and invested significant time negotiating the Settlement Agreement.  During this process, both the United States and the City consulted with subject matter experts to ensure that each remedial measure in the Settlement Agreement is tailored to address the concern and may be reasonably implemented.  This adversarial posture, combined with the respective duties of these government agencies towards those they represent, provides further assurance that the Settlement Agreement is fair, adequate, and reasonable, and may be relied upon by the Court in so finding.

          b.     *The Settlement Agreement is Tailored to the Findings of the United States' Extensive Investigation.*

Moreover, the Settlement Agreement is supported by the findings of the United States' nine-month investigation that began in March 2011.  The investigative team consisted of lawyers and other staff from the Civil Rights Division and the United States' Attorneys Office for the Western District of Washington (collectively, "DOJ"), working closely with police professionals with expertise in the areas on which the investigation focused.  The City and SPD fully cooperated with the investigation.

During its nine-month inquiry, DOJ and its police experts gathered information through interviews and meetings with SPD officers, supervisors and command staff, as well as members of the public, City and State officials, and other community stakeholders.  The investigation included on and off-site review of a wide array of documents, and multiple on-site tours in which DOJ personnel and experts accompanied SPD officers during their shifts.  In sum, DOJ reviewed hundreds of thousands of pages of documents, including SPD policies and procedures, training

JOINT MOTION AND [PROPOSED] ORDER - 5
12-CV-1282

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA  98101-1271
(206) 553-7970

materials, internal use of force reports, public reports, the Office of Professional Accountability's ("OPA") complaints, and investigative files and data generated from SPD and OPA databases. The investigation also included hundreds of interviews and meetings with SPD officers, supervisors and command staff, as well as Seattle City officials, local community advocates and attorneys, and members of the Seattle community at large. Indeed, DOJ hosted six full days of interviews with community members.

The evidence underlying the United States' investigative findings is summarized in the December 16, 2011, report of that investigation. While litigation of the City's liability would create an even more extensive factual record, an adequate factual record supporting the legitimacy of this Settlement Agreement already has been established. The Settlement Agreement is based upon the results of the United States' investigation, and reflects the input of hundreds of individuals, including SPD officers and members of the community.

This extensive record demonstrates that the Settlement Agreement is tailored to the alleged deficiencies identified by the United States. Accordingly, it is consistent with and furthers the objectives of Section 14141 because it embodies the agreement of the City and its police department to ensure that no pattern or practice of unconstitutional police conduct exists. The Settlement Agreement requires the City and SPD to implement numerous reforms throughout SPD, including in each of the areas the United States' investigation found problematic: use of force, including use of impact weapons, escalation of minor encounters, and force used against individuals with mental illness and persons of color; training on each of these aspects of use of force; discriminatory policing; front line and supervisory review; and complaint intake, investigation, and adjudication. The Settlement Agreement also includes ongoing mechanisms to solicit input from SPD officers and members of the Seattle community.

JOINT MOTION AND [PROPOSED] ORDER - 6
12-CV-1282

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

### 3. Implementing the Settlement Agreement Is Necessary To Remedy Allegations of Unconstitutional Patterns of Conduct.

Finally, approval and entry of the Settlement Agreement is appropriate here because voluntary compliance is more likely to conserve public resources and accomplish the statutory goals of Section 14141 than orders imposed at the end of protracted litigation. *See* Fed. R. Civ. P. 16(b) advisory committee's note ("Since it obviously eases crowded court dockets and results in savings to the litigants and the judicial system, settlement should be facilitated at as early a stage of the litigation as possible."); *Kirkland v. New York State Dep't of Cor. Serv.*, 711 F.2d 1117, 1128 n.14 (2d Cir. 1983) (Explaining that in the Title VII context, settlements "may produce more favorable results for protected groups than would more sweeping judicial orders that could engender opposition and resistance."); *United States v. City of Jackson, Miss.*, 519 F.2d 1147, 1152 n.9 (5th Cir. 1975) ("Because of the consensual nature of the decree, voluntary compliance is rendered more likely . . . . At the same time, the parties . . . minimize costly litigation and adverse publicity and avoid the collateral effects of adjudicated guilt."). Indeed, "the value of voluntary compliance is doubly important when it is a public employer that acts, both because of the example its voluntary assumption of responsibility sets and because the remediation of governmental discrimination is of unique importance." *Wygant v. Jackson Bd. of Educ.*, 476 U.S. 267, 290 (1986) (O'Connor, J., concurring).

Here, the Settlement Agreement provides an opportunity to continue the Parties' considerable efforts to ensure constitutional policing in Seattle. To date, the United States has conducted a comprehensive investigation and concluded that there were deficiencies in SPD's policies and procedures; the City has instituted its own reform efforts through the development of its "20/20 Plan;" and the Parties jointly negotiated a lengthy Settlement Agreement to address the alleged causes of unconstitutional practices and to resolve this litigation.

JOINT MOTION AND [PROPOSED] ORDER - 7
12-CV-1282

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA  98101-1271
(206) 553-7970

Indeed, many SPD and City officials have expressed their desire to continue the ongoing efforts to improve the Seattle Police Department through the Settlement Agreement. The Parties agree that the measures agreed upon in the Settlement Agreement will enhance SPD officers' ability to provide effective and constitutional policing, will promote transparency and accountability between SPD and the community, and will increase public confidence in SPD. Accordingly, the Settlement Agreement will assist both the City as a whole and SPD. As a result, the Settlement Agreement will improve relationships with various constituencies and facilitate effective community policing. Settling this dispute without protracted litigation thus allows the City, the United States, and SPD officers to achieve one of their shared primary goals: ensuring effective and constitutional policing for the City of Seattle. This undertaking will enjoy far broader support as part of the negotiated Settlement Agreement than as a one ordered by the court after litigation.

## II. CONCLUSION

The Settlement Agreement is fundamentally fair, adequate, and reasonable and should be entered by this Court. Over several months, the Parties negotiated the Settlement Agreement to provide a framework for assisting SPD in ensuring that the Department's enforcement activities will protect the constitutional rights of the all members of the Seattle community, improve safety and security, and increase public confidence in the police. Moreover, the Settlement Agreement represents a compromise forged through lengthy negotiations between experienced and sophisticated litigants, aided on both sides by subject matter experts, and with an eye towards their shared goals of effective and constitutional policing. The Settlement Agreement furthers the shared goals of the parties, as well as the intent of Congress in enacting Section 14141. For

JOINT MOTION AND [PROPOSED] ORDER - 8
12-CV-1282

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

those reasons and the others described herein, the parties request that this Court enter the Settlement Agreement as an Order of the Court.

Respectfully submitted to and jointly presented on July 27, 2012.

For the UNITED STATES OF AMERICA:

ERIC H. HOLDER, JR.
Attorney General of the United States of America

| | |
|---|---|
| */s/ Jenny A. Durkan* | */s/ Thomas E. Perez* |
| JENNY A. DURKAN | THOMAS E. PEREZ |
| United States Attorney for the | Assistant Attorney General |
| Western District of Washington | Civil Rights Division |
| | |
| Kerry J. Keefe, Civil Chief | Jonathan M. Smith, Chief |
| J. Michael Diaz, Assistant United States Attorney | Timothy D. Mygatt, Special Counsel |
| Rebecca S. Cohen, Assistant United States Attorney | Michelle L. Leung, Trial Attorney |
| United States Attorney's Office | Michael J. Songer, Trial Attorney |
| Western District of Washington | United States Department of Justice |
| 700 Stewart Street, Suite 5220 | Civil Rights Division |
| Seattle, Washington 98101-1271 | Special Litigation Section |
| Phone: (206) 553-7970 | 950 Pennsylvania Avenue, NW |
| Fax: (206) 553-4073 | Washington, DC 20530 |
| E-mail: Michael.Diaz@usdoj.gov | Phone: (202) 514-6255 |
| | E-mail: Michelle.Leung@usdoj.gov |

For the CITY OF SEATTLE:

PETER S. HOLMES
Seattle City Attorney

*/s/ Peter S. Holmes*
PETER S. HOLMES, Seattle City Attorney

*/s/ Jean Boler*
JEAN BOLER, Civil Chief
Seattle City Attorney's Office
PO Box 94769
Seattle, WA  98124-4769
Phone:  (206) 684-8200
Fax:  (206) 684-8284
E-mail:  jean.boler@seattle.gov
         peter.holmes@seattle.gov

JOINT MOTION AND [PROPOSED] ORDER - 9
12-CV-1282

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA  98101-1271
(206) 553-7970

[PROPOSED] ORDER APPROVING SETTLEMENT AGREEMENT
AND STIPULATED ORDER OF RESOLUTION AND ENTRY OF JUDGMENT

AND NOW, this _____ day of _____, 2012, upon consideration of the Complaint of the United States of America, and the Parties' below-signed Settlement Agreement and Stipulated Order of Resolution, it is hereby ORDERED, ADJUDGED, AND DECREED that the Settlement Agreement and Stipulated Order of Resolution is APPROVED and Judgment shall be ENTERED in this matter in the below-agreed form.

_____
Hon.
United States District Court Judge

JOINT MOTION AND [PROPOSED] ORDER - 10
12-CV-1282

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA  98101-1271
(206) 553-7970