The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | 12-CV-1282-JLR |
| Plaintiff, | STIPULATION AND JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| v. | |
| CITY OF SEATTLE, | Please Note on Motion Calendar for: August 17, 2012 |
| Defendant. | |

Pursuant to Fed. R. Civ. P. 52, the City of Seattle ("the City") and the United States of America ("the United States") (collectively "the Parties") hereby stipulate to, and jointly and respectfully submit, the following [Proposed] Findings of Fact and Conclusions of Law.

**[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**I.   INTRODUCTION**

The Parties' (1) Joint Motion and [Proposed] Order for Approval of Settlement Agreement and Stipulated Order of Resolution and Entry of Judgment (Dkt. No. 3, filed July 27, 2012, "Joint Motion") and (2) Stipulation and Joint [Proposed] Findings of Facts and Conclusions of Law (Dkt. No. 5, filed August 17, 2012) were heard in open court on August 24, 2012 before the Honorable James L. Robart, United States District Court Judge. Having considered the foregoing and all the documents in the record, including but not limited to the

JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 1
12-CV-1282-JLRRBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

Complaint (Dkt. No. 1), and its exhibit thereto (Dkt. No. 1-1, adopted by reference pursuant to Fed. R. Civ. P. 10(c)); having heard and considered the argument of counsel at the publicly-noticed, above-referenced hearing; having further considered the pertinent governing law; and having reviewed the facts and records of this action, the Court makes the following findings of fact and conclusions of law, pursuant to Fed. R. Civ. P. 52(a)(3):

## II. FINDINGS OF FACT

1. On March 31, 2011, the United States' Department of Justice ("DOJ") publicly announced that it had begun an investigation of the Seattle Police Department ("SPD") pursuant to, *inter alia*, the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141 ("Section 14141"). DOJ's investigative team consisted of lawyers and other staff from the Civil Rights Division and the United States Attorney's Office for the Western District of Washington, working closely with policing consultants.

2. The City and SPD fully cooperated with the investigation.

3. During this nine-month investigation, DOJ and its police experts gathered information through interviews and meetings with SPD officers, supervisors, and command staff, representatives of the Seattle Police Officers' Guild and Seattle Police Management Association, members of the public, City and State officials, and other community stakeholders. The investigation also included on and off-site review of documents, and on-site tours in which DOJ personnel and experts accompanied SPD officers during their shifts.

4. As part of the investigation, DOJ received or reviewed hundreds of thousands of pages of documents, including SPD policies and procedures, training materials, SPD's internal use of force reports, SPD's public reports, files from SPD's Office of Professional

JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 2
12-CV-1282-JLRRBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

Accountability ("OPA"), and community and other publicly available documents, as well as video and other data generated from SPD and OPA databases.

5. The investigation also included hundreds of interviews and meetings with SPD officers, supervisors, command staff, its Auditors past and present, and representatives of the Seattle Police Officers' Guild and Seattle Police Management Association, as well as Seattle City officials, local community advocates and attorneys, and members of the Seattle community at large. DOJ hosted multiple full days of interviews with community members.

6. On December 16, 2011, DOJ released its report ("DOJ Report," Dkt. No. 1-1) announcing that it had found reasonable cause, under Section 14141, to believe that SPD had engaged in a pattern or practice of excessive force. Specifically, the 67-page DOJ Report asserted that SPD had engaged in unjustified use of impact weapons, unjustified escalation of minor encounters into force events particularly against individuals with mental illness or those under the influence of alcohol or drugs, unjustified use of force against persons who were restrained or simply exercising their First Amendment rights, and unjustified use of force by multiple officers. The DOJ Report also asserted that this pattern or practice of using unlawful force derived from SPD's systematic failure to implement adequate policies, procedures, training, and oversight.

7. Although DOJ did not make a finding that SPD engages in a pattern or practice of discriminatory policing, the DOJ Report identified DOJ's serious concerns about certain practices that could have a disparate impact on minority communities and could support allegations of discriminatory policing, including the DOJ finding that over half of the excessive force cases identified by DOJ involved minorities. The United States asserts that many of the

JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 3
12-CV-1282-JLRRBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

issues related to discriminatory policing are both aggravated by and contribute to the issues regarding the excessive use of force.

8.  The City disputed the findings in the DOJ Report. The City did not admit that any complaint reviewed by DOJ was meritorious or improperly addressed by SPD. The parties agreed that nothing in the settlement agreement or the negotiations would be construed as an admission of wrongdoing by the City or evidence of liability under any federal, state or municipal law.

9.  Based on its investigation, DOJ believed it was authorized, under Section 14141, to file a civil action to obtain appropriate equitable and declaratory relief to eliminate the alleged pattern or practice of unlawful use of force, and did initiate a lawsuit pursuant to Section 14141 in this Court (Dkt. No. 1).

10. Shortly after DOJ issued its Report, the Parties began negotiations to resolve the United States' concerns without the need to resort to contested litigation.

11. In January and February 2012, DOJ met with the City's elected officials, including its Mayor, City Attorney, and City Council. During the course of approximately seven months, the Parties conducted extensive negotiations over potential revisions to SPD's policies, procedures, and supervisory practices that would prevent a pattern or practice of constitutional violations as alleged by the United States.

12. On March 30, 2012, the United States provided the City with its draft proposed Reform Plan. The City responded with its counter-proposal on May 16, 2012. The Parties subsequently exchanged multiple drafts of proposals and counter-proposals and conducted numerous negotiating sessions. The parties then engaged a professional, licensed mediator who facilitated approximately 100 hours of intense, contested negotiations, which yielded the

JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 4
12-CV-1282-JLRRBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

Settlement Agreement and Stipulated Order of Resolution ("Agreement and Stipulated Order," Dkt. 2-1), filed in this Court on July 27, 2012.

13. During this process, both the United States and the City consulted with subject matter experts, both internal and external, to ensure that the remedial measures in the Agreement and Stipulated Order are tailored to address the specific concerns identified by DOJ and can be reasonably implemented by SPD. SPD command staff, OPA, and other SPD personnel assisted in crafting the Agreement and Stipulated Order and in resolving potential adverse operational impacts.

14. The Parties are sophisticated and were represented by experienced counsel. The parties are intimately familiar with SPD's policies and practices and invested significant time negotiating the Agreement and Stipulated Order.

15. Additionally, since the beginning of 2012, DOJ conducted extensive outreach to SPD, its officers, supervisors, and command staff, the Seattle Police Officers' Guild and Seattle Police Management Association, and OPA and its former and current civilian Auditors. *See* Declaration of J. Michael Diaz, filed herewith. Both parties reached out to members of the public, City and State officials, and many community stakeholders, including community advocacy organizations, and minority and ethnic community organizations. *Id.* The Parties received multiple detailed written recommendations from community organizations. *Id.* Through this outreach, the Parties sought to solicit and did incorporate, as appropriate, the input of individuals and organizations into the Agreement and Stipulated Order. *Id.*

16. The express purpose of the Agreement and Stipulated Order was to resolve the litigation filed by the United States and to ensure that police services are delivered to the Seattle community in a manner that fully complies with the Constitution and laws of the United States.

JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 5
12-CV-1282-JLRRBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

1  Although the City denies the existence of any pattern or practice of unconstitutional conduct by
2  SPD and its officers, it entered into the Agreement and Stipulated Order with the goal of
3  ensuring that SPD's policies, procedures, training, and oversight are sufficient to prevent
4  practices that the United States alleges contributed to a pattern or practice of constitutional
5  violations. The City also entered into the Agreements because it wishes to ensure that its police
6  department is functioning at an exceptional level and that it has positive relationships with all of
7  its communities.

8  17.   The Agreement and Stipulated Order's substantive provisions relate directly to the
9  policies, procedures, training, and oversight that the United States alleges contribute to a pattern
10 or practice of SPD officers using excessive force in violation of the Fourth Amendment and
11 Section 14141. For instance, the Agreement and Stipulated Order requires the City and SPD to
12 address policies and training related to: use of force, including use of impact weapons, escalation
13 of minor encounters, and force used against individuals with mental illness; discriminatory
14 policing; and front line and supervisory review of the use of force. The Agreement and
15 Stipulated Order also includes ongoing mechanisms to solicit input from SPD officers and
16 members of the Seattle community.

17 18.   Voluntary and mutually agreeable implementation of reforms is more likely to
18 conserve public resources and result in beneficial change than the uncertainties of litigation or an
19 order of this Court imposed at the end of protracted litigation.

20 19.   On July 31, 2012, the Court published on a publicly-accessible website notice of
21 the August 24, 2012 hearing to review the Joint Motion for Approval of the Settlement
22 Agreement and Stipulated Order of Resolution and Entry of Judgment and posted a copy of the
23

JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 6
12-CV-1282-JLRRBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

Complaint and Exhibit 1 (Investigation of the Seattle Police Department), and the Joint Motion for Approval of Settlement Agreement and Exhibit A (Settlement Agreement).

### III.  CONCLUSIONS OF LAW

20.   This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b). Defendant is a municipal corporation located in this district, and a substantial part of the alleged events giving rise to this action occurred within this district in Seattle.

21.   Public policy favors settlement, particularly in complex litigation such as the pattern or practice claim brought by the United States here. *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983) ("[I]t must not be overlooked that voluntary conciliation and settlement are the preferred means of dispute resolution."); *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999) ("In considering whether to enter a proposed consent decree, a district court should be guided by the general principle that settlements are encouraged."). Indeed, this Court very recently has held the same. *Arthur, et al. v. Sallie Mae, Inc., et al.*, No. CV10-198-JLR, 2012 U.S. Dist. LEXIS 3313, at *17-18 (W.D. Wash. Jan. 10, 2012) ("As a matter of express public policy, federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters.").

22.   To assess whether to approve a proposed settlement, courts consider whether the settlement is "fundamentally fair, adequate, and reasonable." *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990); *see also Cemex Inc. v. Los Angeles County*, 166 Fed. App'x 306, 307 (9th Cir. 2006) ("Review of a consent decree is limited to ensuring that the agreement is not the

JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 7
12-CV-1282-JLRRBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.").

23. This analysis does not require "the achievement of the optimal outcome for all parties," but rather "[t]he court need only be satisfied that the decree represents a reasonable factual and legal determination." *Oregon*, 913 F.2d at 580-81. Indeed, the court's approval "is nothing more than an amalgam of delicate balancing, gross approximations and rough justice." *Officers for Justice*, 688 F.2d at 625. In addition to considering the overall scope of the agreement, courts make this "gross approximation" by considering whether the agreement is consistent with the law, whether it was forged by arms-length bargaining, and whether there is an evidentiary basis supporting its provisions. *North Carolina*, 180 F.3d at 581.

24. Congress enacted Section 14141 to forbid law enforcement officers from engaging in a pattern or practice "that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 42 U.S.C. § 14141(a). It contains no limitation on the nature of the constitutional or federal rights that it protects. Whenever the Attorney General has reasonable cause to believe that a pattern or practice of constitutional or statutory violations exists, Congress granted DOJ the authority to initiate a civil lawsuit to eliminate the pattern or practice. 42 U.S.C. § 14141(b).

25. The Agreement and Stipulated Order, *as modified by the parties' further stipulation and order entered this same day,* is tailored to the alleged deficiencies identified by the United States. Accordingly, and additionally, it is consistent with and furthers the objectives of Section 14141 because it embodies the agreement of the City and commitment of its police department to ensure that no pattern or practice of unconstitutional police conduct exists.

JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 8
12-CV-1282-JLRRBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

26. The negotiations that culminated in the Agreement and Stipulated Order were arms-length, not the product of fraud or overreaching by, or collusion between, the Parties. Such negotiations underscore the reasonableness of the Agreement and Stipulated Order.

27. There is an evidentiary basis for the Agreement and Stipulated Order, including but not limited to the United States' investigation, and the input of many members of the community.

28. Through, in part, the Parties' extensive outreach to the City and its various diverse communities, the Agreement and Stipulated Order is fair and adequately addresses the interests of all concerned.

29. "Because of the consensual nature of [such an agreement], voluntary compliance is rendered more likely . . . . At the same time, the parties . . . minimize costly litigation and adverse publicity and avoid the collateral effects of adjudicated guilt." *United States v. City of Jackson, Miss.*, 519 F.2d 1147, 1152 n.9 (5th Cir. 1975). Indeed, "the value of voluntary compliance is doubly important when it is a public employer that acts, both because of the example its voluntary assumption of responsibility sets and because the remediation of governmental discrimination is of unique importance." *Wygant v. Jackson Bd. of Educ.*, 476 U.S. 267, 290 (1986) (O'Connor, J., concurring).

30. "Rule 52(c) provides the court may enter judgment after a party has been 'fully heard.' ... The court was not required to receive live testimony." *Granite State Ins. Co. v. Smart Modular Techs.*, 76 F.3d 1023, 1031 (9th Cir. 1996).

31. In sum, entry of the Agreement and Stipulated Order [as modified by the Parties' further stipulation and order entered this same day JLR] is appropriate because, taken as a whole, the Agreement and Stipulated Order is fundamentally fair, adequate, and reasonable, resulted from arms-length negotiations by sophisticated parties, is consistent with the purpose of

JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 9
12-CV-1282-JLRRBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

1  Section 14141, supported by an evidentiary record; and is the most effective way to address the

2  allegations of unconstitutional policing made by the United States.

3        32.    To the extent that any of the foregoing Findings of Fact are deemed to be

4  Conclusions of Law (or vice versa), they are incorporated into these Conclusions of Law (or vice

5  versa).

6        So stipulated and respectfully and jointly submitted on August 17, 2012.

7

8  For the UNITED STATES OF AMERICA:

9  ERIC H. HOLDER, JR.
Attorney General of the United States of America

10

| | |
|---|---|
| JENNY A. DURKAN<br>United States Attorney for the<br>Western District of Washington | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division |
| */s/ J. Michael Diaz*<br>Kerry J. Keefe, Civil Chief<br>J. Michael Diaz, Assistant United States Attorney<br>Rebecca S. Cohen, Assistant United States Attorney<br>United States Attorney's Office<br>Western District of Washington<br>700 Stewart Street, Suite 5220<br>Seattle, Washington 98101-1271<br>Phone: (206) 553-7970<br>Fax: (206) 553-4073<br>E-mail: Michael.Diaz@usdoj.gov | */s/ Timothy D. Mygatt*<br>Jonathan M. Smith, Chief<br>Timothy D. Mygatt, Special Counsel<br>Michelle L. Leung, Trial Attorney<br>Michael J. Songer, Trial Attorney<br>United States Department of Justice<br>Civil Rights Division- Special Lit. Section<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>Phone: (202) 514-6255<br>E-mail: Michelle.Leung@usdoj.gov |

For the CITY OF SEATTLE:

PETER S. HOLMES
Seattle City Attorney

*/s/ Peter S. Holmes*
PETER S. HOLMES, Seattle City Attorney
JEAN BOLER, Civil Chief
SARAH K. MOREHEAD
Seattle City Attorney's Office
PO Box 94769

JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 10
12-CV-1282-JLRRBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

1 | Seattle, WA 98124-4769
Phone: (206) 684-8200
2 | Fax: (206) 684-8284
E-mail: jean.boler@seattle.gov
3 |       peter.holmes@seattle.gov
      sarah.morehead@seattle.gov

JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 11
12-CV-1282-JLRRBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970

# [PROPOSED] ORDER APPROVING
# THE JOINT FINDINGS OF FACT AND CONCLUSIONS OF LAW

JLR

AND NOW, this 21st day of Sept., 2012, upon consideration of the foregoing, the Findings of Fact and Conclusions of Law are APPROVED and ENTERED in this matter in the above-agreed form. Preliminary approval ~~Approval~~ of the Settlement Agreement and ~~Entry of Judgment~~ Stipulated Order of Resolution, as modified, shall be set out in a separate document.

JLR

_____
Hon. James L. Robart
United States District Court Judge

JOINT [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW - 12
12-CV-1282-JLRRBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970