THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:12-cv-01282-JLR |
| Plaintiff, | ) | |
| | ) | **CITY OF SEATTLE'S BRIEF** |
| v. | ) | **SUBMITTING THE ACCOUNTABILITY** |
| | ) | **ORDINANCE FOR FURTHER COURT** |
| CITY OF SEATTLE, | ) | **REVIEW** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## I.      Introduction and Overview of the City's Legislative Process as Ordered by the Court

The City of Seattle submits the final accountability legislation for the Court's review and approval consistent with the Court's August 9, 2016, Order.[1] Prior to the filing of this brief, the City consulted the United States Department of Justice ("DOJ") on the issues raised herein. The City anticipates that DOJ will review the entirety of the final accountability legislation and will provide formal written comments concerning same within two weeks of this submission.

The August 9 Order directed the City to resubmit the accountability legislation to the Court to the extent it contained new terms not previously reviewed and approved or contained terms

---

[1] *See* Dkt. #305.

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY
ORDINANCE FOR FURTHER COURT REVIEW**- 1
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

previously disapproved.[2] The passed and signed legislation (the "**Ordinance**") contains provisions that were not previously reviewed by the Court, but none that were previously disapproved. The general content and purpose of these unreviewed provisions are consistent with that of the legislation previously considered and largely approved by the Court (the "**Filed Legislation**"). The City respectfully asserts that the entirety of the Ordinance, including the new and modified provisions, is consistent with the terms and purpose of the Consent Decree and with the City's obligation to ensure constitutional policing.

A preliminary discussion of the legislative process the Mayor and City Council undertook since the Court substantially approved the Filed Legislation on January 6, 2017, is warranted. On February 1, 2017, the Mayor—after consultation with the Federal Monitor, the Seattle Police Department ("SPD"), the Community Police Commission ("CPC"), the City Council, and additional stakeholders including community groups and labor unions—transmitted revised legislation consistent with the Court's Order to the Gender Equity, Safe Communities and New Americans ("GESCNA") committee of the City Council.

The City Council then began its legislative process.[3] The GESCNA committee, chaired by Councilmember M. Lorena González, held a total of nine public meetings between January and May with the participation of various City stakeholders, and all with the opportunity for public comment. During that same period of time, well over 50 additional meetings and discussions were had between City stakeholders, including the City's police unions, to reach a final product. The Seattle Police Officers' Guild ("SPOG") and the Seattle Police Management Association ("SPMA"), each met with Chair González and other Councilmembers to provide their input both

---

[2] *See id.* at p. 3.
[3] A more detailed description of this process can be found at:
http://www.seattle.gov/Documents/Departments/Council/Members/Gonzalez/LGDOJWorkPlan.pdf

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 2
(12-CV-01282-JLR)

Peter S. Holmes
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

prior to and during public comment as the legislative process proceeded.

Chair González and GESCNA Vice Chair Tim Burgess, Council Central staff, members of the Mayor's Office and Councilmember González' Office, and several CPC Commissioners and a CPC staff member traveled to New York City, Los Angeles and New Orleans to study the benefits and drawbacks of those jurisdictions' accountability systems and to garner lessons learned for Seattle's prospective system. The study missions to each of those cities included meetings with police reform advocates, elected leaders and accountability system administrators.

Over the course of nearly 16 weeks, the Ordinance was further refined and a number of amendments, including six on the date of passage by the full Council, were approved. The Ordinance was unanimously passed by the Council on May 22, 2017, and has been signed by the Mayor.

## II.    New and Modified Provisions Contained in the Legislation

Before discussing the new provisions of the Ordinance, it is important to note that the core tenant of Seattle's future accountability system remains the same: independent civilian oversight tailored to ensure constitutional policing is fully intact. The Ordinance, like the Filed Legislation, enshrines in law three civilian-led accountability entities: the Office of Police Accountability ("OPA") led by the OPA Director; the Office of Inspector General for Public Safety[4] ("OIG") led by the Inspector General ("IG"); and a permanent CPC led by Commissioners and administered by the Executive Director. These entities remain empowered to fulfill the requirements of Seattle Municipal Code Chapter 3.29; are each tasked with specific duties and responsibilities;[5] maintain

---

[4] The OIG was named the "Office of Inspector General" in the Filed Legislation.
[5] As a general matter: OPA is responsible for handling of misconduct complaints and the identification of systemic issues raised by those complaints; OIG is responsible for performing overall systemic review, including through auditing functions; and CPC is responsible for community engagement and reviews of SPD policies, practices and services with a community-focused lens.

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 3
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

independence and autonomy; and each continues to be provided with staffing and budget. Further, the Chief of Police remains responsible for the overall management of SPD and the ultimate arbiter on discipline, consistent with the Seattle City Charter. Lastly, most of the structural changes contained in the Filed Legislation are carried over to the Ordinance.

While the elements and overall structure of the accountability system remain largely the same, the Ordinance has been reworked, refined and substantially reorganized.[6] The Ordinance also contains additional provisions and modifications to existing provisions that have not been reviewed by the Court. These new provisions are itemized below for the Court's convenience, consistent with the City's representations in its brief submitting the original draft legislation, dated October 7, 2016.[7]

The City specifically identifies for the Court those portions of the Ordinance that contain unreviewed provisions, which the City defines as new material concepts in implication or operation, or substantive alterations to previously-existing concepts that change their content. Where only technical or grammatical revisions were made that do not affect the implications or operation of a provision, those revisions are not flagged for re-review. Similarly, where the organization of the Ordinance was changed, either by combining concepts and duties or by moving provisions around, such re-organization is also not flagged for re-review. Lastly, where provisions contained in the Filed Legislation were not ultimately included in the Ordinance, they are also not flagged for the Court herein.[8] The City believes this procedure to be consistent with the express direction and intent

---

[6] As discussed more fully herein, the Ordinance was subject to a substantial amount of technical and grammatical alterations and reorganization. If the Court requests, the City will provide a red-lined version of the Ordinance or a comparison document between the Ordinance and the Filed Legislation. However, given the significant edits to and reorganization of the Ordinance, this may be of limited utility to the Court.

[7] *See* Dkt. #320, at p. 4.

[8] To the extent the Court would like a list of those provisions that were contained in the Filed Legislation but not included in the Ordinance, the City will provide same upon request.

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 4
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

of the Court's August 9 Order.[9]

### A.   Whereas Clauses and Findings of Fact

The Ordinance expands on the statements of purpose in the Filed Legislation[10] by adding whereas clauses and findings of fact to the introduction of Chapter 3.29.

The whereas clauses provide context for the Ordinance.[11] They outline the basic structure of Seattle's prospective accountability system and the purpose and rationale behind it and its components, including that an effective, transparent and fair disciplinary system is essential to ensuring accountability and constitutional policing in Seattle.[12] Lastly, the whereas clauses recognize the importance of ensuring that CPC Commissioners represent all of the geographic Council districts in Seattle, based both on the recent initiative by Seattle voters and United States Supreme Court precedent.[13] These clauses contain new terms and are thus identified for the Court's review.

The findings of fact provide additional historical background on the City's prior efforts at reforming the accountability system, noting DOJ's investigation and issuance of the findings letter and the City and DOJ's entry into the Settlement Agreement and Memorandum of Understanding that formed the basis for the Court-supervised Consent Decree.[14] The findings of fact further outline the ongoing challenges in policing and community relations—local and national—as well as the

---

[9] *See* Dkt. #305, at p. 3 ("If the adopted legislation contains terms previously disapproved by the court, or new terms the court has not previously reviewed, the City shall then resubmit the proposed legislation to the court for additional review and approval."); *see also* Dkt. #357, at p. 5 n. 3 ("The parties are required to submit the legislation to the court after it is passed by the City Council and signed by the Mayor if it contains provisions that the Court has not already approved or that the court has disapproved.").
[10] *See* Dkt. #328-1, at p. 1 (§ 3.29.005).
[11] *See* Accountability Ordinance, Council Bill # 118969 ("Ordinance"), attached hereto at Exhibit 1 ("Exh. 1"), at pp. 1-3. To the extent the Court requests, the signed version of the Ordinance, as well as the signed companion resolution and budget ordinance, will also be provided.
[12] *See id.* at pp. 1-4.
[13] *See id.* at pp. 3-4.
[14] *See id.* at pp. 4-6.

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 5
(12-CV-01282-JLR)

Peter S. Holmes
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

recommendations for 21st century policing policies and practices that were reached by President Obama's task force.[15]

The findings of fact conclude by specifying the goal of the Ordinance to: "institute a comprehensive and lasting police oversight system that ensures that police services are delivered to the people of Seattle in a manner that fully complies with the Constitution and laws of the United States and State of Washington, effectively ensures public and officer safety, and promotes public confidence in SPD and the services that it delivers."[16] The findings of fact draw the causal connection between a strong, independent, and civilian-led accountability system and constitutional policing.[17]

Notably, these factual findings echo those reached by DOJ in 2011, when DOJ alleged that the then-existing Office of Professional Accountability failed to provide adequate oversight to prevent a pattern or practice of excessive force.[18] DOJ, and later the Court-appointed Monitor, recommended strengthening the accountability system, and specifically the Office of Professional Accountability.[19] DOJ has made similar findings in investigations in other jurisdictions, connecting the failure to discipline and hold officers accountable to systemic constitutional violations.[20]

Indeed, the failure to appropriately discipline officers and maintain accountability within a police department can, in and of itself, constitute a violation of an individual's civil rights, thus

---

[15] *See id.* at p. 6.
[16] *Id.* at p. 7.
[17] *See id.* at p. 8.
[18] Findings Letter, Appendix D, at p. 1.
[19] *See* Findings Letter, Appendix D, at pp. 1-7; *see also* Dkt. #259.
[20] *See, e.g.,* U.S. Department of Justice, Civil Rights Division, *Investigation of the Baltimore City Police Department*, dated August 10, 2016, at pp. 139-149, *available at* https://www.justice.gov/crt/file/883296/download; *Investigation of the Cleveland Division of Police*, dated December 4, 2014, at pp. 5-6, *available at* https://www.justice.gov/file/180576/download; *Investigation of the Newark Police Department*, dated July 22, 2014, at pp. 34-41, *available at* https://www.justice.gov/sites/default/files/crt/legacy/2014/07/22/newark_findings_7-22-14.pdf.

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 6
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

forming the basis for a municipality's liability under federal law.[21] Accordingly, as expressed by the findings of fact, an effective, consistent, transparent and responsive disciplinary system with the ability to conduct timely investigations and to mete out fair discipline is essential to sustained accountability, to compliance with the United States Constitution, and to furthering the management and pecuniary interests of the City. The City believes that the Ordinance directly addresses these issues and is purposed, as a whole, to effectuate accountability and constitutional policing.

### B.    Introductory Sections

The Ordinance contains introductory sections concerning the purpose and goals of the legislation. It further includes the following new provisions, which are identified for the Court:

- **Section 3.29.010**: The Ordinance refines and consolidates the purpose provisions that were contained throughout the Filed Legislation into this new section. These purpose statements were previously grouped by accountability entity. The Ordinance also specifically recognizes the role and authority of the Chief of Police in Seattle's accountability system.

- **Section 3.29.030**: Similar to the above, the independence and collaborative oversight section consolidates various provisions that were previously interspersed throughout the

---

[21] *See, e.g., Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir.1991) (where allegation was that police chief set tone condoning and encouraging excessive use of force, "we can hardly think of better evidence" than statements he made after incident that were consistent with those claims); *McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1986) ("Policy or custom may be inferred if, after [constitutional violations], ... officials took no steps to reprimand or discharge the [prison] guards, or if they otherwise failed to admit the guards' conduct was in error.") (citation omitted); *Grandstaff v. City of Borger, Tex.*, 767 F.2d 161, 171 (5th Cir. 1985) (upholding jury verdict against municipality under § 1983 where the evidence demonstrated that after an "incompetent and catastrophic performance, there were no reprimands, no discharges, and no admissions of error" as well as no changes to policies); *Black v. Stephens*, 662 F.2d 181, 190–91 (3d Cir.1981) (police chief's failure to institute adequate investigatory procedures for determining if and when discipline of police officer may be required constitutes an official policy encouraging use of excessive force), *cert. denied*, 455 U.S. 1008 (1982); *Jones v. City of Chicago*, 787 F.2d 200, 207 (7th Cir.1986) (had prior complaint in companion case not been thoroughly investigated by city, reasonable inference could be drawn regarding city's deliberate indifference to safety and well-being of patients at public health clinic).

---

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 7
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

Filed Legislation. The Ordinance further clarifies that the Chief should be involved in advising other City components on issues relating to Chapter 3.29 and should also make recommendations that "support systemic improvements and other enhancements to SPD performance and in furtherance of community trust." Lastly, this section amplifies and consolidates requirements surrounding meetings between accountability components, adds SPD as a participant in those meetings, sets quarterly meetings as the minimum, and provides that other meetings may occur as reasonably requested.

## C.    Subchapter I – Office of Police Accountability

The Ordinance's provisions concerning OPA and the OPA Director are largely similar to those in the Filed Legislation.[22] The City notes that, as with other portions of the Ordinance, there was substantial reorganization of this section to consolidate collective functions, as well as to group duties related to enhancing SPD's culture of accountability and increasing responsiveness to community needs. There are several additions and substantive changes that are identified for the Court as follows:

- **Section 3.29.100.F**: The Ordinance gives the OPA Director the express authority to make Management Action recommendations in cases with both sustained and not sustained findings. While this concept was contained in the definitions section of the Filed Legislation,[23] it was not, as it is now, a defined function and authority of the OPA Director.

- **Section 3.29.105**: The Ordinance modifies the language surrounding OPA's budget.[24] The

---

[22] In some places, the Council opted for one of the options that the Court previously reviewed and approved. For example, the Ordinance mandates the use of OPA complaint navigators, which was one of the options provided for the Court's review in the Filed Legislation. *See* Dkt. #328-1, at p. 6-7 (§ 3.29.020.A.17)

[23] *See id.* at p. 1 (definition of "Management Action").

[24] The Ordinance also allows the OPA Director to advocate directly the Council or individual Councilmembers during the budget process and throughout the year, which is consistent with an option previously reviewed and approved by

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 8
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

Ordinance states that the City shall provide resources it deems sufficient to allow OPA to perform its duties and responsibilities. The language now instructs the OPA Director to submit an annual budget directly to the Mayor and authorizes the OPA Director to advocate for resources directly to the Council and/or individual Councilmembers.[25]

- **Section 3.29.110**: The Ordinance prohibits the OPA Director from being formerly employed as a sworn SPD officer.

- **Section 3.29.115.B**: The Ordinance modifies the organization of the OPA Director search committee to require that 25 percent of the committee be CPC Commissioners, but leaves the minimum or maximum number of search committee members to the appointing authority.

- **Section 3.29.115.D**: The Ordinance sets the Council committee tasked with public safety oversight (currently the GESCNA committee) as the appointing authority where the Mayor fails to nominate an OPA Director within 90 days.[26]

- **Section 3.29.115.F.2**: The Ordinance removes the provision of publicly-funded counsel for the OPA Director during a potential removal hearing.

- **Section 3.29.115.H**: The Ordinance adds the responsibility of the Mayor to conduct a yearly performance evaluation of the OPA Director after soliciting input from other accountability

---

the Court. *See id.* at p. 4 (§ 3.29.015.D). These changes were made in the budget sections for all accountability entities. *See* Brief, at p. 9 (§ 3.29.210), *infra; see also* Brief, at p. 11 (§ 3.29.320.C), *infra.*

[25] The Filed Legislation had two proposals in this regard: one that required that the budget be "submitted as a separate Budget Control Level and incorporated into the City budget separate and distinct from SPD's budget" and one that required that the budget be submitted by the OPA Director directly to the Council. *See* Dkt. #328-1, at p. 4 (§ 3.29.015.D).

[26] The Filed Legislation gave this responsibility to a three-person special committee selected by the Council President. *See id.* at pp. 8-9 (§ 3.29.025.C.3).

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 9
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

entities, the Mayor, SPD and its employees, and the City Attorney.[27]

- **Section 3.29.120.M**: The Ordinance mandates that the OPA Director provide input to the Council in advance of the Council's yearly performance evaluation of the IG.

- **Section 3.29.130.A**: When OPA provides notice of complaint to the named employee, the Ordinance makes the identity of the complainant anonymous in all cases—not just where the complainant is a member of the public[28]—and also offers a procedure for obtaining consent to disclose the complainant's identity.

- **Section 3.29.130.B**: The Ordinance clarifies the 180-day timeline provision by explicitly stating that it runs from when OPA receives or initiates a complaint, not when a complaint should have been referred to OPA by SPD or its employees.

- **Section 3.29.130.G**: The Ordinance also clarifies how tolling of the 180-day timeline will be documented.

- **Section 3.29.135.A**:[29] The Ordinance removes the requirement that the IG attend the disciplinary meeting between the OPA Director and the Chief.[30]

- **Section 3.29.140.D**: The Ordinance precludes OPA civilian staff from being formerly employed as sworn SPD officers.

- **Section 3.29.145.B**: The Ordinance changes OPA's reporting on a "compilation of completed investigation summaries" from monthly to quarterly. The Ordinance also

---

[27] One option in the Filed Legislation provided for a performance evaluation of OPA by the IG. *See id.* at p. 22 (§ 3.29.110.A.10).

[28] *See id.* at p. 10 (§ 3.29.025.B).

[29] While not a new term, Section 3.29.135.F provides that: "Termination is the presumed discipline for a finding of material dishonesty based on the same evidentiary standard used for any other allegation of misconduct." This was one of the options in the Filed Legislation, *see* Dkt. #328-1, at p. 13 (§ 3.29.027.F), and was reviewed and approved by the Court. *See* Dkt. #357, at pp. 6-8. The Court rejected the other two options in the Filed Legislation that set the standard of proof for termination as clear and convincing evidence. *See id.* Consistent with the Court's January 6 Order, the Ordinance includes the above quoted language.

[30] While the requirement of attendance is removed, the Ordinance does not prohibit the IG's presence at the meeting.

---

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW** - 10
(12-CV-01282-JLR)

modifies OPA's annual report requirement to include the work of OPA in fulfilling its purpose, duties and responsibilities under Chapter 3.29.

- **Section 3.29.150**: The language concerning confidentiality of documents is streamlined and clarified.[31] Uniform confidentiality revisions were made in the OIG and CPC sections.[32]

### D.      Subchapter II – Office of Inspector General for Public Safety

The Ordinance further develops the role of the OIG and the IG. The Ordinance includes the following modifications and additions:

- **Section 3.29.200.C**: The Ordinance requires that the Deputy IG,[33] as well as any OIG staff with access to specified information, be subject to a background check.

- **Section 3.29.200.J.5**: The Ordinance adds that the IG shall maintain and promote the use of "other technologies" in addition to a hotline in order "to receive anonymous reports from the public and City employees regarding matters germane to this Chapter 3.29."

- **Section 3.29.210**: In uniformity with other sections, the budget language was modified in support of the independence of that officer.[34]

- **Section 3.29.220**: The Ordinance prohibits the IG from being formerly employed as a sworn SPD officer.

- **Section 3.29.230.B**: The Ordinance modifies the IG search committee organization to require that 25 perfect of the committee be CPC Commissioners, but leaves the minimum or maximum number of search committee members to the appointing authority. It also changes the appointing body from a three-person special committee of the Council appointed by the

---

[31] The Filed Legislation, in turn, took language from the "original Chapter 3.28.
[32] *See* Brief, at p. 11 (§ 3.29.280.A), *infra*; *see also* Brief, at p. 13 (§ 3.29.380), *infra*.
[33] The Ordinance opts for the policy choice to create the role of the Deputy IG. This option was previously reviewed and approved by the Court. *See* Dkt. #328-1, at pp. 17-18 (§ 3.29.100.B).
[34] *See* Brief, at p. 7, *supra* (§ 3.29.105).

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 11
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

Council President to the committee tasked with public safety matters.

- **Section 3.29.230.E.2**: The Ordinance removes the provision of publicly-funded counsel for the IG during a potential removal hearing.

- **Section 3.29.230.G**: The Ordinance provides that the Council will conduct a yearly performance evaluation of the IG, after soliciting input from other accountability entities, the Mayor, SPD and its employees, and the City Attorney.[35]

- **Section 3.29.240.B**: The Ordinance prohibits any OIG staff from being formerly employed as an SPD sworn employee.

- **Section 3.29.240.F**: The Ordinance sets up a procedure for considering recommendations from accountability entities in the IG's workplan,[36] including the IG's responsibility to identify which recommendations were included, and, where recommendations are rejected, the reasoning for the rejection be provided; all to be submitted to the Council in a publicly-disclosable format.

- **Section 3.29.240.H**: The Ordinance tasks the IG with responsibility to monitor whether the recommendations made by the OPA Director, the IG and CPC are implemented.[37]

- **Section 3.29.240.L**: The Ordinance requires that the IG provide input to the Mayor prior to the Mayor's performance evaluation of the OPA Director.

- **Section 3.29.270.C**: The Ordinance sets forth the responsibility for the IG to, "[i]n partnership with CPC...periodically evaluate and issue reports on how effective SPD's processes are in meeting community needs for a diverse work force, including the relevance

---

[35] The Filed Legislation provided an option of the CPC conducting the performance evaluation of the IG. *See* Dkt. #328-1, at p. 35 (§ 3.29.215.A.9).
[36] The Filed Legislation provided for input from the CPC. *See id.* at p. 23 (§ 3.29.110.A.21).
[37] The Filed Legislation tasked this solely to the CPC. *See id.* at p. 34 (§ 3.29.215.A.4).

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 12
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

of traditional disqualifying factors and the speed of the hiring process, to assess if there are unfair impediments to hiring and retaining diverse and skilled officers."[38]

- **Section 3.29.270.D.2**: The Ordinance adds the responsibility for the IG to conduct an "evaluation of the extent to which all of the purposes, duties, and responsibilities detailed in this Chapter 3.29 have been met" as part of OIG's annual report.[39]

- **Section 3.29.280.A**: The confidentiality language was modified per the discussion above.[40]

### E.    Subchapter III – Community Police Commission

The Ordinance, like the Filed Legislation, clarifies and increases the duties and responsibilities of the CPC and makes it permanent. In determining the contours of the permanent CPC, the Mayor and later the Council made several policy decisions choosing options previously submitted to and reviewed by the Court, or, in some cases a hybrid of those options.[41]

The Ordinance further modifies multiple provisions contained in the Filed Legislation and adds a number of new provisions, which are identified below for Court review:

- **Section 3.29.300.C**: The Ordinance adds "police services" as a subject that the CPC is to review and offer input on. Further, consistent with the Court's January 6 Order,[42] the Ordinance contains language indicating that the CPC will prioritize the work required by the Consent Decree until the Consent Decree terminates.[43]

- **Sections 3.29.320.B and 3.29.330.C**: The Ordinance precludes the CPC Executive Director

---

[38] *See also* Ordinance, Exh. 1, at pp. 79-80 (§ 3.29.370.B). The Filed Legislation required this report to be completed by SPD. *See* Dkt. 328-1, at p. 46 (§ 3.29.325.A).
[39] This is similar to the CPC's duty. *See* Ordinance, Exh. 1, at p. 79 (§ 3.29.370.A.1).
[40] *See* Brief, at p. 9, *supra* (§ 3.29.150).
[41] *See, e.g.,* Ordinance, Exh. 1, at pp. 69-70 (§ 3.29.320.B) (opting to have the CPC Executive Director appointed and removed by the CPC as opposed to the Mayor).
[42] *See* Dkt. #357, at pp. 10-11.
[43] The specific language is as follows: "[u]ntil such time as the Consent Decree ends, CPC shall prioritize these ongoing responsibilities over any additional responsibilities set forth in this Chapter 3.29."

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 13
(12-CV-01282-JLR)

Peter S. Holmes
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

from being formerly employed by SPD and Office of the CPC staff from being formerly employed by SPD as sworn officers.

- **Section 3.29.330.C**: The budget language was modified per the discussion above.[44]

- **Section 3.29.340.A**: The requirement that a majority of CPC Commissioners reside within the City was removed from the Ordinance.[45] The Ordinance instead newly mandates that Commissioners either live *or* work within the City. Consistent with the findings of fact,[46] the Ordinance also adds the additional requirement that Commissioners "shall be geographically representative of the city of Seattle in a distribution that allows CPC to assign Council district representatives in accordance with the requirements of subsection 3.29.360.B." This language is also new and was not contained in the Filed Legislation.

- **Section 3.29.340.D**: The Ordinance opts to maintain members of the police unions as CPC Commissioners. The Filed Legislation had removed union representatives.[47] The change in the Ordinance is consistent with the Court's January 6 Order.[48]

- **Section 3.29.340.E.1**: The Ordinance removes, as potentially too restrictive, the requirement that a CPC Commissioner demonstrate prior experience working on a board and/or commission, changing the requirement to instead be an ability to be effective in such a position.

- **Section 3.29.350.A**: The Ordinance increases the number of CPC Commissioners from 15 to 21.

---

[44] *See* Brief, at p. 7, *supra* (§ 3.29.105).
[45] The Filed Legislation contained two different options: (1) that 12 of 15 Commissioners were required to live in the City, but three could work but not live in the City; or (2) a majority of Commissioners were required to live in the City. *See* Dkt. #328-1, at pp. 39-40 (§ 3.29.215.C.4).
[46] *See* Ordinance, Exh. 1., at pp. 3-4.
[47] *See* Dkt. #328-1, at p. 38 (§ 3.29.215.C.2).
[48] *See* Dkt. #357, at pp. 8-9.

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 14
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

- **Section 3.29.360.B**: Consistent with the requirement in the new Section 3.29.340.A of geographic representation, the language in this subsection is purposed to effectuate such representation.

- **Sections 3.29.360.M and 3.29.360.N**: The Ordinance adds the responsibility of CPC to provide input in advance of the Mayor's performance evaluation of the OPA Director and the Council's performance evaluation of the IG.

- **Section 3.29.370.A.1**: The Ordinance clarifies the responsibility for CPC to conduct an "evaluation of the extent to which all of the purposes, duties, and responsibilities detailed in this Chapter 3.29 have been met" as part of CPC's annual report.

- **Section 3.29.370.B**: The Ordinance adds the responsibility for CPC to, "[i]n partnership with OIG...periodically evaluate and issue reports on how effective SPD's processes are in meeting community needs for a diverse work force, including the relevance of traditional disqualifying factors and the speed of the hiring process, to assess if there are unfair impediments to hiring and retaining diverse and skilled officers."[49]

- **Section 3.29.380**: Both the Filed Legislation and Ordinance eliminate the Office of Professional Accountability Review Board ("OPARB") and transition its core responsibilities to the CPC.[50] The Ordinance, however, preserves OPARB's access to unredacted OPA files, as well as the attendant protections thereof, and transitions that access to CPC. The Ordinance also includes provisions concerning the confidentiality of documents, which are similar to those in the OPA and OIG sections.[51] While this confidentiality language is similar to the previous iteration (as contained in the previous

---

[49] *See also* Brief, at p. 12, *infra* (§ 3.29.270.C).
[50] *See* Dkt. #328-1; *see also* Ordinance, Exh. 1, at pp. 10-13.
[51] *See* Brief, at p. 9, *supra* (§ 3.29.150).

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 15
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

Seattle Municipal Code Section 3.28.920), as it contains new terms, it is identified for the Court's review.

### F.     Subchapter IV – Mechanisms to Support Accountability

This subchapter represents the catchall portion of the Ordinance that sets forth various provisions that are purposed to improve and support the functioning of the overall accountability system.

Included in this subchapter are provisions concerning the disciplinary appeal process[52] and touching on other issues including, but not limited to: systemic recommendations and responses to same;[53] maintaining of records and databases;[54] and coordination and meetings between accountability entities.[55] Notably, while an option in the Filed Legislation that was reviewed and previously approved by the Court, the Ordinance opts to establish the Public Safety Civil Service Commission ("PSCSC") as the sole avenue for any appeals relating to SPD employee discipline.[56] As such, the Ordinance, like the Filed Legislation,[57] abolishes the Disciplinary Review Board.

While predominantly similar in concept and content, this subchapter of the Ordinance contains a number of differences from the Filed Legislation that are identified below:[58]

---

[52] *See* Ordinance, Exh. 1, pp. 84-87 (§ 3.29.420).

[53] *See, e.g.*, *id.* at pp. 80 (§ 3.29.400.B), 82 (§ 3.29.410.A).

[54] *See, e.g.*, *id.* at pp. 82 (§ 3.29.410.3), 90 (§ 3.29.440).

[55] *See, e.g.*, *id.* at p. 82 (§ 3.29.410.A.2).

[56] *See id.* at p. 86 (§ 3.29.420.A.7.a).

[57] *See* Dkt. #328-1, at p. 44 (§ 3.29.310.A.6).

[58] Included in the Ordinance is a provision that requires individual SPD employees who are members of an "SPD unit or board with authority to conduct administrative investigations or review compliance with policy" to ensure the referral to OPA of "any incident they review that involves such potential misconduct or policy violation." Ordinance, Exh. 1, at pp. 31-32 (§ 3.29.130.C). This provision was also contained in the Filed Legislation and was previously reviewed and approved by the Court. *See* Dkt. #328-1, at p. 11 (§ 3.29.026.C). To ensure the Court is fully apprised, the City notes that this provision is inconsistent with the current SPD Policy 8.500-POL-4(9), which provides that the Force Review Board Chair, not any individual member, is responsible for referring potential misconduct to OPA based on a majority vote of the Board or in the discretion of the Chair. This policy was previously reviewed and approved by the Court on July 27, 2015, and the substance of this new provision is inconsistent with portions of the Court's July 27 Order. *See* Dkt. #225, at pp. 5-8.

---

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 16
(12-CV-01282-JLR)

Peter S. Holmes
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

- **Section 3.29.400.B**: The Ordinance creates the joint responsibility of OIG and CPC to "present a mid-year report to the public safety committee on the status of recommendations issued by OPA, OIG, and CPC, including those which involve the City's budget, state legislative agenda, and collective bargaining agenda." This section describes the required content of the report, as well as who is expected to participate in the presentation.

- **Section 3.29.400.F**: The Ordinance adds a new provision that facilitates coordination between the City's Department of Finance and Administrative Services and OPA when tort claims are filed that may include allegations of potential misconduct by SPD employees. The Ordinance also provides for ongoing communication by OPA concerning the status of its investigations.

- **Section 3.29.410.A.1**: The Ordinance clarifies that a 30-day response to a recommendation by an accountability entity is only required for those recommendations contained in reports mandated by Chapter 3.29.

- **Section 3.29.410.A.2**: The Ordinance sets the requirement for OIG, OPA and CPC to meet at least quarterly to discuss the status of recommendations by accountability entities and the responses thereto.

- **Section 3.29.410.A.3**: The Ordinance also assigns CPC the duty to maintain and update a database containing the status of recommendations (as conveyed by the responding entity), and permits CPC to include its own analysis and comments in the database.

- **Section 3.29.410.B**: The Ordinance requires that SPD respond in writing to any Training Referral or Supervisor Action with a statement of the responsive actions taken by the

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW** - 17
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

Department. While this concept was contained in the definitions section of the Filed Legislation,[59] it was not, as it is now, a defined requirement in the body of the legislation.

- **Section 3.29.410.E**: The Ordinance adds requirements that the Mayor "identify any reductions to the OPA, OIG, or CPC baseline budgets in the proposed budget, or compared to the budgets as proposed to the Mayor by OPA, OIG, or CPC, with an explanation of the reasons for the reductions," which are purposed to help effectuate the transparency of the budgetary process.

- **Sections 3.29.420.A.2.a through 3.29.420.A.2.e**: The Ordinance provides more specificity concerning the various timelines for steps involved in the disciplinary and appeals processes.

- **Section 3.29.420.A.2.f**: The Ordinance adds a provision that cross-references the revised Chapter 4.08 as the source of authority governing disciplinary appeals.

- **Section 3.29.420.A.2.g**: The Ordinance includes a new provision that explicitly requires that the PSCSC abide by the timelines set forth in the revised Chapter 4.08.

- **Section 3.29.420.A.4**: The Ordinance enumerates circumstances in which the Chief has the discretion to suspend an officer from duty without pay. The Ordinance also specifies further protections for the employee, stating that "the employee shall be entitled to back pay if reinstated, less any amounts representing a sustained penalty of suspension."

- **Section 3.29.420.A.5**: The Ordinance sets the statute of limitations for disciplinary action on most misconduct as five years. This differs, at least in part, from both options in the Filed

---

[59] *See* Dkt. #328-1, at p. 2 (definitions of "Supervisor Action" and "Training Referral").

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 18 (12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

Legislation that were reviewed and approved by the Court.[60] In addition, the Ordinance expands on those types of misconduct for which there is no statute of limitations.

- **Section 3.29.420.A.6**: The Ordinance clarifies that all disciplinary appeals must proceed under the provisions set forth in Chapter 3.29 and the revised Chapter 4.08. The Ordinance provides, however, that where a hearing was already scheduled prior to the effective date of the Ordinance that hearing "shall continue in accordance with the relevant contractual or legislated procedures" that previously existed.

- **Section 3.29.420.A.7.b**: The Ordinance amplifies the qualifications for PSCSC Commissioners to preclude any individual currently employed by the City or employed by SPD in the last ten years from serving in that position. The Filed Legislation only preluded current City employees from serving on the PSCSC.[61]

- **Section 3.29.420.A.7.c**: The Ordinance adds that "[o]ral reprimands, written reprimands, 'sustained' findings that are not accompanied by formal disciplinary measures, and alleged procedural violations may be processed through grievance processes established by the City Personnel Rules or by Collective Bargaining Agreements, but no grievance procedure may result in any alteration of the discipline imposed by the Chief." The Ordinance further states that any such grievances are not subject to arbitration and cannot be appealed in any forum.

---

[60] The previously approved options provided for the following: (1) the statute of limitations was three years for minor misconduct, but there was no statute at all for any other type of misconduct; or (2) the statute of limitations for all misconduct was three years, except for allegations of criminal conduct or where the employee was alleged to have concealed acts of misconduct. *See id.* at p. 44 (§ 3.29.310.A.5).
[61] *See id.* at p. 45 (§ 3.29.310.A.7.b).

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 19
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

- **Section 3.29.420.A.8**: The Ordinance clarifies that SPD employees "shall not use any type of accrued time balances to be compensated while satisfying a disciplinary penalty that includes an unpaid suspension."[62]

- **Section 3.29.430.A**: The Ordinance requires that SPD additionally consult with OIG in "develop[ing] and implement[ing] [the] recruitment, hiring, testing, training, mentoring, assignment, and promotional practices" referenced in Section 3.29.430.[63]

- **Section 3.29.430.D**: The Ordinance adds OPA and CPC as entities that must be consulted before SPD "establish[es] an internal office, directed and staffed by civilians, to manage the secondary employment of its employees."[64]

- **Section 3.29.430.H**: The Ordinance provides that SPD shall also collaborate with CPC in the development and delivery of SPD in-service training relating to accountability.[65]

- **Section 3.29.440.B**: The Ordinance modifies this provision to clarify that the information SPD is required to maintain in a current and searchable public database is that available to the Department.

- **Section 3.29.480.B**: The Ordinance requires that whenever the City Attorney's Office declines to provide legal representation to an accountability entity based on a conflict of interest, lack of necessary expertise or capacity issues, the entity is informed in writing of the reason(s) for the City Attorney's decision and outside "private legal counsel" is to be provided.

---

[62] The addition of the word "any" is the only substantive modification of this sentence from the Filed Legislation. *See id.* at p. 46 (§ 3.29.310.A.10).
[63] The Filed Legislation only required consultation with CPC. *See id.* at pp. 46-47 (§ 3.29.315.B).
[64] The Filed Legislation only required consultation with OIG. *See id.* at p. 47 (§ 3.29.315.E).
[65] The Filed Legislation only required collaboration with OPA and OIG. *See id.* at p. 48 (§ 3.29.315.I).

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 20
(12-CV-01282-JLR)

Peter S. Holmes
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

G.      **Chapter 14.12 – Intelligence Auditor**

Section 3.29.110.A.14 of the Filed Legislation tasked the IG to "[p]erform the police intelligence auditor functions defined in Chapter 14.12."[66] While the Court previously approved the concept of the IG carrying out the duties of the Intelligence Auditor,[67] the Court did not previously review the specific itemization of tasks that is set forth in the Ordinance. The following provisions, which are contained in the revised Chapter 14.12, are thus identified for the Court's review:

- **Section 14.12.310**: The Ordinance establishes that the IG or the IG's designee(s) will perform the duties of the Intelligence Auditor and ensures that proper protections are taken to protect the confidentiality of sensitive documents and materials, including requiring background checks on OIG staff with access to same.

- **Section 14.12.320**: Consistent with the intent of the original Chapter 14.12, the Ordinance sets forth what documents should not be reviewed by the OIG in performing the duties of the Intelligence Auditor.

H.      **Chapter 4.08 – Public Safety Civil Service Commission**

The Filed Legislation contained alterations to the PSCSC, notably eliminating the employee-elected representative and changing the membership to two Mayoral appointees and one Council appointee.[68] The Filed Legislation further contained two proposals concerning disciplinary appeal processes, one of which was that the PSCSC would be the sole avenue for any disciplinary appeal, whether brought by the employee or the police unions.[69]

The Ordinance opts for the proposal making PSCSC the only avenue for disciplinary appeals and, consistent with that policy choice, makes further revisions to Chapter 4.08—which

---

[66] *Id.* at p. 22.
[67] *See generally* Dkt. #357.
[68] *See* Dkt. #328-1, at p. 45.
[69] *See id.* at p. 44.

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 21
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

governs the PSCSC—to effectuate this legislative decision. While these further revisions advance legislative proposals previously approved by the Court, they are new terms that are identified for the Court's review. These provisions are the following:

- **Section 4.08.040.A**: The Ordinance specifies the staggering of commissioner terms, commencement dates, and the calculation of term length.

- **Section 4.08.040.B**: The Ordinance clarifies that current City employees, as well as any individual who worked for SPD within the past ten years, is ineligible to be a commissioner on the PSCSC.

- **Section 4.08.070.J**: The Ordinance provides more detail concerning the ability of the PSCSC to refer matters to a hearing officer that it retains or a hearing officer from the City of Seattle Office of the Hearing Examiner, and sets forth the required qualifications of such an officer.

- **Sections 4.08.100 and 4.08.105**: The latter section reworks the provisions of the current Chapter 4.08 concerning the removal, suspension, demotion, or discharge of SPD employees, and the due process guarantees in such proceedings. The former section is identical to the current Code except that it clarifies that Section 4.08.100 now only applies to Seattle Fire Department employees, as Section 4.08.105 now governs SPD employees.

Both the Filed Legislation and the Ordinance contain language concerning changes in the way preference points are utilized for the hiring of SPD employees.[70] In the Ordinance, the language in Section 3.29 is further fleshed out in Section 4.08. As such, the following section is identified for the Court's review:

- **Section 4.28.070.F**: The Ordinance creates preference points for fluency in languages in

---

[70] *See id.* at p. 47 (§ 3.29.315.D).

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 22
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

addition to English, as well as for community service and work experience. It also sets limitations on total credits from preference points.

### I.   Companion Resolution

In addition to approving the Ordinance, the Council also unanimously passed a **companion resolution**.[71] This resolution contains several items that were originally contained in the Filed Legislation and which have been previously reviewed and approved by the Court.[72]

The resolution contains two new provisions that have not been reviewed by the Court. These provisions are identified below:

- **Section 3**: The resolution provides that OIG and CPC will together review Chapter 14.12 and advise the Council as to any recommended revisions thereto.

- **Section 5**: The resolution gives CPC authority to convene stakeholder groups to examine the "feasibility of establishing mechanisms to use investigation and review processes wholly external to SPD for cases involving serious and deadly uses of force" and to provide approved recommendations to the Council.

### J.   Budget Ordinance

Also attached for the Court's review is the **budget ordinance** that was also unanimously passed by the Council on May 22, 2017.[73] The budget ordinance provides funding and position authority in the 2017 fiscal year to support the creation of the new OIG. It also makes technical adjustments to rename the OPA budget, and to set up the CPC budget as separate from the

---

[71] *See* Companion Resolution, Resolution #31753, attached at Exhibit "2."

[72] These include: (1) Section 2, previously included in the Filed Legislation at 3.29.110.A.9; and (2) Section 6, previously included in the Filed Legislation at 3.29.215.A.19. *See id.* at pp. 2-3. Also included is Section 4, which largely mirrors the requirement contained in the Filed Legislation that the OIG conduct a study to determine the effectiveness of OPA's sworn/civilian staffing combination. *See* Dkt. #328-1, at p. 22 (§ 3.29.110.A.15). However, the obligation to conduct periodic reviews was not carried over to the resolution.

[73] *See* Budget Ordinance, Council Bill #118908, attached at Exhibit "3."

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 23
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

Executive Department budget.[74] While the City does not believe that Court review of the budget ordinance is necessarily required, the City provides this ordinance to the Court regardless.

### III.     Next Steps

Pursuant to the Court's August 9 Order and consistent with the terms of the Ordinance, the new and modified provisions of the Ordinance must be reviewed and approved by the Court prior to becoming effective. If newly approved provisions do not require collective bargaining, they may become effective immediately after the Court's review is completed.[75] If collective bargaining is required—both for newly approved provisions and any other previously reviewed provisions— those portions of the Ordinance will not become effective until the City has satisfied its legal obligations in this regard.[76] The City is committed to engaging in bargaining promptly and is confident that bargaining will proceed in good faith.[77] However, should it become necessary, the City will raise any legally appropriate issues with the Court at a later time pursuant to Paragraph 227 of the Consent Decree. In addition, to the extent collective bargaining results in material changes to the legislation or attempts to re-incorporate terms that have previously been disapproved by this Court, the City will again submit the legislation to the Court to ensure, from the Court's perspective, that the legislation is consistent with the Court's prior orders, the Consent Decree, and the United States Constitution.

Lastly, the portions of the legislation that remain unchanged from the Filed Legislation, were previously reviewed and approved, and do not require collective bargaining will become

---

[74] *See id.*
[75] This presupposes, as the City anticipates, that the Court's review will be concluded later than 30 days after Mayoral signature.
[76] *See* Ordinance, Exh. 1, at pp. 105-106 (§ 3.29.510).
[77] The City takes at face value the public statements made by SPOG President Kevin Stuckey before the Council on May 22, 2017. *See* http://www.seattletimes.com/seattle-news/crime/seattle-city-council-passes-historic-police-accountability-legislation/.

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 24
(12-CV-01282-JLR)

Peter S. Holmes
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

effective within 30 days of Mayoral signature.[78] The City is committed to moving forward with these aspects of the Ordinance in 2017, including, but not limited to, the creation of the OIG and the search for, nomination and appointment of the IG and OPA Director.

With regard to the IG and OPA Director, as indicated herein, the Ordinance includes a minor addition to the candidate search process—namely, requiring that the search committees be comprised of 25 percent CPC Commissioners.[79] The Filed Legislation contained no such requirement.[80] The City is mindful that these additions have not been reviewed and approved by the Court. Given, however, the City's interest in expeditiously moving forward with this process, the City respectfully requests that the Court prioritize consideration of these discrete provisions. DOJ consents to this request.

The City thanks the Court for its consideration of these matters and respectfully requests that the Court approve the new and modified provisions of the Ordinance.

DATED this 21st day of June, 2017.

For the CITY OF SEATTLE

*s/Andrew T. Myerberg*
Andrew T. Myerberg, WSBA #47746
Assistant City Attorney
Seattle City Attorney's Office
701 Fifth Avenue, 20th Floor
Phone: (206) 386-0077
Email: andrew.myerberg@seattle.gov

---

[78] To the extent the Court requests, the City can provide a list of these provisions.
[79] *See* Ordinance, Exh. 1, at p. 24 (§ 3.29.115.B), p. 48 (§ 3.29.320.B).
[80] *See* Dkt. #328-1, at p. 8 (§ 3.29.020.C.1), p. 26 (§ 3.29.114.B).

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY ORDINANCE FOR FURTHER COURT REVIEW**- 25
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

1

**CERTIFICATE OF SERVICE**

2     I hereby certify that on June 21, 2017, I electronically filed the foregoing with the Clerk

3  of the Court using the CM/ECF system on the following counsel of record:

4     Andrew T. Myerberg     andrew.myerberg@seattle.gov,

5     Annette L. Hayes         Annette.Hayes@usdoj.gov

6     Brian G. Maxey           brian.maxey@seattle.gov

7     Christina Fogg           Christina.Fogg@usdoj.gov

8     Eric M Stahl             ericstahl@dwt.com

9     Gregory C. Narver        gregory.narver@seattle.gov

10    J. Michael Diaz          michael.diaz@usdoj.gov

11    Kerry Jane Keefe         kerry.keefe@usdoj.gov

12    Matthew Barge            matthewbarge@parc.info

13    Peter S. Holmes          peter.holmes@seattle.gov

14    Peter S. Ehrlichman      ehrlichman.peter@dorsey.com

15    Puneet Cheema            puneet.cheema2@usdoj.gov

16    Rebecca Boatright        rebecca.boatright@seattle.gov

17    Rebecca S. Cohen         rebecca.cohen@usdoj.gov

18    Ronald R. Ward           Ron@wardsmithlaw.com

19    Timothy D. Mygatt        timothy.mygatt@usdoj.gov

     DATED this 21st day of June, 2017, at Seattle, King County, Washington.

20

21                                    *s/Andrew T. Myerberg*
                                     Andrew T. Myerberg, Assistant City Attorney
22                                    E-mail:  andrew.myerberg@seattle.gov

23

**CITY'S BRIEF SUBMITTING THE ACCOUNTABILITY
ORDINANCE FOR FURTHER COURT REVIEW**- 26
(12-CV-01282-JLR)