1

The Honorable James L. Robart

2

3

4

5

6                    UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON AT SEATTLE

7

8   UNITED STATES OF AMERICA,                No. 12-cv-1282-JLR

                        Plaintiff,           THE ESTATE OF CHARLEENA
9                                            LYLES' EMERGENCY MOTION TO
         vs.                                 INTERVENE FOR THE PURPOSES
10                                           OF PROVIDING ADDITIONAL
    CITY OF SEATTLE,                         CRITICAL INFORMATION TO THE
11                                           COURT
                        Defendant.
                                             **NOTE ON MOTION CALENDAR:**
12                                           **December 5, 2017**

13

14                    **I.       Relief Requested.**

15          Comes now the Estate of Charleena Lyles, through its Personal Representative

16   Commissioner Eric Watness through its undersigned counsel; and moves the Court for an Order

17   allowing it to intervene on an emergency basis, in the above entitled matter for the purpose of

18   providing critical information relating to the circumstances leading up to the shooting death of

19   Charleena Lyles by the Seattle Police Department and its officers on June 18, 2017.

20          **II.      Procedural history regarding the Estate of Charleena Lyles.**

21          The Estate of Charleena Lyles has been in legal flux until recently and unable to more

22   timely bring this motion to intervene.  In particular, the Personal Representative was removed

23   and replaced; numerous interrelated guardianship and guardian ad litem proceedings were and

24   THE ESTATE OF CHARLEENA LYLES'
     EMERGENCY MOTION TO INTERVENE FOR
     THE PURPOSES OF PROVIDING ADDITIONAL
     CRITICAL INFORMATION TO THE COURT 1
     Case No. 12-cv-1282 JLR

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15TH Ave West. Suite 300
Seattle, WA 98119
206-448-1777
Fax – 206-728-2131

1   have been instituted on behalf of the four surviving minor children of Charleena Lyles; and until

2   this past week, the PR of the Estate was still evaluating its legal counsel.

3        The Estate of Charleena Lyles has not yet been given access to the findings of the SPD's

4   Force Review Board which have been quoted by the Seattle Times but not yet verified by the

5   Department.  An internal investigation into Officer Anderson's failure to carry his taser has not

6   yet been completed.  Full discovery has not been produced by the SPD.  However, the Estate of

7   Charleena Lyles has commenced its own investigation.  Now, in light of this Court's request for

8   additional information into the circumstances leading up to the shooting death of Charleena

9   Lyles, her Estate brings this emergency motion to intervene in the above cause solely for the

10   purpose of providing additional critical information to the Court so that it can fully review this

11   matter.

12   **III.**      **Summary of Additional Facts Sought to be Introduced if Intervention is Allowed.**

13        The Estate of Charleena Lyles maintains that unless it is able to provide critical evidence

14   of factual circumstances leading up to her shooting death; that the Court will only receive a

15   carefully tailored one-sided analysis by the SPD.  The Estate would like to elucidate the

16   following key areas of concern:

17        Seven months before her death, Charleena Lyles was a formerly homeless mother of four

18   children, deemed to be "in crisis" and placed into the Brettler Family Place in Magnuson Park

19   which is operated by Solid Ground.  She was well known by the police both due to her repeated

20   victimization in domestic violence attacks and also her deteriorating mental health status.

21        Between January 2017 and June 2017, twenty three (23) calls were made from Charleena

22   Lyles' apartment, including:  10 domestic disturbances; 4 domestic assaults, 3 reports of

23   burglary, 2 child abuse/neglect, 1 threat, 1 welfare check, 1 missing child, and 1 follow up on a

24

THE ESTATE OF CHARLEENA LYLES'
EMERGENCY MOTION TO INTERVENE FOR
THE PURPOSES OF PROVIDING ADDITIONAL
CRITICAL INFORMATION TO THE COURT 2
Case No. 12-cv-1282 JLR

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15TH Ave West. Suite 300
Seattle, WA 98119
206-448-1777
Fax – 206-728-2131

1   prior disturbance.  These calls were extraordinary in number and demonstrate the Seattle Police

2   Department's (SPD) notice of Charleena Lyles' vulnerable status.

3        Less than two weeks before her shooting death, on June 5, 2017, Charleena Lyles called

4   911 and reported another domestic violence attack.  Shortly after arrival two officers (Legg and

5   Bauer) requested immediate assistance.  Charleena Lyles armed herself with extra-long, metal

6   shears.  She was making unusual comments such as wanting to "morph into a wolf" and talked

7   about "cloning her daughter."  She was sure the police officers were devils and also members of

8   the KKK.  The officers determined she was suffering a mental health crisis and engaged in de-

9   escalation techniques.  She was instructed to drop the shears and move away from them.  She did

10   so.  As a result of this incident Charleena Lyles was jailed and appeared in Mental Health Court

11   on Tuesday, June 13, 2017 where she was ordered to be released from jail the next day with

12   conditions.

13        Four days after she was released from jail, on Sunday June 18, 2017, at 8:55 a.m. in the

14   morning, Charleena Lyles called 911 for help due to a burglary.  SPD Officer Anderson who was

15   hired by SPD in 2015 and had only eight hours of crisis training responded to this call.  He

16   remembered that he had been to the unit before.  He noted that Charleena Lyles had been flagged

17   as an officer safety caution.  He called Officer McNew for additional assistance.  Officer McNew

18   was hired by the SPD in 2008 and had received forty hours of advanced crisis training (CIT).

19   Officer McNew asked if Charleena Lyles had been "flagged mental" and Officer Anderson

20   replied: no - just an officer safety caution.  Regardless if this response was accurate or not,

21   Officer Anderson told Officer McNew that Charleena Lyles had very recently exhibited behavior

22   with other officers that involved brandishing shears, "talking all crazy" and making "weird

23   statements."

24   THE ESTATE OF CHARLEENA LYLES'
EMERGENCY MOTION TO INTERVENE FOR
THE PURPOSES OF PROVIDING ADDITIONAL
CRITICAL INFORMATION TO THE COURT 3
Case No. 12-cv-1282 JLR

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15TH Ave West. Suite 300
Seattle, WA 98119
206-448-1777
Fax – 206-728-2131

1       The officers spent zero time coming up with any strategy or plan, in terms of interacting

2 with Charleena Lyles or to ensure her safety and that of her young children.  Instead they simply

3 agreed that they would make sure she was not between them and the door (a logistic which they

4 failed to implement).

5       During the officers' visit, Charleena Lyles was overcome with a mental health

6 exacerbation.  The officers completely lost their composure.  This was complicated by the fact

7 that Officer Anderson violated SPD rules by leaving his taser in his locker and could not use this

8 tool when instructed to do so by Officer McNew.

9       The officers shouted a few times for Charleena Lyles to "get back," though this was

10 confusing since they were on either side of her.  They forgot to tell her to drop her weapon.

11 Officer McNew was so rattled he forgot what to say.   After making no physical attempt to

12 disarm Charleena Lyles, the officers shot and killed her in front of two of her children and within

13 the hearing of a third child.  The Medical Examiner determined that Charleena Lyles was shot

14 seven times both from the front and from the back.

## IV.    Issue

Should the Court permit intervention by The Estate of Charleena Lyles for the purpose of allowing it to provide critical evidence regarding the facts and circumstances that led up to the shooting death of Charleena Lyles on June 18, 2017.

## V.    Legal Authority

Fed R. Civ. P. 24(a)(2) grants a party the right to intervene if (1) its motion is "timely," (2) it "ha[s] a significantly protectable interest relating to the property or transaction that is the subject of the action"; (3) it is "situated such that the disposition of the action may impair or impede the party's ability to protect that interest"; and (4) it is "not adequately represented by

THE ESTATE OF CHARLEENA LYLES'
EMERGENCY MOTION TO INTERVENE FOR
THE PURPOSES OF PROVIDING ADDITIONAL
CRITICAL INFORMATION TO THE COURT 4
Case No. 12-cv-1282 JLR

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15TH Ave West. Suite 300
Seattle, WA 98119
206-448-1777
Fax – 206-728-2131

1    existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citing Fed. R. Civ.

2    P. 24(a)(2)).

3           First, the motion is as timely as possible given the replacement of the Personal

4    Representative.

5           Second, a party has a protectable interest in the outcome of a suit that might, "as a

6    practical matter, bear significantly on the resolution of [its] claims" in a "related action." *United*

7    *States v. Stringfellow*, 783 F.2d 821, 826 (9th Cir. 1986), *vacated on other grounds sub nom.*

8    *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 107 S. Ct. 1177, 94 L. Ed. 2d 389

9    (1987); *see, e.g.*, *In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 986-

10   87 (9th Cir. 2008) (holding intervention proper where "an issue [the intervenor] raised in one

11   proceeding… lands in another proceeding for disposition"); *U.S. ex rel. McGough v. Covington*

12   *Techs. Co.*, 967 F.2d 1391, 1396 (9th Cir. 1992) (finding no "serious[] dispute" that a party may

13   intervene in a suit that might "preclude [it] from proceeding with claims" in a separate

14   proceeding).

15          Third, the Estate of Charleena Lyles and the City of Seattle are now in active litigation in

16   part over these same issues in King County Superior Court Cause No. 17-2-23731-1.  This

17   Court's request for the City to provide more information into Charleena Lyles' shooting death

18   for purpose of reviewing its compliance with the 2012 Consent Decree should be balanced with

19   information provided by her Estate, otherwise the instant case "may as a practical matter impair

20   or impede [an applicant's] ability to safeguard [its] protectable interest." *Smith v. Los Angeles*

21   *Unified Sch. Dist.*, 830 F.3d 843, 862 (9th Cir. 2016).

22          The final requirement of the test for intervention is "minimal," and is satisfied so long as

23   "the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens*

24
THE ESTATE OF CHARLEENA LYLES'
EMERGENCY MOTION TO INTERVENE FOR
THE PURPOSES OF PROVIDING ADDITIONAL
CRITICAL INFORMATION TO THE COURT 5
Case No. 12-cv-1282 JLR

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15TH Ave West. Suite 300
Seattle, WA 98119
206-448-1777
Fax – 206-728-2131

1    *for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011). Three factors

2    are relevant in conducting this inquiry: "(1) whether the interest of a present party is such that it

3    will *undoubtedly* make *all* of a proposed intervenor's arguments; (2) whether the present party is

4    capable and willing to make such arguments; and (3) whether a proposed intervenor would offer

5    any necessary elements to the proceeding that other parties would neglect." *Citizens for*

6    *Balanced Use*, 647 F.3d at 898 (emphases added).   Here, the SPD's interests are directly adverse

7    to those of the Estate of Charleena Lyles thus satisfying this last prong.

8         Alternatively, The Estate of Charleena Lyles should be permitted to intervene in this

9    matter pursuant to Rule 24(b). Permissive intervention typically requires "(1) an independent

10   ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between

11   the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v.*

12   *Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

13        DATED this 5th day of December, 2017.

14

15

16        _____
          Karen K. Koehler, WSBA #15325
17        STRITMATTER KESSLER WHELAN
          KOEHLER MOORE KAHLER

18

19

20

21

22

23

24   THE ESTATE OF CHARLEENA LYLES'
     EMERGENCY MOTION TO INTERVENE FOR
     THE PURPOSES OF PROVIDING ADDITIONAL
     CRITICAL INFORMATION TO THE COURT 6
     Case No. 12-cv-1282 JLR

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15TH Ave West. Suite 300
Seattle, WA 98119
206-448-1777
Fax – 206-728-2131

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that I electronically filed the foregoing document with the Clerk of the

3    Court using the CM/ECF system which will send notification of filing to the following persons:

4    **J. Michael Diaz**
     UNITED STATES ATTORNEY'S OFFICE
5    700 STEWART STREET STE 5220
     SEATTLE, WA 98101
6    206-553-4358
     Email: michael.diaz@usdoj.gov
7
     **Kerry Jane Keefe**
8    US ATTORNEY'S OFFICE (SEA)
     700 STEWART ST STE 5220
9    SEATTLE, WA 98101-1271
     206-553-2640
10   Email: kerry.keefe@usdoj.gov

11   **Rebecca Shapiro Cohen**
     US ATTORNEY'S OFFICE (SEA)
12   700 STEWART ST
     STE 5220
13   SEATTLE, WA 98101-1271
     206-553-6526
14   Fax: 206-553-4073
     Email: rebecca.cohen@usdoj.gov
15
     **Timothy D Mygatt**
16   US DEPARTMENT OF JUSTICE
     CIVIL RIGHTS DIVISION
17   950 PENNSYLVANIA AVENUE
     WASHINGTON, DC 20530
18   202-305-3334
     Email: timothy.mygatt@usdoj.gov
19
     **Annette L Hayes**
20   US ATTORNEY'S OFFICE (SEA)
     700 STEWART ST
21   STE 5220
     SEATTLE, WA 98101-1271
22   206-553-7970
     Email: Annette.Hayes@usdoj.gov
23

24   THE ESTATE OF CHARLEENA LYLES'
     EMERGENCY MOTION TO INTERVENE FOR
     THE PURPOSES OF PROVIDING ADDITIONAL
     CRITICAL INFORMATION TO THE COURT 7
     Case No. 12-cv-1282 JLR

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15TH Ave West. Suite 300
Seattle, WA 98119
206-448-1777
Fax – 206-728-2131

**Christina Fogg**
US ATTORNEY'S OFFICE (SEA)
700 STEWART ST
STE 5220
SEATTLE, WA 98101-1271
206-553-7970
Email: Christina.Fogg@usdoj.gov

**Puneet Cheema**
US DEPT. OF JUSTICE
CIVIL RIGHTS DIVISION
601 D STREET NW
WASHINGTON, DC 20005
202-353-7725
Email: puneet.cheema2@usdoj.gov

**Michael K Ryan**
SEATTLE CITY ATTORNEY'S OFFICE
701 FIFTH AVENUE
SUITE 2050
SEATTLE, WA 98104-7097
206-684-8207
Fax: 206-684-8284
Email: michael.ryan@seattle.gov

**Peter Samuel Holmes**
SEATTLE CITY ATTORNEY'S OFFICE
701 FIFTH AVENUE
SUITE 2050
SEATTLE, WA 98104-7097
206-684-8200
Email: peter.holmes@seattle.gov

**Brian G Maxey**
SEATTLE POLICE DEPT., LEGAL UNIT
CITY OF SEATTLE JUSTICE CENTER
610 FIFTH AVENUE
P.O. BOX 34986
SEATTLE, WA 98124-4986
206-733-9001
Fax: 206-684-8284
Email: brian.maxey@seattle.gov

**Carlton Wm Seu**
SEATTLE CITY ATTORNEY'S OFFICE

THE ESTATE OF CHARLEENA LYLES'
EMERGENCY MOTION TO INTERVENE FOR
THE PURPOSES OF PROVIDING ADDITIONAL
CRITICAL INFORMATION TO THE COURT 8
Case No. 12-cv-1282 JLR

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15TH Ave West. Suite 300
Seattle, WA 98119
206-448-1777
Fax – 206-728-2131

701 FIFTH AVENUE
SUITE 2050
SEATTLE, WA 98104-7097
206-733-9390
Email: carlton.seu@seattle.gov

**Gary T Smith**
SEATTLE CITY ATTORNEY'S OFFICE
701 FIFTH AVENUE
SUITE 2050
SEATTLE, WA 98104-7097
206-733-9318
Fax: 206-684-8284
Email: gary.smith@seattle.gov

**Gregory Colin Narver**
SEATTLE CITY ATTORNEY'S OFFICE
PO BOX 94769
600 FOURTH AVE 4TH FL
SEATTLE, WA 98124-4769
206-684-8233
Email: gregory.narver@seattle.gov

**Josh Johnson**
SEATTLE CITY ATTORNEY'S OFFICE
701 FIFTH AVENUE
SUITE 2050
SEATTLE, WA 98104-7097
206-386-1099
Email: josh.johnson@seattle.gov

**Rebecca Boatright**
SEATTLE POLICE DEPARTMENT
LEGAL UNIT
CITY OF SEATTLE JUSTICE CENTER
610 FIFTH AVENUE
PO BOX 34986
SEATTLE, WA 98124-4986
206-684-5769
Email: rebecca.boatright@seattle.gov

**Peter Scott Ehrlichman**
DORSEY & WHITNEY (WA)
701 FIFTH AVENUE
SUITE 6100

THE ESTATE OF CHARLEENA LYLES'
EMERGENCY MOTION TO INTERVENE FOR
THE PURPOSES OF PROVIDING ADDITIONAL
CRITICAL INFORMATION TO THE COURT 9
Case No. 12-cv-1282 JLR

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15TH Ave West. Suite 300
Seattle, WA 98119
206-448-1777
Fax – 206-728-2131

1    SEATTLE, WA 98104-7043
     206-903-8800
2    Email: ehrlichman.peter@dorsey.com

3    **Ronald R Ward**
     WARD SMITH PLLC
4    1000 2ND AVENUE
     SUITE 4050
5    SEATTLE, WA 98104-1023
     206-957-1272
6    Email: Ron@wardsmithlaw.com

7    **Matthew Barge**
     POLICE ASSESSMENT RESOURCE CENTER
8    PO BOX 27445
     4954 CROMWELL AVENUE
9    LOS ANGELES, CA 90027
     213-623-5757
10   Email: matthewbarge@parc.info

11   **Hillary H McClure (Police Officer's Guild)**
     Vick, Julius, McClure
12   5506 6TH AVE S
     STE 201A
13   SEATTLE, WA 98108
     206-957-0926
14   Email: hillarym@vjmlaw.com

15   **Kristina M Detwiler (Sea Police Mngmnt Assoc)**
     Robblee Detwiler and Black, PLLP
16   2101 Fourth Avenue
     Suite 1000
17   Seattle, WA 98121
     United Sta
18   (206) 467-6700
     Email: kdetwiler@unionattorneysnw.com

19
      December 5, 2017                         */s/ Elodie Daquila*
20                                             _____
                                               Elodie Daquila, Paralegal
21

22

23

24   THE ESTATE OF CHARLEENA LYLES'
     EMERGENCY MOTION TO INTERVENE FOR
     THE PURPOSES OF PROVIDING ADDITIONAL          STRITMATTER KESSLER WHELAN
     CRITICAL INFORMATION TO THE COURT 10                 KOEHLER MOORE KAHLER
     Case No. 12-cv-1282 JLR                       3600 15TH Ave West. Suite 300
                                                          Seattle, WA 98119
                                                             206-448-1777
                                                       Fax – 206-728-2131