UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. C12-1282JLR |
|---|---|
| Plaintiff, | ORDER DENYING NON-PARTY'S MOTION FOR RECONSIDERATION |
| v. | |
| CITY OF SEATTLE, | |
| Defendant. | |

Before the court is non-party Isabelle Kerner's motion for reconsideration of the court's order denying her motion to intervene. (MFR (Dkt. # 475); *see also* 7/19/18 Order (Dkt. # 465).) The court has considered Ms. Kerner's motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Ms. Kerner's motion.

First, Ms. Kerner's motion is untimely. Local Rule LCR 7(h)(2) requires that a motion for reconsideration "shall be filed within fourteen days after the order to which it relates is filed." Local Rules W.D. Wash. LCR 7(h)(2). The court filed its order denying

Ms. Kerner's motion to intervene on July 19, 2018. (*See generally* 7/19/18 Order.) Ms. Kerner did not move for reconsideration until August 6, 2018, which is more than fourteen days after the court's July 19, 2018, order. (*See generally* MFR.) Ms. Kerner's motion is, therefore, untimely, and the court denies it on this ground.

In addition, a motion for reconsideration is disfavored, and the court will ordinarily deny it unless there is a showing of (1) manifest error in the prior ruling, or (2) new facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence. Local Rules W.D. Wash. LCR 7(h)(1). Ms. Kerner makes neither showing. Thus, even if her motion were timely, the court would nevertheless deny it on substantive grounds.

Specifically, Ms. Kerner argues that she is entitled to intervene as of right under 28 U.S.C. § 2403(a). (MFR at 1-2.) That statute, however, concerns the right of the United States to intervene in any action "wherein the constitutionality of any Act of Congress affecting public interest is drawn into question." 28 U.S.C. § 2403(a). The statute does not provide a basis for an individual citizen, such as Ms. Kerner, to intervene either permissively or as of right in any action. *See id.*

In addition, Ms. Kerner argues that the court should grant her permissive intervention because she contends that the Seattle Police Department ("SPD") "continues to engage in a pattern or practice that violates the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment." (MFR at 3.) This argument, however, fails to address the requirements for permissive intervention under Rule 24(b)(1). *See* Fed. R. Civ. P. 24(b)(1). Specifically, Ms. Kerner fails to demonstrate that she has been

"given a conditional right to intervene by federal statute," *see* Fed. R. Civ. P. 24(b)(1)(A), or that she "has a claim or defense that shares with the main action a common question of law or fact," *see* Fed. R. Civ. P. 24(b)(1)(B).

Finally, Ms. Kerner details a personal grievance she has against SPD and some of its officers based on events allegedly occurring on October 8, 2017. (*See* Mem. (Dkt. # 475-1) at 5-13.) Even assuming Ms. Kerner's allegations are true, her assertions do not provide a basis for either intervention as of right or permissive intervention under Rule 24. *See* Fed. R. Civ. P. 24.

In sum, Ms. Kerner's motion for reconsideration is untimely. *See* Local Rules W.D. Wash. LCR 7(h)(2). In addition, Ms. Kerner has made neither of the substantive showings required under Local Rule LCR 7(h)(1)—either manifest error in the prior ruling, or new facts or legal authority that could not have been brought to the court's attention earlier with reasonable diligence. *See id.*, LCR 7(h)(1). For those reasons, the court DENIES Ms. Kerner's motion for reconsideration (Dkt. # 475).

Dated this 15th day of August, 2018.

JAMES L. ROBART
United States District Judge