# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. C12-1282JLR |
| Plaintiff, | ORDER SCHEDULING A STATUS CONFERENCE |
| v. | |
| CITY OF SEATTLE, | |
| Defendant. | |

Before the court is a letter from Jenny A. Durkan, Mayor of Defendant City of Seattle ("the City"), and Carmen Best, Chief of Police of the Seattle Police Department ("SPD"). (Letter (Dkt. # 484).) The letter informs the court that Mayor Durkan's office has successfully negotiated a Tentative Agreement ("TA") with the Seattle Police Officers' Guild ("SPOG"). (*Id.* at 1.)

Based on the foregoing, the court hereby SCHEDULES a status conference for November 1, 2018, at 1:30 p.m. The court DIRECTS the parties and other interested entities as described below to address the following topics at the status conference:

(1) the process and timeline by which the TA will be finalized;

        (2) next steps in the event the TA is not finalized;

        (3) the parties' preliminary positions on whether the TA complies with the terms and purpose of the Consent Decree;[1]

        (4) the point at which the court should review any agreement between the City and SPOG to ensure compliance with the Consent Decree, and the process for such a review.[2]

The purpose of the November 1, 2018, status conference is not for the court to make any substantive determinations concerning the TA, but rather to update the court on the current status of events involving the TA and to formulate a plan for moving forward

---

[1] The Consent Decree consists of the parties' Settlement Agreement (Dkt. # 3-1) with modifications agreed to by the parties and approved by the court (Dkt. # 13) on September 21, 2012. The court acknowledges that further briefing on this topic may be required in the future and so does not envision exhaustive analysis from the parties on the issue of compliance with the Consent Decree at this time. Instead, the court is interested in hearing about or having the parties highlight possible provisions or areas that may be of issue or concern to the court once the TA is finalized or at the time the court conducts a substantive review.

[2] The court's interest in the TA pertains to the TA's compliance with the Consent Decree. Whether or not the TA is consistent with the City's Accountability Ordinance is of interest to the court only to the extent that changes to that Ordinance may implicate the Consent Decree. Similarly, the court's interest in the collective bargaining process is based solely on its concern with the City's and SPD's successful completion of Phase II of the Consent Decree and the City's and SPD's continued compliance with the Consent Decree. (*See, e.g.*, 1/10/18 Order (Dkt. # 439) at 15 ("The court has previously indicated that it will not grant final approval to the City's new police accountability ordinance until after collective bargaining is complete. . . . If collective bargaining results in changes to the accountability ordinance that the court deems to be inconsistent with the Consent Decree, then the City's progress in Phase II will be imperiled."); *see also* 9/7/17 Order (Dkt. # 413) at 3 ("The court declines to rule on a variant of the [Accountability] Ordinance, but will await the final version that is ultimately implemented following collective bargaining."); *id.* at 4 ("The court's approval of sections 3.29.115(A)-(B) and 3.29.230(A)-(B)) of the [Accountability] Ordinance, however, is conditional. If these provisions change in any way, as a result of the collective bargaining process or otherwise, the parties must so inform the court and resubmit the provisions to the court for further review.").)

in a manner consistent with Phase II of the Consent Decree in light of recent events. To prepare for the status conference, the court ORDERS the City and Plaintiff United States of America to each submit a memorandum no later than Monday, October 29, 2018, that addresses the topics listed above and is no more than ten (10) pages in length. In addition, the SPD and the Community Police Commission each may, but are not required to, submit a separate memorandum addressing the same topics and subject to the same deadline and page limitation.

Dated this 23rd day of October, 2018.

JAMES L. ROBART
United States District Judge