THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:12-cv-01282-JLR |
| Plaintiff, | ) | |
| | ) | **CITY OF SEATTLE'S UNOPPOSED** |
| v. | ) | **MOTION FOR COURT APPROVAL OF** |
| | ) | **REVISIONS TO SEATTLE POLICE** |
| CITY OF SEATTLE, | ) | **DEPARTMENT'S POLICIES** |
| | ) | |
| Defendant. | ) | **NOTE ON MOTION CALENDAR:** |
| | ) | **January 17, 2019** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

The City of Seattle moves for an order approving the proposed revisions of the Seattle Police Department ("SPD") to its Early Intervention System Policy. The Department of Justice ("DOJ") and the Monitor have approved the proposed revisions. They are attached in redline format as Exhibit A.[1]

---

[1] Grammatical and formatting changes are not reflected in the redline.

**CITY OF SEATTLE'S UNOPPOSED MOTION FOR COURT APPROVAL OF REVISIONS TO SPD'S POLICIES** - 1
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

I.      **Background**

The Consent Decree required SPD to draft or revise policies addressing its core topics. The City drafted, revised, and implemented those policies with the assistance of the Monitor, the Department of Justice ("DOJ"), and the Community Police Commission ("CPC"), and with the approval of the Court and Monitor in the years leading to the Court's January 2018 ruling that the City had achieved full and effective compliance with the Consent Decree.

During the sustainment period following full and effective compliance, the City, DOJ, and the Monitor agreed that SPD would review Consent-Decree-mandated policies annually, consult with the DOJ and Monitor about any proposed changes, and seek Court approval of any changes. *See* Phase II Sustainment Period Plan (dkt. 444) at 10. In accordance with the schedule established by the Court-approved Sustainment Plan, the City now submits revisions to SPD's Early Intervention System Policy, set forth in Title 3.070 of the Seattle Police Manual.

II.     **SPD's Policy Review Process**

SPD's Audit, Policy, and Research section ("APRS") is primarily responsible for the policy review process at SPD. APRS is led by a captain who reports to the assistant chief who oversees SPD's Professional Standards Bureau ("PSB"). Within APRS, a "policy squad" consisting of a sergeant and three detectives takes responsibility for policy reviews. APRS currently maintains a calendar that ensures that every policy in the Seattle Police Manual is reviewed at least once every three years. APRS reviews Consent Decree policies annually.

SPD's standing policy committee helps guide APRS's work. The committee, comprised of the APRS Captain, the Assistant Chief overseeing PSB, SPD's Executive Director of Legal Affairs, and its Chief Operating Officer, meets weekly (along with APRS officers assigned to the policies under review) to discuss scheduled policy reviews and any acute policy concerns that have come

**CITY OF SEATTLE'S UNOPPOSED MOTION FOR COURT APPROVAL OF REVISIONS TO SPD'S POLICIES** - 2
(12-CV-01282-JLR)

Peter S. Holmes
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

to the committee's attention. Those concerns can be raised by any SPD unit or bureau chief, but they often come directly from the recommendations of SPD's Force Review Board, which meets weekly to review the most serious uses of force by SPD officers, as well as less serious uses of force as dictated by policy. Patrol officers are also encouraged to contact APRS directly to discuss policy issues.

APRS also incorporates policy suggestions from many sources. The Office of Police Accountability ("OPA") routinely submits letters to the Chief of Police, many of which focus on policy change recommendations.[2] The Office of the Inspector General for Public Safety (OIG) participates in SPD policy discussions, in addition to making policy recommendations through reports and audits. In addition, APRS has shared its policy review calendar with the CPC, which offers suggestions about policy changes.

For most policies, APRS develops proposed changes in coordination with the Assistant Chief overseeing PSB by consulting with SPD subject-matter experts and the SPD units most impacted by the policy under review. When appropriate, APRS detectives also reach out to police departments across the country to review policies addressing the same topics. Once APRS has completed proposed policy changes, the standing policy committee reviews them and, if it approves, forwards the revised policy to the Chief of Police (or her designee, typically the Deputy Chief) for final approval.

Consent Decree policies are reviewed in much the same way, with a few additional steps. Once APRS and the policy committee have approved proposed changes, the City forwards the

---

[2] OPA publishes its Management Action Recommendations and SPD's responses at *https://www.seattle.gov/opa/management-action-recommendations*.

**CITY OF SEATTLE'S UNOPPOSED MOTION FOR COURT APPROVAL OF REVISIONS TO SPD'S POLICIES** - 3
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

proposed changes to the Monitoring Team and DOJ for review and input. Where the DOJ or Monitoring Team identify concerns, the City discusses those concerns and, where appropriate, makes additional modifications. The City also solicits feedback from OIG, OPA, and CPC. Once that process is complete, the City submits the policies to the Court for approval.

Once a policy change receives final approval (from the Chief of Police, her designee, or the Court, depending on the policy), SPD uses its "e-Directive" system to notify every officer and civilian employee. The e-Directive system forwards policy changes to everyone at SPD, it requires each employee impacted by the policy (for the use of force policy, this includes all sworn personnel) to answer online questions about the policy and verify that he or she has reviewed it. Unit supervisors are notified and expected to take corrective action when officers or employees in their units have not completed e-Directive certifications. For policy changes that require training to implement, SPD also ensures that each officer mandated to complete the training has done so.

## II.     Proposed Changes to Early Intervention System Policy

The proposed revisions to SPD's Early Intervention System (EIS) policy contain three important changes.  First, in response to a suggestion from DOJ and the Monitoring Team, SPD proposes to incorporate peer-to-peer analysis into the EIS thresholds. In their joint validation of SPD's EIS Audit, DOJ and the Monitor provided the following feedback:

> Finally, while we acknowledge the importance of the work the City and those at SPD have done to fine tune the EIS systems and its triggers to better serve the City's risk management needs, we believe that there is an additional approach that has not yet been explored. SPD's findings related to the "over-triggering" of proactive officers is consistent with what other police departments have found in the early years of their own EIS systems. One well-established fix to this issue is to embed a "peer to peer" analysis into the triggers. In other words, instead of setting up a trigger for numbers of uses of force across all officers, triggers would be calibrated to compare only officers with like assignments (e.g. by a particular

**CITY OF SEATTLE'S UNOPPOSED MOTION FOR COURT APPROVAL OF REVISIONS TO SPD'S POLICIES** - 4
(12-CV-01282-JLR)

Peter S. Holmes
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

watch/precinct, or a particular assignment like the West Bike Squad). This approach is much better suited to truly identifying outliers. Accordingly, we strongly encourage SPD to analyze this issue and to commit it to practice through its next EIS policy review.

Dkt. 550-1 at 30.

In order to implement DOJ's and the Monitoring Team's recommendation, the proposed policy revisions create five separate peer groups within SPD: the Patrol Operations Bureau is group A, the Collaborative Policing Bureau is group B, the Criminal Investigations Bureau is group C, Homeland Security / Special Operations Bureau is group D, and Professional Standards Bureau is group E. Each group is given its own set of force-related thresholds, designed to detect anomalies within that peer group. For all of the non-force related triggers, the same threshold is retained across the peer groups.  The peer groups take into account the fact that the nature and the frequency of an officer's interactions with the public are driven in part by his or her assignment. Identifying outliers, one main goal of EIS, is most effectively accomplished when officers are compared to other officers with similar assignments.

Second, SPD proposes to further adjust the force-related thresholds by removing the language about the "top 1%" and "top 5%" of officers. In the proposed revisions, the force-related thresholds are based solely on numbers (e.g., exceeding 3 incidents) instead of numbers *and* percentiles (e.g., top 5% of officers exceeding 3 incidents). After reviewing the data over the past year, SPD determined there would have been no appreciable difference in the number of officers assessed if the percentile language had not been in place. The data indicate that the number of officers assessed would have increased very slightly, but not significantly. That is because of the low numbers of force used by most SPD officers and the way those uses of force are distributed among individual officers. The benefit of eliminating the percentile requirement is that the policy

**CITY OF SEATTLE'S UNOPPOSED MOTION FOR COURT APPROVAL OF REVISIONS TO SPD'S POLICIES** - 5
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

will be simpler to administer and more transparent. This revision will not eliminate the need for SPD to continue to monitor and adjust the thresholds.

Third, the proposed policy makes mentoring plans mandatory for employees who meet the EIS threshold for vehicle collisions—i.e., any employee who is involved in 2 or more preventable vehicle collisions within 6 months. Under the current policy, the supervisor completes an assessment to determine if a mentoring plan is warranted. Under the proposed policy, the supervisor does not need to complete an assessment, and instead shall proceed directly to create a mentoring plan. Because of the potential safety issues, the Department determined that these incidents always must be addressed through a mentoring plan.

Fourth, the Department has incorporated feedback from the Monitor about increasing the use of the Data Analytics Platform (DAP) to support supervision. The proposed revisions contain a new requirement that, when any officer meets a threshold based on a use-of-force trigger, the sergeant/first-line supervisor must review squad performance data in the Sergeant's DAP Dashboard to assess whether the employee's performance compares with the rest of the squad.

### III.    Conclusion

For the reasons stated above, the City respectfully requests that the Court approve the proposed revisions to SPD's policies.

**CITY OF SEATTLE'S UNOPPOSED MOTION FOR COURT APPROVAL OF REVISIONS TO SPD'S POLICIES** - 6
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

DATED this 31st day of December, 2019.

For the CITY OF SEATTLE

PETER S. HOLMES
Seattle City Attorney

*s/ Kerala T. Cowart*
Kerala T. Cowart, WSBA #53649
Assistant City Attorney
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Phone: (206) 733-9001
Fax: (206) 684-8284
Email: kerala.cowart@seattle.gov

**CITY OF SEATTLE'S UNOPPOSED MOTION FOR COURT
APPROVAL OF REVISIONS TO SPD'S POLICIES** - 7
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

**CERTIFICATE OF SERVICE**

I hereby certify that on December 31st, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Brian T. Moran | bmoran@usdoj.gov |
| Christina Fogg | Christina.Fogg@usdoj.gov |
| Matt Waldrop | james.waldrop@usdoj.gov |
| Gregory Colin Narver | gregory.narver@seattle.gov |
| Kerry Jane Keefe | kerry.keefe@usdoj.gov |
| Peter Samuel Holmes | peter.holmes@seattle.gov |
| Jeff Murray | jeff.murray@usdoj.gov |
| Ronald R. Ward | Ron@wardsmithlaw.com |
| Timothy D. Mygatt | timothy.mygatt@usdoj.gov |
| Gary T. Smith | gary.smith@seattle.gov |
| Hillary H. McClure | hillarym@vjmlaw.com |
| David A. Perez | dperez@perkinscoie.com |
| Anna Thompson | annathompson@perkinscoie.com |
| Kristina M. Detwiler | kdetwiler@unionattorneysnw.com |
| Merrick Bobb | mbobb@pacbell.net |
| Bruce E.H. Johnson | brucejohnson@dwt.com |
| Eric M. Stahl | ericstahl@dwt.com |
| John Wolfe | wolfe@orrick.com |

DATED this 31st day of December, 2019, at Seattle, King County, Washington.

*s/ Kerala T. Cowart*
Kerala T. Cowart, WSBA #53649
Assistant City Attorney
E-mail: kerala.cowart@seattle.gov

**CITY OF SEATTLE'S UNOPPOSED MOTION FOR COURT APPROVAL OF REVISIONS TO SPD'S POLICIES** - 8
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200