THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF SEATTLE, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> ) | Case No. 2:12-cv-01282-JLR <br><br> **CITY OF SEATTLE'S NOTICE OF ORDINANCE REGARDING CROWD CONTROL WEAPONS** |

The City of Seattle ("City") submits this Notice to inform the Court about legislation enacted unanimously by the Seattle City Council on June 15, 2020, that prohibits the use of crowd control weapons by the Seattle Police Department (SPD).[1] *See* Exhibit 1 (City Council Ordinance No. 126102, hereinafter referred to as "CCW Ordinance" or "Ordinance"). In the absence of action by this Court, the Ordinance will take effect on July 26, 2020.

---

[1] On June 15, 2020, the City Council also enacted Ordinance No. 126096 which bans the use of chokeholds by law enforcement officers. The Mayor signed this legislation and it will take effect on July 26, 2020. SPD policy already prohibits neck restraints and carotid restraints, and SPD does not train officers in these tactics.

**CITY OF SEATTLE'S NOTICE OF ORDINANCE REGARDING CROWD CONTROL WEAPONS** - 1
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

As set forth in the preamble to the CCW Ordinance, the Seattle City Council enacted it in response to SPD's handling of "mass demonstrations for [B]lack lives and against police violence" prompted by the murder of George Floyd.[2] In addition to concerns about the effect of chemical irritants on COVID-19 transmission, the preamble cites community complaints of alleged misconduct by SPD officers during the protests. The Ordinance prohibits the use or possession of "crowd control weapons," which are defined to include, "kinetic impact projectiles, chemical irritants, acoustic weapons, directed energy weapons, water cannons, disorientation devices, ultrasonic cannons, or any other device that is designed to be used on multiple individuals for crowd control and is designed to cause pain or discomfort." Section 1(A) & 1(C). One exception is that the use of oleoresin capsicum (OC) spray is allowed outside the setting of a "demonstration, rally, or other First Amendment-protected event"; however, OC spray must not "land on anyone other than" "an individual in the process of committing a criminal act or presenting an imminent danger." Section 1(D)(2). A private right of action is created for individuals against whom a prohibited crowd control weapon is used. Section 1(E)-(F). The Ordinance provides that "the Office of [] Inspector General for Public Safety, the Office of Police Accountability, and the Community Police Commission are each requested to make a formal recommendation to the City Council on whether the Seattle Police Department should be reauthorized to use less-lethal weapons for crowd dispersal purposes" by August 15, 2020. Section 2. Incorporated within the Ordinance as Attachment 1 is a preliminary report by the Office of Inspector General for Public Safety (OIG) on SPD's use of less lethal tools during the protests. *See* Exhibit 2 (OIG's June 12,

---

[2] As the Court likely is aware, SPD is also subject to a preliminary injunction restricting, but not banning, the use of these same devices. *See Black Lives Matter v. City of Seattle*, Civ. No. 20-00887-RAJ, Dkt. Entry 42 (W.D. Wash. June 17, 2020).

**CITY OF SEATTLE'S NOTICE OF ORDINANCE REGARDING CROWD CONTROL WEAPONS** - 2
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

2020 Informational Summary Report). Finally, the Ordinance acknowledges the Consent Decree and "requests that notice of this action be submitted by the City Attorney to the Department of Justice, the Court, and the Monitor." Section 3.

On June 26, Mayor Durkan returned the legislation unsigned to City Council, citing, among other concerns, the potential for conflict with the City's obligations under the Consent Decree and the fact that the legislation would take effect before the completion of review and recommendations by the Monitor, U.S. Department of Justice (DOJ), Office of Police Accountability (OPA), Office of Inspector General for Public Safety (OIG), and Community Police Commission (CPC). *See* Exhibit 3 (No-Sign Statement of Mayor Durkan). The Ordinance will take effect on July 26, thirty days after Mayor Durkan returned it to City Council.

The City promptly notified DOJ and the Monitor about the Ordinance on June 16 and engaged them in discussions regarding the potential impacts on SPD's operations. In these discussions, the City explained that complying with the Ordinance will require substantial changes to SPD policies that were previously approved by this Court pursuant to the Consent Decree. In addition to imposing extensive obligations with respect to SPD's use-of-force policies, ¶¶ 69-90, the Consent Decree defines "less lethal device[s]" and specifically addresses their use and training. ¶¶ 45, 76-77, 79-90. SPD is presently engaging in a lengthy process of determining which changes it will have to make to the policies and training required by the Consent Decree in order to bring them into conformance with the CCW Ordinance. Exhibit 4 at 3 (Memorandum from Police Chief Carmen Best to City Attorney Peter Holmes). SPD policy provisions that will be directly called into question by the legislation, when it takes effect on July 26, are attached and highlighted. *Id.* at 5-174. The most extensive revisions will be made to the Use of Force Policy, Seattle Police

**CITY OF SEATTLE'S NOTICE OF ORDINANCE REGARDING CROWD CONTROL WEAPONS** - 3
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

Manual (SPM) Title 8, the Crowd Management Policy, SPM Section 14.090, and the Crisis Intervention Policy, SPM Section 16.110. *Id.* at 3 & 5-174. These policies were most recently approved by the Court on August 16, 2019, and February 7, 2017, respectively. Dkts. 580 & 363. Also necessary will be significant changes to SPD's use-of-force training, which was approved in concept by the Court on June 10, 2014, as part of SPD's Instructional System Design Model for Comprehensive Use of Force Training. Dkt. 153. A significant component of this training teaches officers how to avoid or minimize the use of force by using less lethal devices to create time, distance, and shielding to encourage compliance; those aspects of SPD's training will have to change in light of the CCW Ordinance, because officers no longer will be allowed to use those devices. Exhibit 4 at 3. Finally, extensive changes must be made to the SWAT manual, operations, and training. SWAT's techniques for accessing barricaded subjects with the minimum amount of force necessary will be particularly affected, because these tactics employ less lethal devices banned by the Ordinance. *Id.* at 3-4.

In discussions with the City regarding the CCW Ordinance, DOJ and the Monitor have taken the position that the Consent Decree prohibits SPD from implementing changes to the policies required by the Consent Decree until after DOJ, the Monitor, and the Court have had an opportunity to review and approve them. Paragraph 177 of the Consent Decree states that "SPD will submit the policies, procedures, training curricula, and training manuals required to be written, revised, or maintained by the Settlement Agreement to the Monitor and DOJ for review and comment prior to publication and implementation." As a matter of past practice, throughout the Consent Decree, SPD has never implemented changes to policies required by the Consent Decree without first obtaining approval from the Monitor, DOJ, and the Court. However, the Consent

**CITY OF SEATTLE'S NOTICE OF ORDINANCE REGARDING CROWD CONTROL WEAPONS** - 4
(12-CV-01282-JLR)

Peter S. Holmes
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

Decree does not explicitly address what should happen when the City passes legislation requiring SPD to change its practices in order to address complaints about alleged police misconduct, as the City has done here.

As noted above, in the absence of action by this Court, the CCW Ordinance will take effect on July 26, 2020. This effective date does not allow time for DOJ, the Monitor, or this Court to review and approve changes to SPD's policies before the Ordinance requires those changes to be implemented. Attached to this notice as Exhibits 4 & 5 are a memorandum from Chief Best and a joint statement of OPA and OIG that address the impact of the CCW Ordinance on SPD's Consent Decree obligations.

In addition to review by DOJ and the Monitor, the City believes that the Court will be benefitted by input from OPA, OIG, and CPC (collectively, "Accountability Partners"). On June 5, 2020, Mayor Durkan requested that the Accountability Partners evaluate SPD's crowd management policies and tactics and make recommendations based on best practices in light of SPD's response to the mass protests. *See* Exhibit 6 (June 5, 2020 Letter from Mayor Durkan to Accountability Partners). In addition, as noted above, the City Council created a role for the Accountability Partners to analyze SPD's use of less lethal devices for crowd control management and provide recommendations for their future use and regulation. CCW Ordinance Section 2. The Accountability Partners are currently carrying out this important work. *See e.g.*, Exhibit 7 (OIG's Project Scoping Documents). It is anticipated that their findings and recommendations in response to the requests from Mayor Durkan and the City Council will be finished by August 15, 2020. Upon completion, the City will provide the Accountability Partners' findings and recommendations to the Court.

**CITY OF SEATTLE'S NOTICE OF ORDINANCE REGARDING CROWD CONTROL WEAPONS** - 5
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

In conclusion, this Notice presents to the Court the positions of City entities central to discharging the City's duties under the Consent Decree. The City summarizes these positions as follows:

- City Council has expressed its views through validly enacted legislation. City Council banned crowd control weapons in order to address complaints of alleged police misconduct in the recent protests. While the CCW Ordinance takes effect without delay on July 26, it also recognizes the Consent Decree and the review role of DOJ, the Monitor, and this Court. *See* Exhibit 1.

- Chief Best sets forth in a memorandum her view of SPD's conflicting obligations under the Consent Decree and the Ordinance. *See* Exhibit 4. SPD identifies for the Court the policy provisions that will be directly called into question by the legislation when it takes effect on July 26. *Id.* at 3 & 5-174. SPD respectfully requests that the effective date of the CCW Ordinance be enjoined until a thorough review is conducted by DOJ, the Monitor, and the Court, *id.* at 4, and Mayor Durkan joins that request.

- OPA and OIG note that the Consent Decree provides for review by DOJ, the Monitor, and the Court. They also respectfully request that the work and views of the Accountability Partners be considered before this Court issues a substantive ruling on changes to SPD's policies affected by the legislation. *See* Exhibit 5.

Respectfully submitted,

DATED this 17th day of July, 2020.

    For the CITY OF SEATTLE
    PETER S. HOLMES
    Seattle City Attorney

    *s/ Kerala T. Cowart* ____
    Kerala T. Cowart, WSBA #53649

    Assistant City Attorney
    Seattle City Attorney's Office
    701 Fifth Avenue, Suite 2050
    Phone: (206) 733-9001
    Fax: (206) 684-8284
    Email: kerala.cowart@seattle.gov

**CITY OF SEATTLE'S NOTICE OF ORDINANCE REGARDING CROWD CONTROL WEAPONS** - 6
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Brian T. Moran | bmoran@usdoj.gov |
| Christina Fogg | Christina.Fogg@usdoj.gov |
| Matt Waldrop | james.waldrop@usdoj.gov |
| Kerry Jane Keefe | kerry.keefe@usdoj.gov |
| Peter Samuel Holmes | peter.holmes@seattle.gov |
| Jeff Murray | jeff.murray@usdoj.gov |
| Ronald R. Ward | Ron@wardsmithlaw.com |
| Timothy D. Mygatt | timothy.mygatt@usdoj.gov |
| Hillary H. McClure | hillarym@vjmlaw.com |
| David A. Perez | dperez@perkinscoie.com |
| Anna Thompson | annathompson@perkinscoie.com |
| Kristina M. Detwiler | kdetwiler@unionattorneysnw.com |
| Merrick Bobb | mbobb@pacbell.net |
| Bruce E.H. Johnson | brucejohnson@dwt.com |
| Eric M. Stahl | ericstahl@dwt.com |
| John Wolfe | wolfe@orrick.com |

DATED this 17th day of July, 2020, at Seattle, King County, Washington.

*s/ Kerala T. Cowart*
Kerala T. Cowart, WSBA #53649
Assistant City Attorney
E-mail: kerala.cowart@seattle.gov

**CITY OF SEATTLE'S NOTICE OF ORDINANCE REGARDING CROWD CONTROL WEAPONS** - 7
(12-CV-01282-JLR)

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200