UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE,<br><br>Defendant. | CASE NO. C12-1282JLR<br><br>ORDER ON JOINT STATUS REPORT AND STIPULATED MOTION |

Before the court is Plaintiff United States of America ("the Government") and Defendant City of Seattle's joint status report and stipulated motion. (*See* JSR (Dkt. # 633).) The parties' stipulated motion seeks two forms of relief from the court: (1) an extension to the court's July 24, 2020, temporary restraining order's ("TRO") expiration date (*see* TRO (Dkt. # 630)); and (2) an order setting a deadline for the Government to file a motion for a preliminary injunction and a briefing schedule for that motion. (*See* JSR at 1-2.) The court considers each request in turn.

//

ORDER - 1

1        The court issued the TRO on July 24, 2020, and set the TRO to expire 14 days

2 after entry, which means the TRO is set to expire on August 7, 2020.  (*See* TRO at 11.)

3 Pursuant to Federal Rule of Civil Procedure 65(b)(2), the court may extend the TRO

4 upon a court order finding good cause or an agreement amongst the parties.  *See* Fed. R.

5 Civ. P. 65(b)(2).

6        The court GRANTS the parties' stipulated motion to extend the TRO until

7 September 18, 2020.  Here, there is both good cause for an extension and an agreement

8 amongst the parties on an extension.  The parties stipulate to extend the TRO until

9 September 18, 2020.  (*See* JSR at 1-2.)  The court finds that such an extension is

10 warranted given the unique circumstances of this case.  The court already directed the

11 parties and the Community Police Commission ("CPC") to submit memoranda to the

12 court on August 22, 2020, on the interaction between the Crowd Control Weapons

13 Ordinance ("CCW Ordinance"), the Consent Decree, and the relevant Seattle Police

14 Department policies.  (*See* 7/22/20 Order (Dkt. # 626) at 7-9.)  The court set an August

15 22, 2020, deadline for those filings to allow the parties and the CPC an opportunity to

16 respond to a report from the Office of Police Accountability and the Office of Inspector

17 General that is due on August 15, 2020.  (*See id.*)  Once the parties submit those filings to

18 the court, the court and the parties will be in a better position to assess the CCW

19 Ordinance's impact on the Consent Decree and the merits of any motion for a preliminary

20 injunction that the parties may file.  Thus, the court finds that good cause exists to extend

21 the TRO until September 18, 2020, so that the court can preserve the status quo and

22 provide the relevant stakeholders with sufficient time to comment on the CCW

1  Ordinance.  Accordingly, pursuant to the parties' agreement and the court's independent

2  finding of good cause, the court GRANTS the parties' stipulated motion to extend the

3  TRO and extends the TRO until September 18, 2020.

4  The court also agrees with the parties' proposed briefing schedule on the

5  Government's motion for a preliminary injunction.  (*See* JSR at 2.)  Accordingly, the

6  court ORDERS that the Government's motion for a preliminary injunction, if any, is due

7  by August 27, 2020, and shall be noted for consideration on September 11, 2020; the City

8  of Seattle's opposition, if any, is due on September 8, 2020; and the Government's reply,

9  if any, shall be due on September 11, 2020.  Outside of this adjusted briefing schedule,

10  the parties' briefing shall comply with the requirements of Western District of

11  Washington Local Civil Rule 7 unless the court orders otherwise.  *See* Local Rules W.D.

12  Wash. LCR 7.  The court's order extending the TRO until September 18, 2020, shall

13  remain in effect even if no party files a motion by the August 27, 2020, deadline to

14  ensure that the appropriate stakeholders and the court have sufficient time to determine

15  the appropriate path forward.

16  The court advises the City of Seattle to remain mindful that the Consent Decree

17  remains in full force and effect.  As the Seattle City Council acknowledged when it

18  expressly asked the City Attorney to notify the court about the CCW Ordinance (*see*

19  Notice (Dkt. # 625), Ex. 1 (attaching a copy of the CCW Ordinance) at 5 ("In accordance

20  with United States of America v. City of Seattle, . . . during the pendency of the

21  [C]onsent [D]ecree [the City] Council requests that notice of this action be submitted by

22  the City Attorney to . . . the [c]ourt . . . .")), legislation passed by the City Council may

1 | impact the City of Seattle's obligations under the Consent Decree.  As such, during the
2 | pendency of the TRO, the court encourages the City of Seattle to remain mindful of its
3 | Consent Decree obligations and to work in tandem with the court, the Monitor, the
4 | Government, and other appropriate stakeholders to achieve Consent Decree compliance.
5 |     Dated this 6th day of August, 2020.

JAMES L. ROBART
United States District Judge

ORDER - 4