The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY OF SEATTLE,

Defendant.

Case No. 2:12-cv-01282 JLR

**COMMUNITY POLICE COMMISSION'S REQUEST FOR AN ORDER REQUIRING THE PARTIES TO ADDRESS ACCOUNTABILITY FINDINGS AND REQUEST TO BE HEARD AT ANY CONFERENCE CONCERNING THIS ISSUE**

TO:         Clerk of the Court

AND TO:     All Parties and Counsel of Record

The Court found the City out of compliance in the area of accountability over two years ago, in May 2019. The City has not publicly identified any efforts responsive to the Court's finding of lack of compliance nor has the City advised the Court whether it has complied with the steps the Court ordered to be taken as part of the remediation effort. It would be timely to revisit these issues at this point regardless of other events, but is particularly important now as the City is at the beginning a new round of collective bargaining negotiations with the two police unions. The previous collective bargaining agreements contained provisions that were cited by the Court in its

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

finding of non-compliance. Accordingly, the current round of negotiations may be central to the efforts to bring the City back into compliance and it would be more efficient and productive for the Court and the parties to address these issues at the beginning of negotiations rather than wait until the new collective bargaining agreements are finalized.

The Community Police Commission (CPC) respectfully requests that the Court issue an order requiring the parties to address the current status of efforts to bring the City into compliance with the Consent Decree on accountability issues—as required by the Court's May 2019 order—either at the August 10, 2021 status conference or shortly thereafter at the convenience of the Court. The CPC also requests permission from the Court to appear and be heard at any conference or hearing addressing this issue.

I.      **The Court's 2019 Finding of Non-Compliance.**

   a.   **2018 Finding that Phase I Had Been Completed, Including Accountability Ordinance.**

On January 10, 2018, the Court issued an order finding that the City had established full and effective compliance with the Consent Decree, satisfying the requirements of Phase I. Dkt # 389 at 13-14. Seattle's 2017 "Police Accountability Ordinance" was fundamental to the reforms that were the basis for this finding. In the Order, the Court noted that ongoing collective bargaining negotiations with the Seattle Police Officer's Guild (SPOG) might impact key provisions of the Accountability Ordinance:

> If collective bargaining results in changes to the accountability ordinance that the court deems to be inconsistent with the Consent Decree, then the City's progress in Phase II will be imperiled.

*Id.* at 15.

Unfortunately, the Court's concerns proved to be well-founded. Negotiations with SPOG produced a collective bargaining agreement that made significant changes to the Accountability

COMMUNITY POLICE COMMISSION'S REQUEST FOR AN ORDER REQUIRING THE PARTIES TO ADDRESS ACCOUNTABILITY FINDINGS  - 2
Case No. 2:12-cv-01282 JLR

S U S M A N   G O D F R E Y   L . L . P .
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

Ordinance and particularly to provisions concerning the officer discipline process. The changes undid many of the advances forwarded by the Accountability Ordinance and simply reverted back to the system that had previously been in place. On December 3, 2018, the Court issued an order to show cause directing the parties to address whether, as a result of these changes to the accountability procedures, the City "has failed to maintain full and effective compliance with the Consent Decree." Dkt # 504 at 1. The parties and the CPC filed responses to the Order and the Court held a hearing to address its concerns on May 15, 2019. At the hearing, the Court ruled from the bench that the City had fallen out of compliance. Dkt # 561. The Court set out the reasoning supporting this finding in an Order filed May 21, 2019. Dkt # 562. At the hearing and in the written Order, the Court raised concerns about changes to "provisions related to officer discipline and accompanying appeals," including changes to the standard of proof in those proceedings, and limitations on the subpoena power of the Office of Police Accountability (OPA), as well as other issues. *Id.* at 6. The Court also expressed concern about the reversal, in arbitration, of former Seattle Police Department Chief O'Toole's decision to terminate Officer Adley Shepherd who had assaulted a suspect while the suspect was handcuffed in the back of Officer Shepherd's squad car. *Id.* at 11-12.

### b.  Court's Orders Addressing Remediation of Accountability

In its May 21, 2019 Order, the Court directed the parties to file a statement setting out a methodology (i) for assessing the City's current accountability regime; and (ii) for bringing the City back into compliance with the requirements of the Consent Decree on this issue. Dkt # 562 at 13-14. On August 15, 2019, the City filed a motion seeking approval of a proposed methodology addressing the first of the Court's two requirements from the May 21st Order, the assessment of the current accountability regime. Dkt # 576. Ruling on this motion two months later, the Court declined to "approve" the methodology, but authorized the City to proceed according to its plan.

COMMUNITY POLICE COMMISSION'S REQUEST FOR AN ORDER REQUIRING THE PARTIES TO ADDRESS ACCOUNTABILITY FINDINGS  - 3
Case No. 2:12-cv-01282 JLR

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

Dkt # 585 at 2. The Court ordered the City to file its proposed third-party assessment of accountability procedures by November 29, 2019. *Id.* at 8. The Court then reiterated its directive that the City file a proposed methodology for bringing the City back into compliance with the Consent Decree on the issue of accountability and also required "the parties, in consultation with the Monitor, to submit a joint proposal from the parties (or, if necessary, separate proposals) concerning the Monitor's role in assessing compliance with the Consent Decree on accountability." *Id.*

The City filed the third-party assessment, created by 21CP Solutions, on December 13, 2019. Dkt # 598. The CPC filed a response to that assessment on January 6, 2020. Dkt # 602. The report identified several of the issues listed by the Court in its May 2019 Order finding the City out of compliance.

To date the parties have not explicitly addressed—in any filing—either the Court's order to provide a joint proposal for the Monitor's involvement in accountability reform or the Court's order to provide a proposal for the City to again achieve compliance with the Consent Decree in the area of accountability.

## II.    Current Status of Accountability-Related Matters.

### a.    Monitor's Plan—Old and New

In the summer of 2019, after the Court issued its finding that the City had fallen out of compliance on accountability issues, the Monitor made a written proposal for his involvement in the efforts to get the City back into compliance. The proposal would have required the City to share with the Monitoring Team timely information about individual disciplinary proceedings, including weekly reports about the progress of any arbitration or appeal, copies of grievance documents, briefing, and written awards. Under the proposal, the Monitor would track this information to verify

COMMUNITY POLICE COMMISSION'S REQUEST FOR AN ORDER REQUIRING THE PARTIES TO ADDRESS ACCOUNTABILITY FINDINGS  - 4
Case No. 2:12-cv-01282 JLR

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

that deadlines and other relevant procedural requirements were being followed. In the introduction to the proposal, the Monitor emphasized the importance of obtaining and tracking information about individual disciplinary proceedings: "The MT and the Court can only assess the current accountability scheme if they have timely facts concerning its operation at the critical junctures of the proceedings."

Both the City and the DOJ rejected this proposal, stating that the individual disciplinary proceedings are outside the scope of the Monitor's responsibility. Subsequently, the Court overruled this argument and reiterated its position that the officer discipline aspects of accountability are within the scope of the Consent Decree and therefore are a proper subject for oversight by the Monitor. Dkt # 585 at 7-8. Despite this ruling, the Monitor's 2019 proposal for collecting and tracking information about individual disciplinary proceedings has not been implemented.

The current Monitor's 2021 Monitoring Plan includes an entry explaining the Monitor's involvement in officer discipline. Dkt # 633 at 7-8 (item 41). This portion of the plain requires the SPD to meet with the Monitoring Team and the DOJ monthly "to discuss the status of activities pertaining to the system of officer discipline for misconduct." *Id.* at 7. If these discussions lead either the DOJ or the Monitor to conclude that there may be a concern about compliance with the Consent Decree, the parties are to seek guidance from the Court within thirty days. *Id.* Based on conversations the CPC has had with the Monitor, it is the CPC's understanding that these monthly meetings have addressed only issues of process and general statistics, and have not included any information or discussions about individual disciplinary proceedings.

COMMUNITY POLICE COMMISSION'S REQUEST FOR AN ORDER REQUIRING THE PARTIES TO ADDRESS ACCOUNTABILITY FINDINGS - 5
Case No. 2:12-cv-01282 JLR

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

### b.  City's Quarterly Officer Discipline Reports and Legislative Initiatives

In addition to these monthly meetings, the Monitoring Plan requires for the City to file quarterly reports with the Court on the system of officer discipline. Dkt # 633 at 8. On April 30, 2021, the City filed the report for the first quarter of 2021. Dkt # 670. The report includes a summary of the City's work with the Monitor on the current Plan, a discussion of the ongoing efforts to revise SPD's crowd management policy, and statistical data summarizing the outcomes of recent disciplinary actions. *Id.*

The City's first quarter 2021 report also includes a section describing certain legislative proposals related to officer discipline. In February of this year, the Washington State Legislature passed, and Governor Inslee signed, the "Law Enforcement Disciplinary Grievance Arbitration Act," which makes significant improvements to the process for selecting arbitrators who will preside over appeals of officer discipline decisions. Dkt # 670 at 5-6. A second piece of legislation will create a new Office of Independent Investigations to investigate cases involving deadly uses of force. *Id.* at 8. According to the City's report, the details of how this committee will operate have not been determined. *Id.* at 8-9. A third piece of proposed legislation addressed elements of the arbitration procedure appealing from a disciplinary decision made by the Chief of Police, including limiting the record available to be reviewed in the arbitration, mandating deference to the findings of the Chief of Police, and changing the standard of proof to preponderance of the evidence. *Id.* at 9.  According to the City's Quarterly Report, the legislation faced opposition from organized labor and failed to pass. *Id.*

### c.  Individual Officer Discipline Matters

Proceedings in the appeal of the dismissal of Officer Adley Shepherd (addressed by the Court in the 2019 finding of non-compliance) have continued. As the City noted in previous filings,

COMMUNITY POLICE COMMISSION'S REQUEST FOR AN ORDER REQUIRING THE PARTIES TO ADDRESS ACCOUNTABILITY FINDINGS  - 6
Case No. 2:12-cv-01282 JLR

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1
2
3
4
5
6

the King County Superior Court reversed the arbitrator's decision requiring that Officer Shepherd be reinstated. Dkt # 583. And in early April of this year, the Court of Appeals upheld the Superior Court's ruling. *See* Dkt # 670 at 11-12. The day after the Court of Appeals ruling, SPOG issued a press release calling the decision "unfortunate" and "deeply troubling" and promising to seek review of the decision from the Washington Supreme Court.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Other individual disciplinary matters raise issues about accountability that should be examined in the context of the Consent Decree. For example, in late December of last year, the Office of Police Accountability (OPA) issued a detailed report addressing allegations of police misconduct stemming from a confrontation between police and demonstrators on June 1, 2020, shortly after the murder of George Floyd. The incident involved the police's use of blast balls, CS gas, and pepper spray on a crowd of protestors at Pike Street and 11th Avenue on Capitol Hill. The OPA had received numerous complaints about the incident and its fourteen-page, single-spaced report demonstrates careful consideration of the evidence. The OPA recommended sustaining two complaints against the (unnamed) Incident Commander for violations of SPD's crowd control policies. However, on May 12, 2021, Acting Chief Diaz announced in a letter to Mayor Durkain and Council President Gonzalezs that he had decided to reverse OPA's finding with regard to both complaints. Chief Diaz justified his decision as a matter of "fundamental fairness" because it was not reasonable to "hold the [Incident Commander] responsible for the circumstances that were created at a higher level of command authority and for carrying out decisions made at a higher rank." He also attributed the actions to the unprecedented scope and intensity of the protests, which had overwhelmed the police force and other city departments. Two weeks later, Chief Diaz announced his decision to demote the Incident Commander from Assistant Chief to Captain.

26
27

COMMUNITY POLICE COMMISSION'S REQUEST FOR AN ORDER REQUIRING THE PARTIES TO ADDRESS ACCOUNTABILITY FINDINGS  - 7
Case No. 2:12-cv-01282 JLR

S U S M A N   G O D F R E Y   L . L . P .
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

**Collective Bargaining Negotiations**

Seattle's collective bargaining agreements with both police unions, Seattle Police Management Association (SPMA) and SPOG, expired at the end of 2020. The City has had some discussions with the unions, but there have been no commitments to any specific revisions to officer discipline policies. It is the CPC's understanding that SPMA and the City have completed preliminary negotiations by identifying parameters, i.e. the areas of the previous collective bargaining agreement that will be subject to renegotiation, and those areas generally include the sections related to officer discipline. In the negotiations with SPOG, the parties have not yet reached agreement on the parameters. Actual negotiations concerning the terms of the revised CBAs have not begun with either union.

The involvement of the accountability partners in the union negotiations is limited. A representative of the CPC who specializes in labor negotiations has been appointed a technical consultant to the City for purposes of the negotiations, but even she is not permitted to attend and observe the negotiation sessions. The Monitor also is not able to observe the negotiations and he has not included any metrics in the Monitoring Plan related to the re-negotiation of the collective bargaining agreements.

**III.    CPC's Concerns and Suggestions for Improvement of Current Processes.**

> **a.   The Parties Should Submit a Plan for Monitor Involvement in Accountability.**

>> **i.   Plan for Monitor Involvement in Accountability Should also Provide for the Monitor to Receive Current and Complete Updates Concerning CBA Negotiations.**

The first significant area of concern related to accountability is the lack of information about the negotiations with the police unions. As the Court and all of the parties are well aware, these negotiations have the potential to establish procedures that interfere with implementation of the

COMMUNITY POLICE COMMISSION'S REQUEST FOR AN ORDER REQUIRING THE PARTIES TO ADDRESS ACCOUNTABILITY FINDINGS  - 8
Case No. 2:12-cv-01282 JLR

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

Consent Decree. Given the significance of these often-lengthy negotiations, it is crucial that there be some transparency to the process. Concerns for protecting the confidentiality of labor negotiations are legitimate, but in this instance those concerns must be balanced against the enormous public trust and public safety implications of these negotiations, and also must be considered in the context of the Consent Decree and the Court's supervision.

The CPC believes that there are several reasonable steps that can be taken to minimize the risk that these negotiations will again lead to surprises that derail the City's compliance with the consent decree. First, the City could share with the Monitor the list of priorities it has developed with its negotiating team for this round of negotiations. Second, the Monitor could participate in the actual negotiations as an observer, or at least receive real-time updates from the participants about the status of the negotiations. Concerns for maintaining the confidentiality of any of the bargaining-related information can be addressed as they are in other civil litigation involving sensitive business information, with sealed filings and a protective order, if such measures appear justified in the circumstances.

### ii. Monitor's Access to Officer Discipline Materials Should be Increased.

One of the CPC's concerns about the current efforts to reform accountability/officer discipline processes is the lack of insight into individual disciplinary proceedings. The Monitor's monthly meetings with the SPD only address process and general statistics, not specific disciplinary actions or appeals. The City's quarterly report also avoids addressing any individual disciplinary matters (with the exception of the City's so-far successful efforts to reverse the arbitration decision in the Adley Shepherd case), instead focusing on "quarterly data from the Office of Police Accountability regarding police discipline and appeals." Dkt # 670 at 1. Statistics alone are not an adequate basis to evaluate the SPD's accountability regime. Real-time reports about specific

COMMUNITY POLICE COMMISSION'S REQUEST FOR AN ORDER REQUIRING THE PARTIES TO ADDRESS ACCOUNTABILITY FINDINGS - 9
Case No. 2:12-cv-01282 JLR

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

discipline matters—including the relevant facts and allegations—are essential to forming an accurate picture of the strengths and weaknesses of the discipline process.

The CPC believes that the previous Monitor's 2019 proposal, or something equivalent, should be adopted as part of the current Monitoring Plan. The Monitor's team should receive, review, and track information about all disciplinary proceedings as they occur. The monitoring team should confirm that applicable deadlines are being met and that those deadlines are not creating unreasonable limits on any investigations. The Monitor should include observations about this process in his formal and informal communications with the Court, and not be limited—as the current Monitoring Plan implies—to situations in which he identifies a likely violation of the Consent Decree.

### iii. Monitor Should Actively Monitor Potential Impediments to the Accountability Process.

In addition to providing access to information from individual disciplinary matters, the CPC believes that the parties' Plan for Monitor involvement in accountability should provide explicit direction for the Monitor to assess the impact of the procedural concerns identified by the Court and the Parties related to the accountability process. For example, the Monitor should engage in regular meetings with OPA to discuss the actual impact of any procedural restrictions on OPA's ability to conduct full investigations of allegations of police misconduct. OPA's recent report on six Seattle Police Officers' involvement in the January 6th events in Washington, DC suggests that the investigation was—at least to some degree—hampered by OPA's inability to issue a subpoena to the officers involved. *See* Seattle Office of Police Accountability Closed Case Summary, Case No. OPA2021-0013, June 28, 2021, pages 6-7, available at https://www.seattle.gov/opa/news-and-reports/closed-case-summaries. Full and frank discussion between the Monitor and OPA intended

COMMUNITY POLICE COMMISSION'S REQUEST FOR AN ORDER REQUIRING THE PARTIES TO ADDRESS ACCOUNTABILITY FINDINGS  - 10
Case No. 2:12-cv-01282 JLR

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

to specifically address the impact of any such impediments on actual investigations would provide valuable insights into the operation of the current accountability system.

      **b. Court and the Parties Should Revisit the Prior Order for a Plan to Establish Compliance.**

In addition to providing a plan for the Monitor's involvement in accountability reform, the CPC requests that the Parties address the formulation of an explicit proposal for re-establishing compliance with the Consent Decree in the area of accountability/officer discipline. As explained above, the City is not currently in compliance with the Consent Decree on accountability issues and there is no clear plan in place for correcting this problem. The Court ordered the parties to provide a remediation proposal before the end of 2019, but no such proposal has yet been filed. Undoubtedly there have been many impediments to addressing this issue, including the 2020 protests, the pandemic, and the looming union negotiations. The CPC is not suggesting a backward-looking attempt to determine why the proposal has not already been prepared. Rather, the CPC requests that the parties, the accountability partners, and the Court take the issue up again now, in light of the events of 2020 and other relevant considerations, and reach agreement on a path for moving forward.

      DATED July 27, 2021        Respectfully submitted,

By: */s/ Edgar G. Sargent*
    Edgar G. Sargent, WSBA #28283
    esargent@susmangodfrey.com
    Daniel J. Shih, WSBA #37999
    dshih@susmangodfrey.com
    Floyd G. Short, WSBA # 21632
    fshort@susmangodfrey.com
    Drew D. Hansen, WSBA #30467
    dhansen@susmangodfrey.com
    SUSMAN GODFREY L.L.P.
    1201 Third Avenue, Suite 3800
    Seattle, WA 98101
    Phone: (206) 516-3880
    Fax: (206) 516-3883

COMMUNITY POLICE COMMISSION'S REQUEST FOR AN ORDER REQUIRING THE PARTIES TO ADDRESS ACCOUNTABILITY FINDINGS  - 11
Case No. 2:12-cv-01282 JLR

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Edgar G. Sargent*
Edgar G. Sargent

COMMUNITY POLICE COMMISSION'S REQUEST FOR AN ORDER REQUIRING THE PARTIES TO ADDRESS ACCOUNTABILITY FINDINGS - 12
Case No. 2:12-cv-01282 JLR

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883