# EXHIBIT C

  



# MEMORANDUM OF AGREEMENT

## SEATTLE POLICE DEPARTMENT
## KING COUNTY PROSECUTING ATTORNEY
## SEATTLE CITY ATTORNEY
## AND
## THE OFFICE OF POLICE ACCOUNTABILITY

THIS AGREEMENT is made and entered into by and between the Seattle Police Department ("SPD"), by and through its Chief of Police; the King County Prosecuting Attorney's Office ("KCPAO"), by and through its Criminal Division Chief; the Seattle City Attorney's Office ("SCAO"), by and through its Criminal Division Chief; and the Seattle Office of Police Accountability ("OPA"), by and through its Director (collectively, "the Parties").

## RECITALS

WHEREAS, the KCPAO, a prosecuting authority as referenced herein, is responsible for representing the State of Washington in felony criminal matters arising within the County, as well as in misdemeanor matters occurring in unincorporated areas thereof; and

WHEREAS, the SCAO, a prosecuting authority as referenced herein, is responsible for representing the City of Seattle in misdemeanor matters arising within the City of Seattle; and

WHEREAS, the OPA is responsible for initiating, receiving, classifying, and investigating individual allegations of SPD employee misconduct; and

WHEREAS, on infrequent occasion, such misconduct may include credible allegations of violations of Washington state law or Seattle municipal law on the part of the SPD employee, in which case such allegations are referred either to the SPD Investigations

Bureau or, upon determination of the Chief of Police, to an external agency for criminal investigation; and

WHEREAS, upon completion of the criminal investigation, the matter will be referred for review to the appropriate prosecuting agency with authority over the criminal conduct alleged, KCPAO and/or the SCAO, to determine whether charges shall be filed; and

WHEREAS, OPA operates under certain timelines for completing its administrative investigation into alleged employee misconduct, which timeline(s) may be suspended for a period of time that the matter is under prosecutorial and/or investigative review; and

WHEREAS, any such timeline suspended pursuant to the foregoing and under which OPA operates for completing its administrative investigation begins to run again upon a decline of charges by the prosecuting authority or completion of a criminal prosecution; and

WHEREAS, the City in response to the court's order under the federal consent decree conducted an assessment of the present police accountability system, and engaged national experts, 21CP Solutions, who found the current prosecution review process creates a risk that when an OPA administrative investigation is paused by OPA during a prosecutor's review of the same matter, the time could restart without OPA being aware of the change in status.

WHEREAS, the Parties wish to establish an agreed protocol by which OPA may be assured of timely notice of the status of criminal investigations or prosecutorial reviews for purposes of managing the 180-day deadline efficiently,

NOW, THEREFORE, the Parties hereto agree as follows:


## SCOPE OF AGREEMENT

A.  This Agreement applies to all matters under OPA review that contain credible allegations of criminal conduct by an SPD employee over which KCPAO or SCAO has prosecutorial authority.  For purposes of this Agreement, "credible allegation" means an allegation that is supported by evidence that meets the test of reasonable plausibility given the nature of the source and the allegation at issue.

B.  The Parties recognize that instances may arise where, following a decline of felony charges by the KCPAO, the matter is referred to the SCAO for misdemeanor review or visa-versa.  The Parties intend that in such instances, the terms of this Agreement apply equally and sequentially.


## MATERIAL TERMS

**A.  OPA**

If, after review of a complaint, OPA determines that there is a credible allegation of criminal conduct on the part of an SPD employee, the OPA Director will refer the complaint to the Assistant Chief of the Investigations Bureau of SPD.  OPA will further provide, with the referral, (a) a description of the alleged crime(s); and (b) except for compelled statements of subject employees that fall within the rule established in *Garrity v. New Jersey,* 385 U.S. 493 (1967), a copy of and/or access to all reports, statements, video and audio evidence, and all other evidence in OPA's possession pertaining to the allegation(s) at issue.

## B. SPD

1. Following receipt of a complaint referral from OPA, and after reasonable opportunity to review, the SPD Assistant Chief of the Investigations Bureau will assign the complaint for criminal investigation to the Captain of the Investigations Bureau unit that has subject matter responsibility for investigation of the nature of the allegations at issue.  This is in compliance with Section 3.7 of the Seattle Police Officer Guild (SPOG) contract.

2. If the investigation described in paragraph (1) is not concluded within 30 days following the referral of the complaint by OPA, the SPD Assistant Chief of the Investigations Bureau will provide, by email, an update to the OPA Director as to the status of the investigation.

3. If the investigation described in paragraph (1) is not concluded within 60 days following the referral of the complaint by OPA, the SPD Assistant Chief of the Investigations Bureau will provide, by email, an update to the OPA Director as to the status of the investigation and will establish a timeline for further update(s) for the remainder of the time that the investigation is open.

4. Upon completion of the investigation, the SPD Assistant Chief of the Investigations Bureau will refer the case file to either the Criminal Division Chief of the KCPAO or the Criminal Division Chief of the SCAO, depending on the nature of the criminal conduct investigated and/or alleged.

   a. Upon such referral, the Assistant Chief will notify the prosecuting authority that the matter involves the alleged criminal conduct of an SPD employee.

5. Within two (2) days following referral of the case to the appropriate prosecuting authority, the SPD Assistant Chief of the Investigations Bureau will provide by email notice of this referral to the OPA Director.

6. During the pendency of review by the prosecuting authority, the SPD Assistant Chief will be responsible for communicating with the prosecuting authority as to the period of time needed for review and updating the OPA Director, by email, as to these communications.

7. Written/email communications between the SPD Assistant Chief of the Investigations Bureau and the prosecuting authority that pertain to review and/or investigation timelines shall include the OPA Director as a "cc". Copies of all written/email communications between any SPD employee and the prosecuting authority relating to the allegations and/or review and/or investigation shall be maintained by SPD in its investigative case file.

8. As soon as practicable, but no later than two (2) days, following notification by the KCPAO or the SCAO of a charging decision, the SPD Assistant Chief of the Investigations Bureau will provide, by email, notification of the charging decision to the OPA Director.

   a. If the prosecuting authority determines that criminal charges will be filed, the Assistant Chief of the Investigations Bureau will provide, by email, notice to this effect to the OPA Director.

   b. If the prosecuting authority determines that no criminal charges will be filed, the Assistant Chief of the Investigations Bureau will refer the case back to OPA and will provide, with that referral, a closing memorandum that includes concerns, if any, of misconduct that is not criminal in nature but that should be considered during OPA's administrative review.

## C. KCPAO

Upon receipt of a referral from the SPD Assistant Chief of the Investigations Bureau of a matter known or advised to involve the conduct of an SPD employee (or a referral by any other law enforcement agency of a matter know or advised to involve the conduct of an SPD employee), the Criminal Division Chief of the KCPAO will make all reasonable efforts to ensure a timely review of the case file, will to update the SPD Assistant Chief of the Investigations Bureau (or other referring agency) and make prompt notification of any charging decision. The OPA Director shall be included as a "cc" on a formal e-mail notice to SPD, or other referring agency, that KCPAO is declining to file criminal charges.

## D. SCAO

Upon receipt of a referral from the SPD Assistant Chief of the Investigations Bureau of a matter known or advised to involve the conduct of an SPD employee, the Criminal Division Chief of the SCAO will make all reasonable efforts to ensure a timely review of the case file, to update the Assistant Chief of the Investigations Bureau, and make prompt notification of any charging decision.  The OPA Director shall be included as a "cc" on a formal e-mail notice to SPD that SCAO is declining to file criminal charges.

**TERM OF AGREEMENT**

This Agreement shall begin upon execution by all Parties and shall remain in effect, unless terminated or modified by superseding policy or collective bargaining agreement. Should either Party seek to modify or terminate this Agreement, such Party shall provide the other Party minimum notice of 30 days, in writing, as to such intent. Any and all modifications of this Agreement must be in writing.

**ENFORCEMENT OF AGREEMENT**

This Agreement is in effect only as to and between the Parties hereto. No third party rights shall be granted or implied hereunder.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the latest day and year written below.

**Seattle Police Department**

By: Chief Carmen Best

Date: 3-24-2020

**Seattle City Attorney**

By: Criminal Division Chief Kelly Harris

Date: 2/27/2020

**King County Prosecuting Attorney**

By: Criminal Division Chief Daniel Clark

Date: 2/26/2020

**Office of Police Accountability**

By: Director Andrew Meyerberg

Date: 3/24/2020