THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 2:12-cv-01282-JLR |
| | ) |
| v. | ) **DECLARATION OF** |
| | ) **DANIELLE MALCOLM** |
| CITY OF SEATTLE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

I, Danielle Malcolm, being familiar with the facts set forth herein based on my personal knowledge, and being competent to testify, hereby declare under penalty of perjury that the following is true and correct:

1. I am a Labor Negotiator for the City of Seattle. Among other duties, my responsibilities include bargaining police contracts. I began this role in late 2021 and immediately joined the bargaining team for contract negotiations with the Seattle Police Management Association (SPMA); those negotiations concluded in June of 2022. In addition, I have been one of the two lead labor negotiators in the Seattle Police Officers' Guild (SPOG) negotiations since April 2022 and continue to serve in this role.

2. The City has taken important steps to ensure that collective bargaining with its

**DECLARATION OF DANIELLE MALCOLM** - 1
(12-CV-01282-JLR)

**Ann Davison**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

sworn police unions is more transparent and reflects community priorities. The City used the improved process for the first time during the 2021-22 negotiations with the SPMA and we are now using it in the current negotiations with SPOG.

**Bargaining Priorities**

3. The City's position in bargaining is established jointly by the City Council and Executive. *See* SMC 4.04.120(B). Consistent with and pursuant to SMC 4.04.120, the Labor Relations Policy Committee (LRPC), made up of both Executive and City Council representatives, plans and adopts the strategy or position to be taken by the City to fulfill its obligations during the course of any collective bargaining. This is a thorough process that results in formal bargaining parameters. Starting with the most recent SPMA negotiations OIG, OPA, and CPC gave direct input to LPRC prior to the adoption of parameters.

4. Before bargaining negotiations begin, the City Council must also hold a public hearing prior to bargaining "on the effectiveness of the City's police accountability system." SMC 4.04.120(F) & (G). These public hearings are an important part of the process whereby the City receives input from the public under SMC 4.04.120(F) and (G).

5. In early 2020, OIG, CPC, and OPA testified before City Council, and City Council as a whole passed a resolution affirming the City's good faith intent to consider raising the specific accountability concerns highlighted by this Court and also the priorities of OIG, CPC, and OPA in the collective bargaining process.[1]

6. Thus, the Court's 2019 ruling finding the City out of compliance with the

---

[1] The resolution memorializing the public hearing and priorities was enacted on February 20, 2020, and is available at
https://seattle.legistar.com/View.ashx?M=F&ID=8159108&GUID=B31264EC-517B-4692-A8F6-4FD41FE7D2EB

**DECLARATION OF DANIELLE MALCOLM** - 2
(12-CV-01282-JLR)

**Ann Davison**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

Consent Decree informed the hearing before City Council and helped the City to further coalesce around a set of common priorities. As a result of this convergence, the following core issues were emphasized not only by the Court, but also by the Executive, City Council, the Monitor, CPC, OIG, and OPA: (1) calculation of the 180-day timeline for disciplinary investigations; (2) limits on subpoena authority for OPA and OIG; (3) the standard of review and quantum of proof in disciplinary appeals, and (4) features of grievance arbitration that affect public confidence, such as degree of transparency

7.  These publicly expressed priorities of the Court, Executive, City Council, and the Accountability entities served as guideposts, along with the Accountability Ordinance itself, for the bargaining team in the recently concluded negotiations with SPMA and now help to guide the current negotiations with SPOG.

8.  Because bargaining is underway with SPOG, the Seattle Municipal Code requires all involved city officials to "maintain strict confidentiality during the period of negotiations." SMC 4.04.120(E). This confidentiality obligation helps City officials to engage in robust discussions regarding bargaining positions, and it prevents negotiators for the union from knowing and taking advantage of City negotiating strategies. It also helps prevent potential claims of bad-faith bargaining, such as direct dealing (when the employer attempts to bypass the union leaders) and surface bargaining (when a party bargains without an intent to actually reach agreement).

9.  The City is committed both to ensuring that the obligations of confidentiality are met, and also to ensuring that meaningful engagement continues with CPC, OIG, OPA, and other critical stakeholders throughout the bargaining process.

10. The City Council also continues to serve an important role throughout the

**DECLARATION OF DANIELLE MALCOLM** - 3
(12-CV-01282-JLR)

**Ann Davison**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

bargaining process. In addition to setting bargaining parameters, LRPC receives regular status updates and provides the bargaining team with input. All collective bargaining agreements are voted on by the full Council, not just the council members on the LRPC. SMC 4.04.120(D).

## Changes to the Bargaining Process

11. In a departure from past practice, a member of City Council central staff has joined the City's bargaining team, including on issues related to accountability. The central staff member is a City Council policy analyst. This procedural change is documented in writing and is intended to facilitate effective collaboration between the two government branches responsible for setting bargaining priorities—the Executive and City Council. As a result, councilmembers on the LRPC have greater visibility into the day-to-day negotiations and bargaining team receives direct access to additional input.

12. Under the improved process and for the first time, the CPC has a role in the bargaining process through selecting one of its members to be a Technical Advisor. This is in addition to the CPC providing verbal and written input to LRPC while LRPC was developing the bargaining parameters.

13. Finally, the roles of OIG and OPA have been formalized. The Inspector General and OPA Director serve as Technical Advisors to the bargaining team in their areas of subject matter expertise throughout the collective bargaining process. While the OIG and OPA Director served in this capacity during previous rounds of bargaining negotiations, their roles now have been formalized.

## SPMA Contract Negotiations

14. As noted above, the most recent negotiations with SPMA used the improved process described above and were informed by these priority discussions. The negotiations

**DECLARATION OF DANIELLE MALCOLM** - 4
(12-CV-01282-JLR)

**Ann Davison**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

concluded successfully in June of 2022 and led to a new contract that transformed the disciplinary appeals system for lieutenants and captains.

15. While it retains both arbitration and a civil service commission as appeal options, the SPMA contract transforms the current disciplinary appeals system for lieutenants and captains members by: (1) changing the evidentiary standard in police discipline cases to preponderance of evidence rather than the higher standard some arbitrators utilized when assessing whether the City proved misconduct; (2) if misconduct has been established, requiring that arbitrators uphold the Chief of Police's decision on discipline unless it is arbitrary or capricious (previously, an arbitrator would engage in a de novo review of the Chief's discipline decision); (3) making disciplinary appeals hearings more transparent and accessible to the public. The agreement also retains full subpoena power for OIG and OPA. And it helps OPA manage its caseload by simplifying the 180-day timeline.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 27th day of March 2023, at Seattle, King County, Washington.

*Danielle Malcolm*
DANIELLE MALCOLM

**DECLARATION OF DANIELLE MALCOLM** - 5
(12-CV-01282-JLR)

**Ann Davison**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200