Exhibit 14
to DECLARATION OF NATHANIEL FLACK
IN SUPPORT OF BRIEF OF AMICUS
CURIAE ANTHONY SIMS

| | |
|---|---|
| **From:** | Perkins, Grainne |
| **To:** | Myerberg, Andrew; Grba, Mark |
| **Subject:** | Fwd: 2020OPA-0303 |
| **Date:** | Thursday, September 17, 2020 6:20:02 PM |
| **Attachments:** | image002.png |
| | image004.png |
| | image006.png |
| | image009.png |
| | image011.png |
| | image019.png |

My recommendation to Derek so ye know my take.

Signing off. Really.
But I will have my own mobile for worse case scenario need call.

G

Gráinne Perkins
Investigations Supervisor
City of Seattle, Office of Police Accountability

Mobile: 206- 498-7761
Office: 206-256-5186
Main: 206-684-8797
grainne.perkins@seattle.gov

**From:** Perkins, Grainne <Grainne.Perkins@seattle.gov>
**Sent:** Thursday, September 17, 2020, 7:17 PM
**To:** Ristau, Derek
**Subject:** Re: 2020OPA-0303

Do. I think frame it from your operational experience, speak to standard operating procedures and bed this information in what John dug up in case law. Simples.
G

Gráinne Perkins
Investigations Supervisor
City of Seattle, Office of Police Accountability

Mobile: 206- 498-7761
Office: 206-256-5186
Main: 206-684-8797
grainne.perkins@seattle.gov

**From:** Ristau, Derek <Derek.Ristau@seattle.gov>
**Sent:** Thursday, September 17, 2020 7:15:20 PM
**To:** Perkins, Grainne <Grainne.Perkins@seattle.gov>
**Subject:** RE: 2020OPA-0303

Id have to think about it and get back to you. When I can really read through what happened and then the OIG comments.



**Derek Ristau #7517**
Sergeant, Seattle Police Department
City of Seattle, Office of Police Accountability
M:206-684-8797  |  O:206-684-8796  |  Derek.Ristau@seattle.gov

---

**From:** Perkins, Grainne <Grainne.Perkins@seattle.gov>
**Sent:** Thursday, September 17, 2020 6:12 PM
**To:** Ristau, Derek <Derek.Ristau@seattle.gov>
**Subject:** Re: 2020OPA-0303

Seriously..what do you think

Gráinne Perkins
Investigations Supervisor
City of Seattle, Office of Police Accountability

Mobile: 206- 498-7761
Office: 206-256-5186
Main: 206-684-8797
grainne.perkins@seattle.gov

---

**From:** Ristau, Derek <Derek.Ristau@seattle.gov>
**Sent:** Thursday, September 17, 2020 7:07:22 PM
**To:** Perkins, Grainne <Grainne.Perkins@seattle.gov>
**Subject:** RE: 2020OPA-0303

Your not supposed to be answering... I sent to mark and andrew after I saw your auto reply on...



**Derek Ristau #7517**
Sergeant, Seattle Police Department
City of Seattle, Office of Police Accountability
M:206-684-8797  |  O:206-684-8796  |  Derek.Ristau@seattle.gov

---

**From:** Perkins, Grainne <Grainne.Perkins@seattle.gov>
**Sent:** Thursday, September 17, 2020 6:03 PM
**To:** Ristau, Derek <Derek.Ristau@seattle.gov>
**Subject:** Re: 2020OPA-0303

Based on this information write it up addressing the points raised. I think you can do this and frame it through the lens of standard operating procedure, using johns information as reference.
The search, aka trunk opening, was not flagged in classification so we may loose part certification on this which is nothing we can address post classification per se. This is what I'm thinking. What do you think Thoughts? Thoughts?

G

Gráinne Perkins
Investigations Supervisor
City of Seattle, Office of Police Accountability

Mobile: 206- 498-7761
Office: 206-256-5186
Main: 206-684-8797
grainne.perkins@seattle.gov

**From:** Ristau, Derek <Derek.Ristau@seattle.gov>
**Sent:** Thursday, September 17, 2020 6:55:20 PM
**To:** Perkins, Grainne <Grainne.Perkins@seattle.gov>
**Subject:** FW: 2020OPA-0303

Advise how you would like to proceed with this issue



**Derek Ristau #7517**
Sergeant, Seattle Police Department
City of Seattle, Office of Police Accountability
M:206-684-8797  | O:206-684-8796  |  Derek.Ristau@seattle.gov

**From:** Barry, John <John.Barry@seattle.gov>
**Sent:** Thursday, September 17, 2020 5:00 PM
**To:** Ristau, Derek <Derek.Ristau@seattle.gov>
**Subject:** RE: 2020OPA-0303

Derek,

Following up from yesterday. With respect to the keys, there shouldn't be any issue because seizing the keys was necessary to secure the automobile. *State v. Reid*, 38 Wn. App. 203, 208 (Wn. Ct. App. 1984). While in *Reid* the defendant was arrested and here he wasn't, I still think exigency supports seizing the keys for the limited purpose of turning off the automobile. The seizure of the keys in *Reid* couldn't have been a search incident to arrest because they were in the ignition of the (parked) car and not on the defendant's person. The objective of the seizure was simply to ensure the vehicle wouldn't move, and particularly in this case to ensure the safety of officers/bystanders. Apart from the keys (which were in plain view from outside the vehicle, I'm assuming), there's no allegation that the officer searched during the 5 seconds he was in the vehicle.

Notably, in the other case that touched on this and found an impermissible search, the vehicle had been turned off and parked. On those facts, the court said that exigency didn't apply because "the defendant had exited his vehicle *and the vehicle was in no danger of being moved.*" *State v. Melin*, 27 Wn. App. 589, 592-593 (Wn. Ct. App. 1980) (emphasis added). Essentially, to the extent the state was arguing it had to get into defendant Melin's vehicle for exigency, the court found that argument to be a pretext for an unlawful search (which involved significant rummaging around and did, in fact,

reveal contraband). In this case, I don't think anyone contends that the 5 second entry itself was pretext for an impermissible search of the passenger compartment.

The trunk issue is evaluated separately. Here it is somewhat less clear that there was a valid exigency. In the case I was able to find where courts supported a search of a locked trunk, it was an inventory search conducted in relation to impounding the vehicle. That search was upheld on the basis of officer safety due to their ability to smell chemical odors that they identified as likely related to meth production. *State v. Ferguson*, 131 Wn. App. 694, 704 (Wn. Ct. App. 2006).

The search here concerns me in two ways: 1) it was not justified on the basis of exigency, because officers presumably knew the car was empty (after entering it to turn it off), so nobody could have been inside to access a gun in the trunk and 2) the vehicle wasn't impounded, and there was no manifest necessity to conduct an inventory search for officer safety as in *Ferguson*. While I understand standard high risk vehicle stop procedure would require them to ensure the car was empty and there were no weapons, I'm having trouble justifying the use of that procedure here, after the occupant was already outside and talking to the NE.

Happy to discuss this one further if you like by phone. High risk stops don't seem to be discussed a lot in caselaw that I found, so if you're aware of anything I'm missing, give me a call.

Thanks,
John

**From:** Ristau, Derek <Derek.Ristau@seattle.gov>
**Sent:** Wednesday, September 16, 2020 3:49 PM
**To:** Barry, John <John.Barry@seattle.gov>
**Subject:** RE: 2020OPA-0303

Nope not on that front thank you.

The only other would be the removing of the keys (it was running with people around) and using key to open trunk.

Sorry if it came across that I didn't need that. OIG still wants that part addressed



**Derek Ristau #7517**
Sergeant, Seattle Police Department
City of Seattle, Office of Police Accountability
M:206-684-8797 | O:206-684-8796 | Derek.Ristau@seattle.gov

**From:** Barry, John <John.Barry@seattle.gov>
**Sent:** Wednesday, September 16, 2020 3:48 PM
**To:** Ristau, Derek <Derek.Ristau@seattle.gov>
**Subject:** RE: 2020OPA-0303

Not finding any direct caselaw. My guess is that this is because there's no privacy interest to protect when it comes to license plates. RCW 46.16A.030 requires every vehicle to be registered and to display plates assigned by the DOL, so there's no argument that a person has the right to keep that (government-kept) information private. Basically, an officer can run plates whenever he or she wants because the driver of the vehicle intentionally puts the plate out in public for everyone to see. Since there's no privacy interest to protect, there's no justification needed to render an officer's check of the license plate reasonable.

Let me know if there's anything additional that I can help with. Thanks!

**From:** Ristau, Derek <Derek.Ristau@seattle.gov>
**Sent:** Wednesday, September 16, 2020 1:42 PM
**To:** Barry, John <John.Barry@seattle.gov>
**Subject:** RE: 2020OPA-0303

Sorry for the flood of emails John, The point OIG brought up was asking why the officer ran the plate in the first place not about whether there was terry to stop, other than why treated as a high risk, which the NE explained. I thought there was laws/case law about the ability to run plates.



**Derek Ristau #7517**
Sergeant, Seattle Police Department
City of Seattle, Office of Police Accountability
M:206-684-8797 | O:206-684-8796 | Derek.Ristau@seattle.gov

**From:** Barry, John <John.Barry@seattle.gov>
**Sent:** Wednesday, September 16, 2020 1:33 PM
**To:** Ristau, Derek <Derek.Ristau@seattle.gov>
**Cc:** Perkins, Grainne <Grainne.Perkins@seattle.gov>
**Subject:** RE: 2020OPA-0303

I took a look at *Snapp* and found a case discussing WACIC hits based on mistaken license plates as well. Short answer: it looks like the courts don't think a mistaken license plate permits a terry stop. Still researching the trunk issue though.

Question for you: I wasn't able to tell from the summary if the officers entered the trunk *before* or *after* realizing their mistake re: the license plate. I might have missed it in the summary, but do you recall based on reviewing BWV either way?

Thanks,
John

**From:** Ristau, Derek <Derek.Ristau@seattle.gov>
**Sent:** Wednesday, September 16, 2020 1:12 PM
**To:** Barry, John <John.Barry@seattle.gov>
**Cc:** Perkins, Grainne <Grainne.Perkins@seattle.gov>

**Subject:** RE: 2020OPA-0303

1 thing I am not sure if it would be helpful or not, Lynn from OIG referenced State V Snapp when talking about whether officers could visually check the trunk (it was opened with a key and shut within about a second). I have not had a chance to read in depth on if that is applicable here or if something else would override the ability to check trunk in that manner.



**Derek Ristau #7517**
Sergeant, Seattle Police Department
City of Seattle, Office of Police Accountability
M:206-684-8797  |  O:206-684-8796  |  Derek.Ristau@seattle.gov

---

**From:** Barry, John <John.Barry@seattle.gov>
**Sent:** Wednesday, September 16, 2020 1:09 PM
**To:** Ristau, Derek <Derek.Ristau@seattle.gov>
**Cc:** Perkins, Grainne <Grainne.Perkins@seattle.gov>
**Subject:** RE: 2020OPA-0303

Hey Derek,

Sorry for the delay on this. I'm working on it now, it seems from my research so far that there are several related issues I'm trying to drill down on. Hoping to be done today/tomorrow—does that work for the case timeline?

Thanks,
John

---

**From:** Ristau, Derek <Derek.Ristau@seattle.gov>
**Sent:** Wednesday, September 16, 2020 1:06 PM
**To:** Barry, John <John.Barry@seattle.gov>
**Cc:** Perkins, Grainne <Grainne.Perkins@seattle.gov>
**Subject:** 2020OPA-0303
**Importance:** High

John,

I just wanted to check in to see if you received my request from Monday about the case law? I spoke to Grainne and she said she will be having a phone conversation with you today or tomorrow and can give you a more specific thing to nail down on if needed

Derek

**Derek Ristau #7517**
Sergeant, Seattle Police Department
City of Seattle, Office of Police Accountability



M:206-684-8797 | O:206-684-8796 | [Derek.Ristau@seattle.gov](mailto:Derek.Ristau@seattle.gov)