UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE,<br><br>　　　　Defendant. | CASE NO. 2:12-cv-01282-JLR<br><br>**MOTION FOR LEAVE TO FILE AMICUS BRIEF**<br><br>**Noted for Consideration:**<br>**May 12, 2023** |

## I.　IDENTITY AND INTERESTS OF *AMICUS CURIAE*

**The American Civil Liberties Union of Washington (ACLU-WA)** is a statewide, nonpartisan, nonprofit organization with over 150,000 members and supporters, dedicated to the principles of liberty and equality embodied in the Constitution and federal and state civil rights laws and has a particular interest and expertise in the area of criminal legal system reform. It has long advocated for police accountability. This case presents an important issues regarding meaningful police accountability and revision of police department policies and oversight.

MOTION FOR LEAVE TO FILE AMICUS BRIEF - 1
NO. 2:12-CV-01282-JLR

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE, WA 98111
(206) 624-2184

## II. FAMILIARITY WITH ISSUES AND SCOPE OF ARGUMENT ON REVIEW

Attorneys for Amicus have read all relevant filings in the matter and are familiar with the record and the issues on review. Amicus also have extensive experience with advocating on issues related to police accountability and reforming policing practices.

## III. RELIEF REQUESTED

The Western District of Washington has broad discretion to either permit or prohibit amicus participation, and "[t]here are no strict prerequisites to qualify as amici." *Wagafe v. Biden,* Case No. 17-cv-00094-LK, 2022 WL 457983, *1 (W.D. Wash. Feb. 15, 2022), citing *Hoptowit v. Ray,* 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner,* 515 U.S. 472 (1995); *See also Hooper v. City of Seattle*, No. C17-0077RSM, 2017 WL 11437101, at *1 (W.D. Wash. Aug. 28, 2017). As such, district courts generally allow amicus briefs where "the amicus has unique information that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.,* citing *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy,* 54 F.Supp. 2d 974, 975 (E.D. Wash. 1999). District courts also allow amicus briefs from non-parties in cases "concerning legal issues that have potential ramifications beyond the parties directly in-

MOTION FOR LEAVE TO FILE AMICUS BRIEF - 2
NO. 2:12-CV-01282-JLR

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
P.O. Box 2728
SEATTLE, WA 98111
(206) 624-2184

volved." *Macareno v. Thomas,* 378 F. Supp. 3d 933, 940 (W.D. Wash. 2019), quoting *NGV Gaming Ltd. v. Upstream Point Molate, LLC,* 355 F. Supp. 2d. 1061, 1067 (N.D. Cal. 2005) (citations omitted).

"The 'classic role' of *amicus curiae* is to assist a court in a case of public interest by 'supplementing the efforts of counsel,"' and "generally courts have 'exercised great liberality' in permitting *amicus* briefs." *El Papel LLC v. Inslee*, No. 2:20-cv-01323-RAJ-JRC, 2020 WL 6219353 (W.D. Wash. Oct. 22, 2020). The Western District of Washington has recognized the American Civil Liberties Union of Washington as amici in similar cases, holding that "[a]s a nonprofit legal organization with a focus on civil liberties, the ACLU-WA claims it has a strong interest in ensuring Washington law enforcement agencies comply with federal and Washington law." *Macareno,* 378 F. Supp. at 940.

Pursuant to the precedence outlined herein, the American Civil Liberties Union of Washington respectfully requests the Court grant them permission to file an Amicus Curiae brief in this matter. The American Civil Liberties Union of Washington has a unique perspective to provide to the Court in this matter, and this matter will undoubtedly have ramifications beyond the parties directly involved, as this case focuses on a decade-old case and Consent Decree to improve policing in Seattle, Washington.

MOTION FOR LEAVE TO FILE AMICUS BRIEF - 3
NO. 2:12-CV-01282-JLR

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE, WA 98111
(206) 624-2184

## IV. ISSUES ADDRESSED BY *AMICUS CURIAE*

The Amicus Curiae brief submitted in this matter addresses key missing components from the Consent Decree entered into by the United States and the City of Seattle, which show that the goals of the decade-long process of oversight to address significant systemic issues within the Seattle Police Department have not yet been fully achieved. These issues and missing items include, but are not limited to, ensuring that any racial disparity data in policing is addressed by the Seattle Police Department in revising its policies and practices; explicitly banning the use of tear gas as a crowd control measure, in light of rampant abuse and misuse by the Seattle Police Department; and implementing a system of accountability and oversight, especially considering the Seattle Police Department's history of failing out of compliance with the Consent Decree. Amicus asks the Court to understand the full breadth of the issues integral to the underlying lawsuit in this matter and understand that many of the original issues of the lawsuit have not been addressed sufficiently.

## V. WHY AMICUS BRIEFING WILL ASSIST THE COURT

Amicus Curiae briefing in this matter expansively discusses key missing items from the Parties' Consent Decree and transition agreement, which show that some of the issues that led up to the original lawsuit in this matter have not yet been resolved. These key issues include ensuring that any racial disparity data in policing

MOTION FOR LEAVE TO FILE AMICUS BRIEF - 4
NO. 2:12-CV-01282-JLR

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE, WA 98111
(206) 624-2184

is addressed by the Seattle Police Department in revising its policies and practices; explicitly banning the use of tear gas as a crowd control measure, in light of rampant abuse and misuse by the Seattle Police Department; and implementing a system of accountability and oversight, especially considering the Seattle Police Department's history of failing out of compliance with the Consent Decree.

## VI.     CONCLUSION

Amicus requests the Court grant this motion and permit it to file the attached Amicus Curiae brief in this case.

I certify that this memorandum contains 846 words, in compliance with the Local Civil Rules.

Dated this 26th day of April, 2023.

Respectfully submitted,

*s/La Rond Baker*
La Rond Baker, WSBA 43610
Enoka Herat, WSBA 43347
Jazmyn Clark, WSBA 48224
Susannah Porter Lake, WSBA 60762
AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON
PO Box 2728
Seattle, WA 98111
Phone: (206) 624-2184
baker@aclu-wa.org
eherat@aclu-wa.org
jclark@aclu-wa.org
slake@aclu-wa.org

MOTION FOR LEAVE TO FILE AMICUS BRIEF - 5
NO. 2:12-CV-01282-JLR

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE, WA 98111
(206) 624-2184

*Attorneys for Amici Curiae*

MOTION FOR LEAVE TO FILE AMICUS BRIEF - 6
NO. 2:12-CV-01282-JLR

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION**
P.O. BOX 2728
SEATTLE, WA 98111
(206) 624-2184

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, I caused service of the foregoing *MOTION FOR LEAVE TO FILE AMICUS BRIEF* via the CM/ECF system that will automatically send notice of such filing to all counsel of record.

DATED this 26th day of April, 2023 at Seattle, Washington.

By: /s/Tracie Wells
Tracie Wells, Paralegal
American Civil Liberties Union
of Washington Foundation
P.O. Box 2728
Seattle, WA 98111
(206) 624-2184
twells@aclu-wa.org

MOTION FOR LEAVE TO FILE AMICUS BRIEF - 7
NO. 2:12-CV-01282-JLR

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
P.O. BOX 2728
SEATTLE, WA 98111
(206) 624-2184