UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE,<br><br>Defendant. | CASE NO. C12-1282JLR<br><br>ORDER GRANTING MOTIONS TO FILE AMICI CURIAE BRIEFS |

Before the court are three motions for leave to file *amici curiae* briefs regarding Plaintiff the United States of America ("the Government") and Defendant the City of Seattle's ("the City") joint stipulated motion to approve their proposed Agreement on Sustained Compliance. (CPC Mot. (Dkt. # 738); ACLU Mot. (Dkt. # 744); Sims Mot. (Dkt. # 739); *see* Compliance Agreement Mot. (Dkt. # 727).) The motions for leave to file *amici curiae* briefs were filed by (1) the Community Police Commission ("CPC"); (2) the American Civil Liberties Union ("ACLU"); and (3) Anthony Sims (collectively, "Movants"). (CPC Mot.; ACLU Mot.; Sims Mot.) The City represents that it takes no

ORDER - 1

position on whether the court should grant the motions to file *amici curiae* briefs, but it requests an opportunity to respond to Movants' briefs if the court does grant the motions. (City Resp. (Dkt. # 751).)  Although Government has not yet responded to the motions (s*ee generally* Dkt.), the court exercises its discretion to decide the motions at this time. *See* Fed. R. Civ. P. 1 (instructing the court "to secure the just, speedy, and inexpensive determination of every action and proceeding").  Having reviewed Movants' motions, the relevant portions of the record, and the applicable law, the court GRANTS Movants' motions to file *amici curiae* briefs.

District courts may consider *amicus* briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved or if the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Macareno v. Thomas*, 378 F. Supp. 3d 933, 940 (W.D. Wash. 2019) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)) (internal quotation marks omitted). The court has "broad discretion" to appoint *amici curiae*. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

The court finds that the CPC, the ACLU, and Mr. Sims each have unique perspectives that may help the court decide the legal questions at issue in the parties' joint motion for approval of the proposed Agreement on Sustained Compliance.  *See Macareno*, 378 F. Supp. 3d at 940.  Accordingly, the court GRANTS Movants' motions (Dkt. ## 738, 739, 744) and DIRECTS the Clerk to accept for filing Movants' proposed

*amici curiae* briefs (Dkt. ## 752-1 (CPC brief (corrected)), 744-1 (ACLU brief), 739-1 (Sims brief)).  The City and the Government may file optional responses to Movants' *amici curiae* briefs by no later than **3:00 p.m. on Wednesday, May 17, 2023**.  This order does not entitle Movants to make a formal appearance at any hearing, participate in oral argument at any hearing, or file any reply memoranda.  *See* Fed. R. App. P. 29(f), (g).

Dated this 3rd day of May, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 3