```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED
```

Honorable James L. Robart

SEP 15 2023   MG

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>CITY OF SEATTLE<br><br>Defendant. | CASE NO. 2:12-cv-1282-JLR<br><br>PETITION FOR LEAVE TO FILE AMICUS CURIAE BRIEF |

## I.   INTRODUCTION

COMES NOW Petitioner Kurt Benshoof ("Petitioner") petitioning in good faith for leave from this Court to file an Amicus Curiae Brief in order to assist this case of significant public interest, to supplement the efforts of counsels for the United States of America, and to draw this Court's attention to evidence and authority that may otherwise escape consideration.

Whatever the original intentions of the Department of Justice may have been more than a decade ago, this is not an adversarial proceeding. In layman's terms, the parties are playing footsie under the table while they stage a dog-and-pony-show to deceive this Court and placate the public. The police officers have been blamed as the fall guys. The public is being gaslit.

PETITION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF
Page 1 of 5

Kurt Benshoof, Petitioner
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

## II.   STATEMENT OF FACTS

Petitioner incorporates by reference as if fully restated herein the following documents:

1) *Benshoof v. Admon, et. al.*, 2:23-cv-1392-JNW (see attached paper document),

2) *Benshoof v. Keenan et. al.*, 2:23-cv-00751-RAJ (including Brief in Support, Affidavit in Support, and all Exhibits),

Petitioner states the following upon his information and belief and will testify under oath to all alleged herein.

Petitioner contacted numerous Department of Justice and City of Seattle ("City") attorneys two weeks ago by email to address these substantive issues. No one from the Department of Justice nor the City responded to Petitioner.

Petitioner has vast personal knowledge acquired over the last three years, including firsthand witness information he is willing to testify to under oath, hundreds of gigabytes of video evidence, and thousands of pages of documents. In aggregate, they constitute clear and convincing evidence that the City's senior leadership knowingly and willfully acted to enable, authorize, and promulgate biased policing against any member of the public who attempts to address the City's *de facto* policies violative of the Civil Rights Act of 1964.

Former Mayor Jenny Durkan ("Durkan") was the U.S. Attorney for the Western District of Washington when this $200,000,000 case was initiated. Durkan created a Civil Rights Department in her office prior to becoming Mayor of Seattle. Upon Petitioner's information and belief Durkan was well acquainted with the Civil Rights Act of 1964 upon her election as Mayor.

Despite Durkan's ostensible knowledge of, and commitment to, civil rights the City has spent the last three years systematically arresting and persecuting Petitioner. Simply stated, it is the most extensive conspiracy to deprive a reverend of First Amendment rights secured by the

PETITION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF
Page 2 of 5

Kurt Benshoof, Petitioner
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

Constitution in the history of Washington state. When such a pattern of conduct spans three years, two Mayors, and two City Attorneys, deductive reasoning produces the inescapable conclusion that senior City leadership continues to knowingly and willfully allow, enable, authorize or perpetrate systemic violations of the Civil Rights Act of 1964.

As a matter of spiritual and ethical principle, Petitioner acts as his brother's keeper regardless of gender, skin color, sexual orientation, religious belief, socioeconomic status, or political ideology. With or for Seattle Police Department ("SPD") officers, Petitioner has played Dungeons and Dragons, attended potlucks, written letters of commendation, shared holidays and children's birthdays, bought flowers for dying loved ones, and offered moral counsel. When appropriate, Petitioner has also filed Office of Police Accountability complaints to address matters of public concern.

SPD officers are not the problem plaguing Seattle. SPD officers are trained to follow City *policies* even when those policies conflict with state or federal law. Those policies have been promulgated by the City Attorney's Office. Under policy directives of Peter Holmes and Ann Davison, by and through attorney liaisons with the SPD, police officers have been placed in the untenable position of either: 1) following City policies that violate state and federal laws, as well as our state and federal constitutions, or 2) violating City policies and facing reprimand or termination.

### III. STATEMENT OF ISSUES

1. **Should this Court grant Petitioner leave to file an Amicus Curiae Brief in order to assist this case of significant public interest, to supplement the efforts of counsels for the United States of America, and to draw this Court's attention to evidence and authority that may otherwise escape consideration.**

Yes. The public welfare and the interests of justice so require this Court's leave in order

PETITION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF
Page 3 of 5

Kurt Benshoof, Petitioner
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

that there may be a full and open accounting of Petitioner's evidence and briefing as it relates to the instant case.

2. **Does Petitioner have an "axe to grind" with the City which would render Petitioner's briefing too prejudicial for this Court's consideration?**

No. If Petitioner has learned one thing it is that if the City is allowed perpetrate discriminatory policies against *one person*, the City will be allowed to discriminate against *any person*. The issues under consideration are the City's pattern of biased policing and the interests of the public good. Petitioner is simply the proverbial "canary in the coal mine" offering his uniquely voluminous experiential evidence.

## IV.  EVIDENCE RELIED UPON

Petitioner relies upon the following: *Benshoof v. Admon, et. al.*, 2:23-cv-1392-JNW, *Benshoof v. Keenan et. al.*, 2:23-cv-00751-RAJ (including Brief in Support, Affidavit in Support, and all Exhibits).

## V.  ARGUMENT AND AUTHORITY

Although there is no federal rule or statute governing participation by amicus curiae at the district court level, see *United States v. Gotti*, 755 F.Supp. 1157, 1158 (E.D.N.Y. 1991), a federal district court has the inherent authority to invite participation by amicus curiae to assist the court in its proceedings. *United States v. Louisiana*, 751 F.Supp. 608, 620 (E.D. La. 1990); *United States v. Michigan*, 116 F.R.D. 655, 660 (W.D. Mich. 1987).

The decision to invite or accept participation by an amicus is committed to the sound discretion of the court. *Alexander v. Hall*, 64 F.R.D. 152, 155 (D.S.C. 1974). The classic role of the amicus curiae is to assist in a case of general public interest, supplement the efforts of counsel, and draw the court's attention to law that may otherwise escape consideration. *Miller-*

PETITION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF
Page 4 of 5

Kurt Benshoof, Petitioner
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

*Wohl Co., Inc. v. Commissioner of Labor and Indus.*, 694 F.2d 203, 204 (9th Cir. 1982); see also *New England Patriots Football Club, Inc., v. University of Colorado*, 592 F.2d 1196, 1198 n. 3 (1st Cir. 1979) (historically, the role of an amicus was "to aid the court in resolving doubtful issues of law").

There is no requirement that an amicus be disinterested. *Funbus Systems, Inc. v California Public Utilities Commission*, 801 F.2d 1120, 1125 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982).

## VI.   CONCLUSION

For the reasons elucidated herein, Petitioner requests that this Honorable Court grant his Petition for Leave to File Amicus Curiae Brief.

## VERIFICATION

I, Kurt Benshoof, do hereby declare that the foregoing is true and correct to the best of my knowledge under penalty of perjury in the State of Washington. Executed this 14th day of September in the year 2023, in the city of Seattle, in the county of King, in the state of Washington.

I certify that this petition contains 1190 words, in compliance with Local Civil Rule 7.

By: *Kurt Benshoof*
Kurt Benshoof *Pro Se*

kurtbenshoof@gmail.com
1716 N 128th Street
Seattle, WA 98133
Ph: (206) 460-4202

PETITION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF
Page 5 of 5

Kurt Benshoof, Petitioner
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com