

**Memo on Seattle Court Order Progress**

TO: The Honorable James L. Robart, Senior United States District Judge of the United States District Court for the Western District of Washington

FR: Antonio M. Oftelie, Federal Monitor, Seattle Police Department

DT: March 29, 2024

RE: Status of Milestones for Seattle Consent Decree Agreement on Sustained Compliance

On September 7, 2023, the United States District Court for the Western District of Washington issued an order granting in part and denying in part a joint motion to approve a proposed agreement on sustained compliance with the Consent Decree.[1]  (*See United States of America v. City of Seattle*, No. C12-1282JLR (W.D.Wash.), Dkt. # 769.)

The Order of the Court included milestones that the City and SPD must meet to demonstrate sustained full and effective compliance with the use of force and accountability requirements of the Consent Decree. Below are the ordered categories of deliverables, milestones and tasks, and current status (as of March 29, 2024):

**Use of Force**

- Milestone and Tasks: SPD shall revise its crowd management policy to address feedback from the ongoing Sentinel Event Review ("SER") process and ensure that officers are trained on the updated policy.

---

[1] The term "Consent Decree" refers collectively to the Parties' settlement agreement (Dkt. 3-1); the Parties' Memorandum of Understanding, which established the Community Police Commission ("CPC") and the Crisis Intervention Committee ("CIC") as required by the settlement agreement; and the court's September 21, 2012 order modifying and preliminarily approving the settlement agreement (Dkt. 13).

- o   Current Status: The crowd management policy is currently in development by the City, including efforts to further modify and/or develop city ordinance and align with best practice.

- Milestone and Tasks: SPD shall develop an alternative reporting and review process for force used in crowd settings to address the Monitor's findings regarding breakdowns in reporting and review that occurred in 2020.  The alternative process shall be designed to ensure timely reporting and review even in the event that significant, sustained protests arise again.
    - o   Current Status: This milestone is in currently in development and contingent on the revised crowd management policy.

- Milestone and Tasks: SPD shall continue to consider and respond to the recommendations of the SER process.  SPD shall provide a report on the status of all recommended policy changes arising out of the SER process to the court no later than two weeks after the filing date of this order.  In the event a specific recommendation of the SER directed to SPD does not result in a policy change, the reasons shall be explained in the report.
    - o   Current Status: This milestone is complete and filed with the Court.[2]

- Milestone and Tasks: SPD shall provide a report to the court no later than December 15, 2023, on the status of implementation of RCW 10.114.011 and RCW 43.102.020, regarding investigations of the use of deadly force, including an explanation of how this legislation affects SPD's Force Investigation Team (*see* Consent Decree ¶¶ 112-18).
    - o   Current Status: This report is complete and filed with the Court.[3]

**Accountability**

- Milestone and Tasks: In a technical assistance role, the Monitor shall retain an independent consultant to complete the Seattle Accountability System Sustainability Assessment of the City's police accountability systems.
    - o   Current Status: This assessment is complete and filed with the Court.[4]

---

[2] *U.S. v. Seattle*, Dkt. # 773

[3] *U.S. v. Seattle*, Dkt. # 781

[4] *U.S. v. Seattle*, Dkt. # 782

- Milestone and Tasks: SPD shall develop a data transparency, usability, and accessibility plan that addresses how to improve the collection of data on race in stops, detentions, and use of force; incorporate this data in reporting; and provide public access to these reports and any other data that CPC and OIG identify as being critical to transparency.
    - Current Status: A preliminary plan was completed and filed with the Court.[5] Work is now being conducted to implement the plan, and progress will be reported to the Court in future filings.

- Milestone and Tasks: Collective Bargaining. Within 30 days of reaching a Tentative Agreement with SPOG regarding the 2021 renewal of the SPOG CBA, the City shall file with the court an analysis of the Tentative Agreement's effect, if any, on SPD's accountability and review systems and the implementation of the City's Accountability Ordinance.
    - Current Status: Pending ongoing bargaining between the City and SPOG.

**Ongoing Assessments**

- Milestone and Tasks: To ensure that the progress documented in previous assessments is sustained, SPD shall update outcome measures around the use of force (including crowd management); crisis intervention; stops and detentions; bias-free policing; and supervision (including the Early Intervention System, now known as the Equity, Accountability & Quality System). OIG shall review SPD's reporting and data analysis for accuracy.
    - Current Status: This update is complete and filed with the Court.[6]

- Milestone and Tasks: In collaboration with the Monitor, OIG shall develop a Workplan describing its approach for ensuring continued robust, independent monitoring of SPD. As part of the Workplan, OIG shall develop a methodology and timeline for ongoing assessment of the following areas: use of force (including crowd management); crisis intervention; stops and detentions; bias-free policing; and supervision (including the Force Review Board and the Equity, Accountability & Quality System).
    - Current Status: This workplan is complete and filed with the Court.[7]

---

[5] *U.S. v. Seattle*, Dkt. # 781

[6] *U.S. v. Seattle*, Dkt. # 792

[7] *U.S. v. Seattle*, Dkt. # 774

- Milestone and Tasks: OIG shall conduct a Use of Force Assessment examining 2021, 2022, and 2023 data on SPD's use of force. As components of the Use of Force Assessment, OIG shall examine force used in crisis incidents, the use of less lethal devices, and force used in the crowd management context. The assessment also shall provide an update on the force-related issues identified by the Monitor in the 2022 Comprehensive Assessment.
    - Current Status: This Assessment was submitted to the Court.[8] Ongoing work including qualitative review of use of force is being considered.

- Milestone and Tasks: SPD shall develop a comprehensive plan for applying best-practice methodological approaches to identifying racial disparities in use of force, crisis intervention, and stops and detentions. (*See, e.g.*, 2022 Comprehensive Assessment at 74-80 (discussing racial disparities in use of force); *id.* at 133-44 (discussing disparities across SPD's enforcement activities).) This plan will include approaches for identifying disparities caused by police activities and evidence-based mitigation strategies. This plan will be developed in collaboration with OIG, with technical assistance by the Monitor and input from the CPC.
    - Current Status: A preliminary plan was completed and filed with the Court.[9] Work is now being conducted to implement the plan, and progress will be reported to the Court in future filings.

---

[8] *U.S. v. Seattle*, Dkt. # 792

[9] *U.S. v. Seattle*, Dkt. # 792