The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE,<br><br>Defendant. | Case No. 2:12-cv-01282-JLR<br><br>**AMICUS CURIAE COMMUNITY POLICE COMMISSION'S MEMORANDUM ON ACCOUNTABILITY ISSUES** |

*Amicus curiae* the Seattle Community Police Commission (CPC) submits this memorandum providing its perspective on issues before the Court relating to the City's compliance with the Consent Decree. Specifically, the CPC wishes to express its concern about the apparent lack of progress on accountability in the City's collective bargaining process with the Seattle Police Officers Guild (SPOG).

**A.      Background**

As the Court will recall, in 2018, the City and the SPOG reached a Collective Bargaining Agreement (CBA) that resulted in the overriding of many provisions of the landmark Accountability Ordinance that the City had passed in 2017. In December 2018, the Court issued an Order to Show Cause concerning whether this aspect of the CBA put the City out of compliance with the Consent Decree. Dkt. 504. In response, the City promised, among other things, that it would "continue negotiations with SPOG . . . regarding future contracts, seeking to further implement the goals of the Ordinance." Dkt. 512, at 30.

CPC MEMORANDUM ON ACCOUNTABILITY ISSUES – 1
CASE NO. 2:12-CV-01282-JLR

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880 | Fax: (206) 516-3883

In May 2019, the Court agreed with the CPC's position that the inadequacy of the accountability regime resulting from the CBA put the City out of compliance with the Consent Decree in the area of accountability. Dkt. 562, at 13; *see also* Dkt. 493 (CPC comments). At the most recent hearing in this case in September 2023, the Court, while noting that it would not "negotiate collective bargaining agreements," recognized an exception "when a contract is used to lock in procedures which foster unacceptable police behavior or avoid accountability for improper actions." Tr. of 9/6/2023 Hrg. at 13:15–17. According to the Court, "contracts should relate to wages, hours, benefits, and working conditions. They should not shelter officers from City ordinances." *Id.* at 13:18–20. In its Order following the hearing, the Court recognized that "it is critical for the court to understand whether and how the outcome of the collective bargaining process affects SPD's accountability and review systems." Dkt. 769, at 8. The Court ordered that, "within 30 days of reaching a Tentative Agreement with SPOG regarding the 2021 renewal of the SPOG CBA, the City shall file with the court an analysis of the Tentative Agreement's effect, if any, on SPD's accountability and review systems and the implementation of the City's Accountability Ordinance." *Id.* While the City and SPOG have not yet reached an agreement for 2024 and beyond, they reached a retroactive "Interim Agreement" that primarily addressed officer pay. The City filed its analysis of the Interim Agreement in April 2024. Dkt. 795.

**B.    The City's filings do not reflect adequate progress toward implementing the Accountability Ordinance.**

The City's April 2024 filing confirms how little of the Accountability Ordinance has been restored during the collective bargaining process following the 2018 CBA. The City acknowledges that its agreement with the SPOG is "'interim' in nature," in part "because the parties have agreed to keep negotiating on a forward-looking agreement based on their original proposals." Dkt. 795, at 3. Indeed, the primary provision of the Tentative Agreement is a 23% pay increase for officers with retroactive effect. Dkt. 795, at 4–5. While the CPC supports what this represents in terms of ensuring fair wages and appreciates the nexus between good pay and accountable policing, the Interim Agreement unfortunately reflects little other progress—and indeed, continued backsliding—on implementation of strong accountability standards.

CPC MEMORANDUM ON ACCOUNTABILITY ISSUES – 2
CASE NO. 2:12-CV-01282-JLR

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880 | Fax: (206) 516-3883

For example, in disciplinary proceedings for officer misconduct, the Interim Agreement continues to require an "elevated standard of review (i.e. – more than preponderance of the evidence) for termination cases where the alleged offense is stigmatizing to a law enforcement officer, making it difficult for the employee to get other law enforcement employment." Interim Agreement[1] at 6 ¶ 3.1. Such a provision is deeply problematic for several reasons. *First*, as the CPC explained at length in 2019 when an elevated standard was introduced into the 2018 CBA, the effect of such a provision is to force application of the elevated standard in ***every*** case involving serious misconduct, given that every for-cause termination will be argued to be stigmatizing and whether termination will be warranted may not be divinable at the initiation of an investigation. Dkt. 531, at 19–22. *Second*, this Court already has recognized that an elevated standard "is inconsistent with the purposes of the Consent Decree" in cases involving officer dishonesty. Dkt. 357, at 6. The same applies to other misconduct. Recognizing a distinction between court proceedings imposing civil liability and employment decisions, the Court explained that it "sees no reason to extend the kind of added legal protections provided to police officers facing the imposition of civil liability to issues surrounding their continued employment as officers." *Id.* at 8. *Third*, the provision disturbingly tilts the evidentiary standard even more in favor of the officer when the violations are most severe and the implications for community confidence in police accountability are greatest. It is presumably for this reason that, according to the City's commissioned assessment of its police accountability system, only a small minority of law-enforcement agencies surveyed use a standard other than a preponderance of the evidence for disciplinary decisions. Dkt. 592-2, at 28 (finding 77% applied a "preponderance" standard while only 5% applied the "clear and convincing" standard). *Finally*, and most fundamentally, the Interim Agreement's locking-in of this "elevated standard" confirms that the City's collective bargaining negotiations with SPOG cannot be expected to prioritize the public interest in accountability.

---

[1] https://harrell.seattle.gov/wp-content/uploads/sites/23/2024/04/Att-1-%E2%80%93-SPOG-Collective-Bargaining-Agreement.pdf

CPC MEMORANDUM ON ACCOUNTABILITY ISSUES – 3
CASE NO. 2:12-CV-01282-JLR

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880 | Fax: (206) 516-3883

Indeed, the most substantial progress on accountability has resulted not from the collective bargaining process but from the state legislature's passage of RCW 41.58.070, which addresses the arbitration of disciplinary grievances of law enforcement personnel. In its 2019 Order finding the City partially out of compliance with the Consent Decree, the Court stated that it was "particularly concerned about provisions related to officer discipline and accompanying appeals" that the CBA had altered. Dkt. 562, at 6. While the City reports that the Interim Agreement "adopts" the changes enacted by the state legislature, Dkt. 795, at 6, the actual agreement is rather more minimal: It merely carves out "grievances governed by RCW 41.58.070" (i.e., disciplinary grievances) from its arbitrator-selection provision. Interim Agreement at 65 ¶ F. It is worth noting that the state legislation included express language forbidding negotiation around its provisions. RCW 41.58.070(13)(c) ("Employers and law enforcement personnel, through their certified exclusive bargaining representatives, do not have the right to negotiate for or agree to a collective bargaining agreement or a grievance arbitration selection procedure that is inconsistent with this section, if the collective bargaining agreement provides for arbitration as a means of resolving grievances for disciplinary actions, discharges, or terminations."). Left to the collective bargaining process between the City and the SPOG alone, such progress on accountability surely would have been impossible.

The CPC recognizes that the Interim Agreement reflects modest progress through collective bargaining on certain other matters, notably in adding civilian investigators to the Office of Police Accountability and addressing the problem of investigation timelines when there is also a criminal investigation of the police officer. *See* Dkt. 795, at 5, 7. However, the Court and the public were promised so much more. The City stated in its report in April: "As the parties negotiate over officer wages, hours, and working conditions, the City will continue to push to advance accountability and enhance public safety for all Seattle residents." Dkt. 795, at 4. Yet in the five months since that report on the Interim Agreement, there has been no indication of further progress toward implementing the Accountability Ordinance.

CPC MEMORANDUM ON ACCOUNTABILITY ISSUES – 4
CASE NO. 2:12-CV-01282-JLR

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880 | Fax: (206) 516-3883

SPOG evidently is playing hardball with the City in collective bargaining negotiations, with the result that the City is not getting robust accountability provisions from the process. While union collective bargaining power is critical to wage equity, adequate working conditions, and ensuring workers' quality of life, it should not protect police officers from being held accountable for their actions. As the Court noted at the September 2023 hearing, other cities have addressed the issue, citing an example where legislation "removes disciplinary rules from the collective bargaining agreement process, and reforms the police discipline system." Tr. of 9/6/2023 Hrg. at 13:21–14:4. The Court recognized: "Those are the kinds of things that other people are contemplating doing, and I think they reflect the difficulty that's involved in having, particularly, discipline and accountability systems included as parts of labor contracts." *Id.* at 14:5–8. That is the world we find ourselves in now: The City is forced to negotiate accountability provisions into its SPOG contract when, the CPC maintains, such matters should not be up for negotiation in the first place.

The Court has given the City plenty of time and guidance to implement the Accountability Ordinance or at least a strong accountability regime that provides the community confidence in the accountability of its police officers. The Interim Agreement confirms that we are largely in the same place on key accountability issues that we were in back in 2019, when the Court found the City partially out of compliance with the Consent Decree.

The CPC was established under the Consent Decree to provide "ongoing community input into the development of reforms, the establishment of police priorities, and mechanisms to promote community confidence in SPD [to] strengthen SPD and facilitate police/community relationships necessary to promote public safety." Dkt. 3-1 ¶ 4. Unfortunately, the lack of progress on accountability from the collective bargaining process offers little to inspire community confidence that policing in Seattle will be, as the Accountability Ordinance intended, "constitutional, accountable, effective, and respectful." Accountability Ordinance No. 125315 § 3.29.010(C).

CPC MEMORANDUM ON ACCOUNTABILITY ISSUES – 5
CASE NO. 2:12-CV-01282-JLR

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880 | Fax: (206) 516-3883

| | | |
|---|---|---|
| Dated: October 9, 2024 | Respectfully submitted, | |
| | **SUSMAN GODFREY LLP** | |
| | By: */s/ Daniel J. Shih* | |

Daniel J. Shih, WSBA #37999
  dshih@susmangodfrey.com
Edgar G. Sargent, WSBA #28283
  esargent@susmangodfrey.com
Floyd G. Short, WSBA #21632
  fshort@susmangodfrey.com
Drew D. Hansen, WSBA #30467
  dhansen@susmangodfrey.com
Jordan Connors, WSBA #41649
  jconnors@susmangodfrey.com
Katherine M. Peaslee, WSBA #52881
  kpeaslee@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Phone: (206) 516-3880
Fax: (206) 516-3883

*Attorneys for Amicus Curiae
Community Police Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

  */s/ Daniel J. Shih*
  Daniel J. Shih

CPC MEMORANDUM ON ACCOUNTABILITY ISSUES – 6
CASE NO. 2:12-CV-01282-JLR

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880 | Fax: (206) 516-3883