EXHIBIT B



# SEATTLE CITY COUNCIL

600 Fourth Ave. 2nd Floor
Seattle, WA 98104

## Legislation Text

**File #:** CB 120916, **Version:** 3

## CITY OF SEATTLE

## ORDINANCE _____

COUNCIL BILL _____

AN ORDINANCE relating to the Seattle Police Department; mandating that the Police Department adopt and
maintain crowd management policies that prohibit the use of less lethal tools in crowd management
settings unless specific facts and circumstances are occurring or about to occur that create an imminent
risk of physical injury to any person or significant property damage; and repealing Section 3.28.146 of
the Seattle Municipal Code and Ordinance 126422.

WHEREAS, the City Charter was enacted to enhance "the health, safety, environment, and general welfare of

the people," and under the Charter the "Chief of Police shall maintain the peace and quiet of the City";

and

WHEREAS, The City of Seattle ("City") has a strong interest in encouraging and supporting civic celebrations,

festivals, sporting events, and other gatherings that foster a vibrant and engaged community; and

WHEREAS, the City has a long tradition of encouraging expression, supporting free speech, and facilitating the

right of assembly through public demonstrations, and recognizes rights of residents and the exercise of

these rights; and

WHEREAS, the City Charter authorizes the Chief of Police to prescribe rules and regulations, consistent with

law, for the governance and control of the Police Department; and

WHEREAS, on May 18, 2021, Governor Inslee signed ESHB 1054, codified in relevant part at RCW

10.116.030, establishing requirements for tactics and equipment used by peace officers, which include

1) restricting law enforcement agencies from using tear gas unless necessary to alleviate a present risk

of serious harm posed by a riot, barricaded subject, or hostage situation; 2) requiring that, before using

tear gas the law enforcement officer or employee must exhaust alternatives to the use of tear gas, obtain

authorization to use tear gas from a supervising officer, announce to the subject or subjects the intent to use tear gas, and allow sufficient time and space for compliance with the officer's or employee's directives; and 3) directing that, in the case of a riot outside of a correctional, jail, or detention facility, the law enforcement officer or employee may use tear gas only after receiving authorization from the highest elected official of the jurisdiction in which the tear gas is to be used; and

WHEREAS, the public demonstrations, protests, and the police response in the summer of 2020, as well as the use of less lethal weapons in crowd management contexts in the previous decade, as recognized in the Consent Decree process, demonstrated a need for changes in the tactics, philosophy, and approach by the Police Department to crowd management; and

WHEREAS, the Police Department made critical updates to its crowd management policy, which were approved in 2021 by the Honorable Judge James R. Robart of the Western District of Washington, as part of iterative policy revisions under the 2012 Settlement Agreement with the Department of Justice, and with passage of this ordinance the City Council requests that the City Attorney submit the Police Department's updated policies to the Court-appointed Monitor, the U.S. Department of Justice, and the Court for review and approval; and

WHEREAS, the 2021 policy changes made by the Police Department incorporated recommendations from the department's internal review process, the Office of Inspector General for Public Safety, and the Office of Police Accountability and are consistent with the terms of a federal court injunction issued in *Black Lives Matter-King County, et al. v. City of Seattle*, No. 2:20-civ-00887-RAJ (W.D. Wa.), by the Honorable Judge Richard A. Jones; and

WHEREAS, less lethal tools, such as OC (pepper spray), pepper ball launchers, blast balls, CS (tear gas), 40mm launchers, and batons, are use of force substances/devices designed and intended to apply force not intended nor likely to cause the death of the subject or great bodily harm; and

WHEREAS, the Community Police Commission indicated in a January 8, 2025 letter to the Mayor and City

Council that: "when other law enforcement agencies assist the Police Department in responding to major events or disruptions, their actions have the potential to impact the rights and wellbeing of Seattle residents and to affect public confidence in policing to the same extent as actions of Police Department officers, and members of the public should be able to expect their rights to be observed by any law enforcement officer deployed in The City of Seattle by agreement and request of The City of Seattle"; and

WHEREAS, the Community Police Commission indicated in a January 8, 2025 letter to the City Council that "blast balls, as used in Seattle over the last decade, have a demonstrated track record when used according to past policy of inflicting injury, including serious injury, to individuals including bystanders, journalists, lawful demonstrators and in at least one instance, a police officer, when past policy intended to reduce the risk of such injury but was unable to achieve that outcome;" NOW, THEREFORE,

## BE IT ORDAINED BY THE CITY OF SEATTLE AS FOLLOWS:

Section 1. Section 3.28.146 of the Seattle Municipal Code, enacted by Ordinance 126102 and attached to this ordinance as Attachment A, and Ordinance 126422, attached to this ordinance as Attachment B, are repealed.

Section 2. The Seattle Police Department shall adopt and maintain a crowd management policy that is consistent with the following City values and expectations:

A. The people of Seattle have the right to assemble to celebrate, engage, worship, watch sporting events, exchange ideas, protest, or simply gather. The rights to free speech and peaceable assembly are guaranteed by the First Amendment to the U.S. Constitution and Article I, sections 4 and 5 of the Washington State Constitution. These rights are essential to democracy and will be protected in Seattle.

B. The Police Department has a role in facilitating safe gatherings, and in recognizing the right of speech and assembly when those are threatened by the actions of other members of the public.

C. Police Department collaboration with event sponsors or organizers shall facilitate and advance Seattle's public safety interests and help maintain the peace and safety of the City, and  support the exercise of free speech and assembly. De-escalation, engagement, and dialogue to resolve conflicts shall be prioritized when safe and feasible.

D. Any police use of force for crowd control shall be objectively reasonable, necessary, and proportional to the threat presented, and directed in such a manner as to minimize harm to members of the public that are engaged in peaceful speech and assembly.

E. Police Department crowd management and use of force policies shall prohibit the use of less lethal tools on a person or persons for crowd control purposes unless specific facts and circumstances are occurring or about to occur that create an imminent risk of physical injury to any person or significant property damage. Police Department policy shall continue to require approval by an Incident Commander or supervisor before less lethal tools may be used for general crowd dispersal.

F. A police officer may only use less lethal tools expressly authorized by Police Department policy and for which that officer has been trained.

G. Police Department policy on the use of tear gas shall be consistent with RCW 10.116.030, which states that a "law enforcement agency may not use or authorize its peace officers or other employees to use tear gas unless necessary to alleviate a present risk of serious harm posed by a: (a) riot; (b) barricaded subject; or (c) hostage situation." It also requires that before using tear gas, the following conditions must be met:

"(a) Exhaust alternatives to the use of tear gas that are available and appropriate under the circumstances;

"(b) Obtain authorization to use tear gas from a supervising officer, who must determine whether the present circumstances warrant the use of tear gas and whether available and appropriate alternatives have been exhausted as provided under this section;

"(c) Announce to the subject or subjects the intent to use tear gas; and

"(d) Allow sufficient time and space for the subject or subjects to comply with the officer's or employee's directives."

RCW 10.116.030 further mandates that, "In the case of a riot outside of a correctional, jail, or detention facility, the officer or employee may use tear gas only after ... [r]eceiving authorization from the highest elected official of the jurisdiction in which the tear gas is to be used...".

In addition to the requirements of RCW 10.116.030, Police Department policy shall prohibit the use of tear gas in crowd management unless 1) all other reasonable force options have been exhausted or are not feasible, 2) specific facts and circumstances establish that the risk to life is imminent, and 3) the Mayor has issued a proclamation order of civil emergency pursuant to Seattle Municipal Code Chapter 10.02.

H. Police Department (SPD) policy shall prohibit the use of blast balls to move or disperse a crowd unless the Mayor has issued a proclamation of civil emergency pursuant to Seattle Municipal Code Chapter 10.02. Additionally, Police Department policy shall prohibit the use of blast balls to move or disperse a crowd unless: 1) specific facts and circumstances establish an imminent threat of violence against persons or significant property damage, and 2) use of blast balls is authorized by the Chief of Police.

Police Department officers should be trained to understand that a blast ball's two-stage combustion may create some degree of inaccuracy during deployment, potentially disrupting the blast ball's trajectory from the intended destination.

When used for crowd movement or dispersal purposes, Police Department policy shall reflect that blast balls shall not be deployed directly into a crowd. Blast balls shall only be deployed underhand using a bowling motion, in an open space away from people. In cases of individual interdiction, when reasonable, necessary, and proportional to address immediate threats to life safety, officers may deploy blast balls overhand and near a person.

The Police Department's Mutual Aid policy (currently SPD 16.240) shall require the Seattle Police

File #: CB 120916, **Version:** 3

Operations Center to coordinate mutual aid requests such that any request for mutual aid for crowd

management purposes must include appropriate planning documents such as an Incident Action Plan or

Briefing Sheet.

Mutual Aid officers responding to the city at the request of SPD for crowd management purposes must

agree to follow the command and control of the on-scene SPD Incident Commander. Mutual Aid officers may

not deploy any less lethal weapons in a crowd management setting contrary to the on-scene Incident

Commander's direction and any applicable state laws or standards established by the Washington State

Criminal Justice Training Commission. The Police Department shall provide to its mutual aid partners copies of

curricula that are used to train Police Department officers to deploy blast balls, and shall offer the opportunity

to meet with mutual aid partners to discuss best practices in the use of physical force in crowd management

settings.

To the extent possible and when appropriate, the Police Department should seek to include as a

component of interjurisdictional disaster planning or other law enforcement trainings discussions that address

the Police Department's crowd management policies and tactics, the Washington State Attorney General's

Office best practices, and recommendations from the Office of Inspector General for Public Safety's Sentinel

Event Review.

Section 3. To the extent collective bargaining is required with regard to implementation of this

ordinance or the Police Department's associated revisions to its crowd management policy, the City will

comply with its legal obligations.

Section 4. The Police Department shall publish its crowd management policy and any future revisions

on its website, which shall be available to the public.

Section 5. The Seattle Police Department shall report to the Office of Inspector General for Public

Safety (OIG) and Community Police Commission any deployment of less lethal weapons in a crowd

powered by Legistar™

File #: CB 120916, **Version:** 3

management setting as soon as feasible, and shall obtain, when appropriate, public input, independently of, or from the CPC, on the impact, intended and unintended, of the deployment, and incorporate feedback received in reports, including those required by this section.

As soon as feasible, the OIG shall evaluate the deployment promptly for compliance with the goals of this ordinance and values established herein. The Community Police Commission shall meet with community members to collect experiential feedback and provide feedback to the Police Department for deployments to be consistent with community values and expectations. When appropriate, the Office of Inspector General for Public Safety shall work with Police Department leadership to ensure that crowd communication and de-escalation tactics are consistent with the Police Department's training and policies. OIG may initiate a sentinel event review for any situations that create significant community concern.

The Police Department, in collaboration with the OIG, and after consulting with the Community Police Commission, shall create an annual report on the use of force in crowd management situations, including details of the use of less lethal tools, to be filed with the City Clerk by the end of the first quarter of the following year. This report shall include information on the Police Department's training on the use of blast balls and whether the training is consistent with Section 2 of this ordinance.

Section 6. Before authorizing any new policy in the Policy Manual, the Police Department shall ensure that it complies with the provisions of subsection 3.29.410.C of Ordinance 125315, known as the Accountability Ordinance.

Section 7. Prior to authorizing the use of any less lethal weapon type for crowd management purposes that is not currently authorized in SPD policy as of the effective date of this ordinance, the Police Department shall notify the Council Public Safety Committee, or its successor Committee, and report on: (1) the potential impacts and uses that could harm individuals within or outside of a crowd; (2) the specific policies and training curriculum that will mitigate potential harms; and (3) whether use of the less lethal weapon is consistent with emerging practices.

powered by Legistar™

File #: CB 120916, **Version:** 3

Section 8. This ordinance shall take effect as provided by Seattle Municipal Code Sections 1.04.020 and

1.04.070.

Passed by the City Council the _____ day of _____, 2025, and signed by

me in open session in authentication of its passage this _____ day of _____, 2025.

_____

President _____ of the City Council

Approved / returned unsigned / vetoed this _____ day of _____, 2025.

_____

Bruce A. Harrell, Mayor

Filed by me this _____ day of _____, 2025.

_____

Scheereen Dedman, City Clerk

**File #:** CB 120916, **Version:** 3

(Seal)

Attachments:
Attachment A - Seattle Municipal Code Section 3.28.146
Attachment B - Ordinance 126422

powered by Legistar™