The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SEATTLE,<br><br>　　　　Defendant. | Case No. 2:12-cv-01282-JLR<br><br>**AMICUS CURIAE COMMUNITY POLICE COMMISSION'S BRIEF IN RESPONSE TO CITY OF SEATTLE'S MOTION TO TERMINATE CONSENT DECREE** |

*Amicus curiae* the Seattle Community Police Commission (CPC) submits this brief providing its perspective on issues before the Court relating to the City's motion to terminate the Consent Decree (Dkt. 831).

The CPC believes that the time has come to return authority over law enforcement in the City to the ultimate guarantors of police accountability: the people of Seattle. The CPC recognizes that substantial progress on police reform has been achieved under the Consent Decree. At the same time, much work remains to be done to ensure that the Seattle Police Department (SPD) provides fully accountable, nondiscriminatory policing and eliminates any pattern or practice of unconstitutional policing. The CPC does not believe that federal oversight under the Consent Decree is likely to lead to substantial further progress on police reform. As a result, the CPC supports ending the Consent Decree and turning over full responsibility for law-enforcement policy and accountability to the people, their elected City leaders, and the SPD's

CPC AMICUS BRIEF ON CONSENT DECREE TERMINATION– 1
CASE NO. 2:12-CV-01282-JLR

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880 | Fax: (206) 516-3883

accountability partners including the CPC, the Office of Police Accountability (OPA), and the Officer of Inspector General for Public Safety (OIG).

The CPC takes this position even though there remain shortcomings in the City's implementation of reforms under the Consent Decree. These shortcomings implicate all three of the Consent Decree's purposes of "ensuring that police services are delivered to the people of Seattle in a manner that (1) fully complies with the Constitution and laws of the United States, (2) ensures public and officer safety, and (3) promotes public confidence in the SPD and its officers." *See* Dkt. 562, at 7. The CPC notes two particular shortcomings.

***First***, and most importantly, the City has not made sufficient progress on police accountability. As the Court recognized in its Order Finding City of Seattle Partially Out of Compliance with the Consent Decree (May 21, 2019), "the parties have acknowledged that the old accountability system is inadequate for purposes of compliance with the Consent Decree." Dkt. 562, at 13. In 2017, the City passed an Accountability Ordinance that sought to address those inadequacies and submitted that Ordinance for court approval. Dkts. 396 & 396-1. However, in 2018, the City's negotiations with the SPOG resulted in a Collective Bargaining Agreement (CBA) that abrogated critical reforms in that Ordinance. Dkt. 562, at 11. As a result, the Court found "the City to be out of compliance with respect to its accountability systems." *Id.* at 10.

More than five years later, in 2024, the parties were before the Court to discuss the Interim Agreement that the City had reached with the SPOG through collective bargaining. As the CPC noted then, "the Interim Agreement unfortunately reflects little other progress—and indeed, continued backsliding—on implementation of strong accountability standards" Dkt. 812, at 2. The Court had similar concerns about the Interim Agreement, pointing out that it provided pay increases "without making, to me, significant changes in the discipline and accountability system" even though the City "went into this with a mantra from the Court that it wanted to see the things that were in the accountability ordinance restored. And in terms of those things in the accountability ordinance, that effort was not successful." Dkt. 816, at 32:7–15. The City stated in its April 2024 report: "As the parties negotiate over officer wages, hours, and working conditions,

CPC AMICUS BRIEF ON CONSENT DECREE TERMINATION– 2
CASE NO. 2:12-CV-01282-JLR

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880 | Fax: (206) 516-3883

the City will continue to push to advance accountability and enhance public safety for all Seattle residents." Dkt. 795, at 4. Yet in the time since that report on the Interim Agreement, there has been no indication of further progress toward implementing the Accountability Ordinance.

The CPC was established under the Consent Decree to provide "ongoing community input into the development of reforms, the establishment of police priorities, and mechanisms to promote community confidence in SPD [to] strengthen SPD and facilitate police/community relationships necessary to promote public safety." Dkt. 3-1 ¶ 4. From the CPC's perspective as a nexus for community input on these topics, the City has not achieved through collective bargaining the accountability standards vital for the community to have widespread confidence in SPD when it comes to accountable policing. However, given the Court's recognition that its "ability to influence [collective bargaining agreements] is restrained," Dkt. 816, at 47:4–6, the CPC appreciates that there is little the Court can do through continued supervision under the Consent Decree to ensure further progress on accountability.

***Second***, the City has wavered somewhat in its commitment to providing the funding and other resources necessary for the accountability partners, including the CPC, to successfully fulfill their roles. In a prior budget cycle, for example, the City cut funding for one of the CPC's full-time staff positions. Such cuts are damaging because they introduce uncertainty and instability when the success of the system demands reliability.

The CPC has demonstrated the significance of the role it plays in the SPD accountability system. To take a recent example, the CPC engaged with individual members of the City Council and the Mayor to improve the crowd-management ordinance. The CPC then brought relevant community concerns to SPD's policy-development process under that ordinance, which led to significant amendments in the crowd-management policy before the Court. Moreover, the CPC is currently involved in an unexpected opportunity to review the effectiveness of this new policy. Protest events at Cal Anderson Park on May 24, 2025, represented an early test of SPD's new crowd-management policy, and the OIG has initiated a Sentinel Event Review of SPD's response.

CPC AMICUS BRIEF ON CONSENT DECREE TERMINATION– 3
CASE NO. 2:12-CV-01282-JLR

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880 | Fax: (206) 516-3883

*See* OIG Press Release (June 6, 2025).[1] The CPC is collaborating with the OIG to ensure impacted voices and perspectives are included in the review process. In short, the accountability partners are working effectively and constructively to achieve the goals of police reform. For this to continue, the City must provide reliable funding and resources for the work of those accountability partners, including the CPC.

The CPC expresses its gratitude to the Court for its oversight of and deep investment in police reform under the Consent Decree over the least thirteen years. The CPC recognizes that, since 2012, under the Court's supervision, the SPD has made significant improvements in use-of-force and other practices and that the City has stood up robust and responsive structures for community engagement and surfacing accountability issues. However, the work of broader improvement and reform must continue, and the CPC is hopeful that termination of the Consent Decree serves as a call to action for the City, its elected leaders, and the community to widen their focus and to take on that work anew to ensure constitutional, equitable, and accountable policing in Seattle.

Dated: July 23, 2025

Respectfully submitted,

**SUSMAN GODFREY LLP**

By:  */s/ Daniel J. Shih*

Daniel J. Shih, WSBA #37999
  dshih@susmangodfrey.com
Edgar G. Sargent, WSBA #28283
  esargent@susmangodfrey.com
Floyd G. Short, WSBA #21632
  fshort@susmangodfrey.com
Drew D. Hansen, WSBA #30467
  dhansen@susmangodfrey.com
Jordan Connors, WSBA #41649
  jconnors@susmangodfrey.com
Katherine M. Peaslee, WSBA #52881
  kpeaslee@susmangodfrey.com
SUSMAN GODFREY L.L.P.

---

[1] https://www.seattle.gov/documents/Departments/OIG/News/OIG%20Press%20Release%20Review%20of%20Cal%20Anderson%20May%2024.pdf

CPC AMICUS BRIEF ON CONSENT DECREE TERMINATION– 4
CASE NO. 2:12-CV-01282-JLR

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880 | Fax: (206) 516-3883

401 Union Street, Suite 3000
Seattle, WA 98101
Phone: (206) 516-3880
Fax: (206) 516-3883

*Attorneys for Amicus Curiae
Community Police Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

　　　　　　　　　　　　　　　　 */s/ Daniel J. Shih*
　　　　　　　　　　　　　　　　 Daniel J. Shih

CPC AMICUS BRIEF ON CONSENT DECREE TERMINATION– 5
CASE NO. 2:12-CV-01282-JLR

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880 | Fax: (206) 516-3883